JEFFREY M. RATINOFF (SBN 197241)
Email: jeffrey.ratinoff@bipc.com
KARINEH KHACHATOURIAN (SBN 202634)
Email: karineh.khachatourian@bipc.com
BUCHANAN INGERSOLL & ROONEY, LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 622-2300
Facsimile: (650) 622-2499

Attorneys for Plaintiff and Counter-Defendant,
FIRST ADVANTAGE BACKGROUND SERVICES CORP.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PRIVATE EYES, INC., a California corporation, DOES 1-10<br><br>Defendants. | Case No.: C 07-02424 SC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS PRIVATE EYES, INC.'S COUNTERCLAIMS**<br><br>Date: August 17, 2007<br>Time: 10:00 a.m.<br>Judge: Honorable Samuel Conti<br>Dept.: Courtroom 1 |
| AND RELATED COUNTER-CLAIMS. | Complaint Filed: May 4, 2007 |

This matter came on for hearing on August 17, 2007, in Courtroom 1, of the above-entitled court on Plaintiff First Advantage Background Services Corp.'s ("First Advantage") Motion to Dismiss Defendant Private Eyes Inc.'s ("PEI") Counterclaim filed pursuant to F.R.Civ.P. 9(b) and F.R.Civ.P. 12(b)(6).

The Court, having considered all papers filed in favor of and in opposition to Plaintiff's Motion to Dismiss, and good cause appearing therefore, the Court HEREBY GRANTS Plaintiff First Advantage Background Services Corp.'s ("First Advantage") Motion to Dismiss Defendant Private Eyes Inc.'s ("PEI") Counterclaim as follows:

1. PEI's Fourth Cause of Action for intentional interference with contract and Fifth Cause of Action for intentional interference with prospective economic advantage are DISMISSED WITH PREJUDICE. The allegations in the Counterclaim demonstrate that PEI had actual knowledge of the alleged wrongdoing over two years prior to the filing of these counterclaims. *See* Cal. Civ. Proc. Code § 339(1). As such, these counterclaims are barred by the statute of limitations.

2. PEI's Fifth Cause of Action is also subject to dismissal because PEI fails to state a counterclaim for intentional interference with prospective economic relations. Specifically, PEI has not alleged an intentional act that is "independently wrongful," i.e., "wrongful by some measure beyond the fact of the interference itself." *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 392-393 (1995). The allegations in the Counterclaim demonstrate that the alleged acts of interference constitute mere breaches of the contract and the alleged adverse effects on PEI's business and its customers are merely consequences of such breaches. PEI therefore cannot establish that the alleged acts of interference are "independently wrongful." *See, e.g., Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F.Supp.2d 941, 956-958 (N.D.Cal. 2003); *Hsu v. OZ Optics Ltd.*, 211 F.R.D. 615, 621 (N.D.Cal. 2002); *JRS Products, Inc. v. Matsushita Elec. Corp. of America*, 115 Cal.App.4th 168, 180-83 (2004); *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 618 (1993). PEI's remedy for the alleged acts of interference lies in a claim for breach of contract and not intentional interference with prospective economic relations. *See Id*.

3. PEI's Sixth Cause of Action for Fraud is DISMISSED WITH PREJUDICE. PEI's counterclaim for fraud based on the alleged false promise is barred by the applicable three-year statute of limitations. Cal. Civ. Proc. Code § 338(d). The allegations in the Counterclaim demonstrate that PEI had actual knowledge of the facts constituting the alleged false promises by no later than April 30, 2004, which is over three years prior to filing its Counterclaim. PEI's allegation that the statute of limitations was tolled until at least June 2005 is insufficient as a matter of law. PEI's Sixth Cause of Action is also subject to dismissal because it fails to meet F.R.Civ.P. 9(b)'s heightened pleading standards, including specifically alleging the who, what, when, and where of the alleged verbal false promises. *See Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Moore v. Kayport Package*

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

*Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

4.  PEI's Seventh Cause of Action for fraud based on an alleged false promise is DISMISSED WITH PREJUDICE. PEI does not sufficiently allege who said what, when, where and to whom, and whether the alleged false promise was verbal and/or in writing as required by F.R.Civ.P. 9(b). *See Swartz*, 476 F.3d at 764; *Vess*, 317 F.3d at 1106. Specifically, PEI fails to specifically identify and differentiate when each named individual made the alleged false promise and to whom they made that promise. PEI's Counterclaim also does not specifically allege where each alleged false representation was made, and how or in what form they were made.

