UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>PRIVATE EYES, INC., a California corporation, DOES 1-10<br><br>    Defendants.<br><br>AND RELATED COUNTER-CLAIMS | No. C-07-2424 SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS THE FOURTH THROUGH NINTH CAUSES OF ACTION IN DEFENDANT'S COUNTERCLAIMS |

## I. INTRODUCTION

Presently before the Court is a motion by Plaintiff First Advantage Background Services Corp. ("Plaintiff" or "First Advantage") to dismiss the Fourth through Ninth Causes of Action asserted by Defendant Private Eyes, Inc. ("Defendant", "Private Eyes", or "PEI") in its Counterclaims.

For the reasons described herein, Plaintiff's motion to dismiss is GRANTED in part and DENIED in part.

## II. BACKGROUND

Private Eyes performs employment background checks on a contract basis. See Docket No. 12, Counterclaim ("CC"), ¶ 1. In 2002, PEI entered into a verbal contract with Coca-Cola

Enterprises ("CCE") to perform background checks on applicants and employees, including verification of motor vehicle records ("MVR"). Id. at ¶ 8. PEI was authorized by the verbal contract to subcontract services to third-party vendors. Id. On March 29, 2002, PEI entered into a written contract with EIS, a predecessor to First Advantage. Id. at ¶ 10. After assuming the contract, First Advantage confirmed in writing that it would not use any confidential information it received from PEI to solicit business from CCE. Id. at ¶ 13, Exs. A and B. As the basis for its Counterclaims, PEI asserts that First Advantage solicited the MVR business from CCE. Id. at ¶ 14. In addition, PEI alleges that First Advantage disclosed proprietary information to CCE, including PEI's costs and profit margins. Id. at ¶ 20. PEI attempted to negotiate a resolution to the MVR dispute, resulting in an agreement that First Advantage pay PEI $1.80 for each MVR First Advantage performed for CCE. Id. at ¶ 17. By June 2005, First Advantage stopped making the MVR payments. Id. at ¶ 18, 68. Subsequenty, PEI learned that First Advantage was soliciting the remaining services from CCE and disclosing confidential information. Id. at ¶¶ 19-20. In September 2006, CCE informed PEI that it planned to assign future work to other vendors, which PEI believes was due to First Advantage's performance. Id. at ¶ 21. PEI claims to have suffered damages as a result of First Advantage's actions. In this motion to dismiss, First Advantage seeks to dismiss six causes of action from PEI's Counterclaim. While First Advantage asserts that each of the claims fails for various reasons, the predominant argument is that PEI has added

-2-

1 claims sounding in tort for claims already covered by contract
2 causes of action.

### III. **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss can be granted if the plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, the court accepts the facts as stated by the nonmoving party and draws all inferences in its favor.  See Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994).  Furthermore, courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them."  Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  At the pleading stage, the plaintiff "need only show that the facts alleged, if proved, would confer standing upon him."  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1140 (9th Cir. 2003).  If a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

The parties agree that California substantive law applies to all claims in this case pursuant to the Erie doctrine.  See Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938).

//
//

-3-

**IV. DISCUSSION**

**1. Fourth Cause of Action**

The Fourth Cause of Action in PEI's Counterclaim is for Intentional Interference with an Existing Contractual Relationship. See CC, ¶¶ 48-55. PEI alleges that First Advantage engaged in wrongful conduct by soliciting business from CCE and disclosing PEI's confidential information to CCE. See id. As its basis for dismissal, First Advantage asserts that this claim is barred by the applicable 2-year statute of limitations. According to the Complaint, "In or about spring 2005, PEI learned for the first time that First Advantage was soliciting all remaining services from CCE." Id. at ¶ 19. PEI alleges the same time period for the disclosure of confidential information. Id. at ¶ 20. Though First Advantage points out that "spring 2005" ended on June 20, outside the statute of limitations period, this is insufficient to defeat PEI's claim at this stage. Having liberally construed the pleadings, the Court finds that PEI's language dating the claim "In or about spring 2005" is sufficient to bring the claim within the applicable 2-year period. At a later stage in the case, PEI will have to prove that its claim indeed falls within the statute of limitations. The Court notes that ¶ 14 and ¶ 16 contain allegations from early 2004, which clearly fall outside the statute of limitations. As a result, First Advantage's motion is DENIED with respect to the Fourth Cause of Action.

**2. Fifth Cause of Action**

The Fifth Cause of Action in PEI's Counterclaim is for

-4-

Intentional Interference with Prospective Economic Relations. See CC, ¶¶ 48-55. The Court finds that this claim is not barred by the 2-year statute of limitations for the same reasons discussed with respect to the Fourth Cause of Action.