PEI's Seventh Cause of Action is also subject to dismissal because it fails to establish all of the essential elements for fraud under California law. *See Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996); *accord City Solutions, Inc. v. Clear Channel Commc'ns*, 365 F.3d 835, 839 (9th Cir. 2004); *Dozier v. Maispace*, 2007 WL 518622 *4 (N.D.Cal. Feb. 13, 2007). PEI fails to allege that the alleged false promise was material to continuing the parties' business relationship. *See Hill v. Wrather*, 158 Cal.App.2d 818, (1958); *accord Frome v. Renner*, 1997 WL 33308718, *2 (C.D.Cal. Oct 01, 1997). PEI's Seventh Cause of Action also fails because the allegations in the Counterclaim demonstrate that no reasonable person in PEI's position would have been justified in relying on the alleged fraudulent promises and representations. *See Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal.4th 623, 638 (2007) (whether a party's reliance was justified may be decided as a matter of law if reasonable minds can come to only one conclusion based on the facts). The allegations in the Counterclaim reveal that PEI cannot allege that it justifiably relied upon the alleged false promises because it did not have any reasonable basis to rely on such promises to its detriment based on the parties' prior course of dealings. *See Roland v. Hubenka*, 12 Cal.App.3d 215, 225 (1970); *Julrik Productions, Inc. v. Chester*, 38 Cal.App.3d 807, 810 (1974); *Guido v. Koopman*, 1 Cal.App.4th 837, 843 (1991). This claim is also subject to dismissal because the allegations in the Counterclaim reveal that PEI did not suffer any resulting damages. *See Service by Medallion, Inc. v. Clorox Co.*, 44 Cal.App.4th 1807, 1818 (1996)

5.  PEI's Eighth Cause of Action is DISMISSED WITH PREJUDICE. As alleged, this counterclaim fails to meet Rule 9(b)'s heightened pleading standards. *See Swartz*, 476 F.3d at 764;

1  Vess, 317 F.3d at 1106; *Orlando*, 2007 WL 781598, *8; *see also Baymiller v. Guarantee Mut. Life Co.*, 2000 WL 1026565 (C.D.Cal. 2000). PEI also fails to establish all of the essential elements to state a claim for fraud based on a false representation. *See Wilhelm v. Pray, Price, Williams & Russel*, 186 Cal.App.3d 1324, 1331 (1986); *Lazar*, 12 Cal.4th at 638 (1996); *accord Rasidescu v. Midland Credit Management, Inc.*, 435 F.Supp.2d 1090, 1099 (S.D.Cal. 2006). In particular, PEI fails to allege that the purported false representations were material. *See Hill*, 158 Cal.App.2d 818; *accord Frome*, 1997 WL 33308718, *2. PEI's Eighth Cause of Action also fails because the facts alleged in the Counterclaim demonstrate that no reasonable person in PEI's position would have been justified in relying on the alleged false representations. *See Grisham*, 40 Cal.4th at 638. The allegations in the Counterclaim reveal that PEI had actual knowledge of their alleged falsity and did not have any reasonable basis to rely on such promises and statements to its detriment. *See Balfour, Guthrie & Co. v. Hansen*, 227 Cal.App.2d 173, 196 (1964); *Atari Corp. v. Ernst & Whinney*, 981 F.2d 1025, 1030-31 (9th Cir.1992); *see also Wilhelm*, 186 Cal.App.3d at 1331-32; *Guido*, 1 Cal.App.4th at 843. PEI also fails to sufficiently allege a claim for fraud based on a false representation because the allegations in the Counterclaim reveal that PEI did not suffer any resulting damages. *See Service by Medallion*, 44 Cal.App.4th at 1818.

PEI's Eighth Cause of Action is also subject to dismissal because it is barred by the litigation privilege pursuant to Cal. Civ. Code § 47(b). *See Silberg v. Anderson*, 50 Cal.3d 205, 215 (1990). The letter that contained the alleged false representation was made in the context of a potential legal dispute between the parties over PEI's alleged breach of its obligations under their March 29, 2002 agreement. Counterclaim, Exhibit D. This letter requested that PEI cease and desist from engaging in conduct that First Advantage considered to be such a breach or it would consider taking actions to preserve its legal interest. *See id.* Thus, it has a logical relation to a potential legal dispute at that time, as well as to the present action, which is based on a dispute arising from that agreement. *Nguyen v. Proton Technology Corp.*, 69 Cal.App.4th 140, 147 (1999); *see also Rubin v. Green*, 4 Cal.4th 1187, 1194 (1993); *Lerette v. Dean Witter Org'n, Inc.*, 60 Cal.App.3d 573, 575, 577-78 (1976). Accordingly, the statement made by First Advantage is subject to the litigation privilege under Section 47(b), which is an absolute privilege and therefore requires the dismissal of the

1  Eighth Cause of Action with prejudice.

2     6.     PEI's Ninth Cause of Action is DISMISSED WITH PREJUDICE for failing to adequately state a claim for unfair trade practices under Cal. Bus. & Prof. Code § 17200 et seq.  In support of this counterclaim, PEI simply incorporates by reference the allegations supporting the proceeding claims.  Therefore, PEI's unfair trade practices counterclaim is entirely dependent on its Fourth through Eighth Causes of Action, it too is subject to dismissal on the same grounds.  *See Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) ("the breadth of § 17200 does not give a plaintiff license to 'plead around' the absolute bars to relief contained in other possible causes of action by recasting those causes of action as ones for unfair competition") (citing *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 182 (1999), *accord Daly v. Viacom, Inc.*, 238 F.Supp.2d 1118, 1126 (N.D.Cal. 2002).

IT IS SO ORDERED

Dated: _____     _____
                                    HONORABLE SAMUEL CONTI
                                    UNITED STATES DISTRICT COURT JUDGE

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418