First Advantage also asserts that PEI fails to adequately state a claim for intentional interference with prospective economic relations. As part of this claim, PEI must allege an intentional act that is "independently wrongful," an act that is "wrongful by some measure beyond the fact of the interference itself." Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal. 4th 376, 385 (1995). PEI has failed to satisfy this requirement. The contract between PEI and First Advantage prohibited solicitation and disclosure of confidential information. CC, ¶ 13. As alleged by PEI, First Advantage breached this contract by soliciting business from CCE and disclosing confidential information to CCE. Id. at ¶ 52. Nowhere in the claim does PEI allege an independently wrongful act outside a simple breach of contract by First Advantage. PEI's allegations sound in contract, not in tort, and PEI asserted its breach of contract claim in the First Cause of Action. See JRS Prods., Inc. v. Matsushita Elec. Corp. of Am., 115 Cal. App. 4th 168, 181-82. (2004); Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 618 (1993). As a result, PEI's Fifth Cause of Action is DISMISSED without prejudice.

### 3. Sixth Cause of Action

The Sixth Cause of Action in PEI's Counterclaim is titled Fraud-False Promise I. See CC, ¶¶ 56-68. PEI asserts that even

-5-

though First Advantage promised not to solicit business from CCE, in early 2004 and June of 2005 First Advantage solicited and gained MVR business from CCE. Id. As a basis for dismissing this claim, First Advantage asserts that it is barred by the three-year statute of limitations for fraud claims. See Cal. Civ. Proc. Code § 338(d). In the Counterclaim, PEI states that it learned of the alleged fraud in April of 2004, yet waited over three years, until June of 2007, to file the claim. PEI claims that the statute of limitations should be tolled until June of 2005 because the parties reached a verbal agreement for settling the MVR claims. See CC, ¶ 68. As both parties discuss in their briefs, PEI's claim would have violated the statute of limitations unless the period is equitably tolled until June 2005 based on the alleged verbal agreement between First Advantage and PEI concerning the MVR business. PEI alleges that First Advantage stopped making the agreed payments in June 2005 and thus its cause of action accrued at that time. Contrary to PEI's arguments, the Counterclaim indicates that the parties settled the MVR claims. See id. This settlement operates as a bar to reopening the controversy or tolling the statute of limitations. See Doran v. N. State Grocery, Inc., 137 Cal. App. 4th 484, 492 (2006); 65 Butterfield v. Chicago Title Ins. Co., 70 Cal. App. 4th 1047, 1062 (1999). While First Advantage's alleged failure to pay under this agreement may qualify as a breach of contract, it cannot be styled as a fraud claim.

In addition, PEI has not alleged sufficient facts to qualify for equitable estoppel. Equitable estoppel requires: (1) the

party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury. See Honig v. San Francisco Planning Dep't, 127 Cal. App. 4th 520, 529 (2005). PEI has failed to allege that First Advantage's conduct directly prevented PEI from filing its fraud claim in time. Furthermore, PEI's claim fails to satisfy the heightened pleading standards for fraud under Rule 9(b) of the Federal Rules of Civil Procedure. PEI has failed to give a specific account of the alleged fraud "including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation omitted). As a result, PEI's Sixth Cause of Action is DISMISSED without prejudice.

### 4. Seventh Cause of Action

The Seventh Cause of Action in PEI's Counterclaim is Fraud-False Promise II. See CC, ¶¶ 69-78. PEI alleges that First Advantage promised to bill all services it performed for CCE through PEI. PEI contends that First Advantage never intended to perform, and made the promise so that PEI would forfeit its legal rights to set-off amounts it allegedly owed to First Advantage. Under California law, a cause of action for fraud based on a false promise must allege: (1) a material promise, (2) knowledge of its

-7-

falsity, (3) intent to defraud or induce reliance, (4) justifiable reliance, and (5) resulting damage. See Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996). PEI's claim fails to allege the specific facts necessary to satisfy Rule 9(b). See Swartz, 476 F.3d at 764. For instance, from the bare facts alleged, the Court cannot determine whether PEI has shown justifiable reliance. There is no indication as to what statements were made, whether they were expressed verbally or in writing, or to whom they were made. Furthermore, PEI admits that it inadequately alleged the reliance damages. As a result, PEI's Seventh Cause of Action is DISMISSED without prejudice.

### 5. **Eighth Cause of Action**

The Eighth Cause of Action in PEI's Counterclaim is Fraud-False Representation. See CC, ¶¶ 79-89. PEI alleges that First Advantage wrote that "First Advantage has not endeavored to directly sell its services to Coca Cola, or in anyway circumvent the relationship that Private Eyes has had with Coca Cola." CC, Ex. D. PEI asserts that it relied on this statement to its detriment and continued to assign services to First Advantage. See CC, ¶ 86.

Under California law, a cause of action for fraud based on misrepresentation of fact must allege: (1) a representation of a material fact, (2) knowledge of its falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. See Lazar, 12 Cal. 4th at 638. This type of claim is also subject to the heightened pleading standards of Rule 9(b). See Textainer Equip. Mgmt. (U.S.) Ltd. v. TRS Inc., 2007 WL 1795695, *4 (N.D.

-8-

1 Cal. June 20, 2007).

2 PEI's claim fails for several reasons. First, PEI
3 misconstrues the statement. It is phrased in the past tense, "has
4 not endeavored to sell," which cannot be interpreted as a promise
5 to not solicit in the future. Second, PEI cannot show justified
6 reliance, because in the remainder of the Counterclaim it asserts
7 that it already knew that First Advantage had solicited CCE
8 business as early as 2004.

9 Finally, the First Advantage letter cannot be used as the
10 basis for a fraud claim because it is subject to the litigation
11 privilege under Cal. Civ. Code § 47(b). The privilege applies "to
12 all torts other than malicious prosecution, including fraud,
13 negligence, and negligent misrepresentation." Harris v. King, 60
14 Cal. App. 4th 1185, 1188 (1998). It covers letters, such as this,
15 sent by Senior Associate Counsel for First Advantage, intended "to
16 achieve the objects of the litigation" or having "some connection
17 or logical relation to the action." Silberg v. Anderson, 50 Cal.
18 3d 205, 212 (1990). As such, the privilege "applies to
19 prelitigation communications as well as those occurring during the
20 course of actual litigation." Nguyen v. Proton Tech. Corp., 69
21 Cal. App. 4th 140, 147 (1999). From its face, the letter meets
22 all the requirements to apply for litigation privilege and PEI's
23 claim based on statements in the letter fails. Because the
24 defects in this claim are incurable, PEI's Eighth Cause of Action
25 is DISMISSED with prejudice.

### 6. Ninth Cause of Action

27 The Ninth Cause of Action in PEI's Counterclaim is for unfair

-9-

trade practices under California Business and Professions Code § 17200 et seq. ("UCL"). See CC, ¶¶ 90-95. PEI alleges that the allegations contained in its preceding claims, ¶¶ 1-22 and 41-89, are sufficient to state a claim under section 17200. However, "an action under the UCL is not an all-purpose substitute for a tort or contract action." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1150 (2003).

> When a plaintiff who claims to have suffered injury from a direct competitor's "unfair" act or practice invokes section 17200, the word "unfair" in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.

Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 187 (1999). Under the UCL, "[i]njury to a competitor is not equivalent to injury to competition; only the latter is the proper focus of antitrust laws." Id. at 186. California courts do not allow competitors to transform contract and tort claims into UCL claims. See Stevenson Real State Servs., Inc. v. CB Richard Ellis Real Estate, 138 Cal. App. 4th 1215, 1224-25 (2006) PEI's UCL claim also fails to state a claim for unfair practices because PEI cannot show that the public "is likely to be deceived" by First Advantage's conduct. Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc., 178 F. Supp. 2d 1099, 1121 (C.D. Cal. 2001). Finally, PEI cannot save this claim by including a trade secret claim under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426. The CUTSA preempts claims for unfair competition under the UCL. See AirDefense, Inc.

-10-

v. AirTight Networks, Inc., 2006 WL 2092053, *5 (N.D. Cal., July 26, 2006); Digital Envoy, Inc. v. Google, Inc., 370 F. Supp. 2d 1025, 1033-34 (N.D. Cal. 2005). Because the defects in this claim are incurable, PEI's Ninth Cause of Action is DISMISSED with prejudice.

## V.   CONCLUSION

For the reasons discussed herein, Plaintiff's Motion to Dismiss the Fourth through Ninth Causes of Action in Defendant's Counterclaim is GRANTED in part and DENIED in part.  The Motion is DENIED as to the Fourth Cause of Action and GRANTED as to the Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action.  PEI has thirty days from the date of this Order to file an Amended Counterclaim.

IT IS SO ORDERED.

Dated: September 5, 2007            

UNITED STATES DISTRICT JUDGE

-11-