JEFFREY M. RATINOFF. (SBN 197241)
Email: jeffrey.ratinoff@bipc.com
KARINEH KHACHATOURIAN. (SBN 202634)
Email: karineh.khachatourian@bipc.com
BUCHANAN INGERSOLL & ROONEY, LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA  94065-1418
Telephone:  (650) 622-2300
Facsimile:  (650) 622-2499

Attorneys for Plaintiff and Counter-Defendant,
FIRST ADVANTAGE BACKGROUND SERVICES CORP.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PRIVATE EYES, INC., a California corporation, DOES 1-10<br><br>Defendants.<br><br>AND RELATED COUNTER-CLAIMS.</td><td>Case No.: C 07-02424 SC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DISMISS PRIVATE EYES, INC.'S FIRST AMENDED COUNTERCLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[F.R.Civ.P. 9(b) and F.R.Civ.P. 12(b)(6)]<br><br>Date:   December 14, 2007<br>Time:  10:00 a.m.<br>Judge:  Honorable Samuel Conti<br>Dept.:  Courtroom 1<br><br>Complaint Filed:    May 4, 2007<br>Trial Date: None</td></tr>
</table>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on December 14, 2007 at 10:00 a.m., or as soon thereafter

as the matter may be heard in Courtroom 1 of the above entitled court, located at 450 Golden Gate

Avenue, San Francisco, California, Plaintiff and Counter-Defendant First Advantage Background

Services Corp. ("First Advantage"), will move for an order pursuant to Federal Rule of Civil

Procedure 12(b)(6) ("Rule 12(b)(6)") and applicable case law dismissing Defendant and

Counterclaimant Private Eyes, Inc.'s ("PEI") Fifth Cause of Action in its First Amended

1  Counterclaim asserted against First Advantage with prejudice.  First Advantage will also move for

2  an order pursuant to Federal Rules of Civil Procedure 9(b) and Rule 12(b)(6) dismissing PEI's Sixth

3  and Seventh Causes of Action in its First Amended Counterclaim asserted against First Advantage

4  with prejudice.

5      This motion is made on the grounds that: (1) PEI's Fifth Cause of Action fails to adequately

6  state a claim for intentional interference with prospective economic advantage; (2) PEI's Sixth

7  Cause of Action fails to meet Rule 9(b)'s heightened pleading standards, is preempted by

8  California's enactment of the Uniform Trade Secret Act ("CUTSA"), is barred by the applicable

9  statute of limitations, and fails to adequately state a claim for fraud; and (3) PEI's Seventh Cause of

10  Action fails to meet Rule 9(b)'s heightened pleading standards, is preempted by the CUTSA and

11  barred by California's litigation privilege, and fails to adequately state a claim for fraud.

12      This motion is based upon this Notice of Motion and Motion, the Memorandum of Points

13  and Authorities below, PEI's Counterclaim and Amended Counterclaim filed in this action, the

14  Request for Judicial Notice and Declaration of Jeffrey M. Ratinoff filed herewith, along with the

15  papers, records, and pleadings on file herein and on such other and further matters as may be

16  presented at the hearing on this motion.

17

18  Dated:  October 22, 2007                    Respectfully submitted,

19                                              BUCHANAN INGERSOLL & ROONEY LLP

20                                                  /s/ Jeffrey M. Ratinoff

21                                              By:  JEFFREY M. RATINOFF
                                                     Attorneys for Plaintiff
22                                                   FIRST ADVANTAGE BACKGROUND
                                                     SERVICES CORP.
23

24

25

26

27

28

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

1

**TABLE OF CONTENTS**

2

**Page**

3    I.      INTRODUCTION AND SUMMARY OF THE ARGUMENT. .......................................1

4    II.     STATEMENT OF ISSUES TO BE DECIDED. ...................................................2

5    III.    PROCEDURAL BACKGROUND. ...................................................................2

6    IV.     APPLICABLE LEGAL STANDARDS. .............................................................3

7    V.      PEI'S FIFTH CAUSE OF ACTION STILL FAILS TO STATE A CLAIM FOR
             INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC
8            ADVANTAGE BY NOT SUFFICIENTLY ALLEGING AN INDEPENDENT
             WRONGFUL ACT. ...................................................................................5

9
             A.      PEI Cannot Rely On Alleged Trade Secret Misappropriation To Establish An
10                   Independent Wrong. .........................................................................5

11           B.      First Advantage's Alleged Breach Of Confidence Cannot Constitute An
                     Independent Wrong. .........................................................................6
12
             C.      PEI's Allegations Of Trade Libel And Defamation Are Insufficient To
13                   Establish An Alleged Independent Wrong. ..............................................7

14   VI.     PEI'S SIXTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR FRAUD. ........9

15           A.      The Court Should Dismiss PEI's Sixth Cause of Action To The Extent That It
                     Is Based On Alleged False Promises Not To Solicit CCE With Prejudice. ..........9
16
                     1.      PEI Reliance On The Parties' Settlement Agreement Concerning
17                           MVRs To Toll The Statute Of Limitations Violates The Law Of The
                             Case. ...............................................................................9
18
                     2.      PEI Cannot Justifiably Rely Upon The Alleged Settlement Agreement
19                           As A Basis For Tolling The Statute Of Limitations. ...............................11

20                   3.      PEI Cannot Invoke The Doctrine Of Equitable Estoppel. ......................12

21                   4.      PEI Cannot Invoke The Doctrine Of Equitable Tolling. .........................13

22           B.      The Remaining Allegations Based On Alleged False Promises Not To
                     Disclose Confidential Information In PEI's Sixth Cause of Action Also Fail
23                   To State A Claim For Promissory Fraud. ...............................................14

24                   1.      PEI's Fraud Claim Based On First Advantage's Alleged False
                             Promises Not To Use Or Disclose Confidential Is Barred By The
25                           Applicable Three-Year Statute Of Limitations. ....................................14

26                   2.      PEI's Fraud Claim Based On First Advantage's Alleged False Promise
                             Not To Use Or Disclose PEI's Confidential And Proprietary
27                           Information Is Preempted By The CUTSA. ..........................................16

28

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

3.  PEI's Claim That The Subsequent Verbal Promise To Not Further Disclose Confidential Information Was Fraudulent Fails To Meet Rule 9(b)'s Heightened Pleading Requirements. ......................................16

a.  PEI Fails To Plead Facts Sufficient To Show That The Alleged Verbal False Promise Made In June 2005 Was Material. ..................................................17

b.  PEI Also Fails To Plead Facts Sufficient To Show That It Justifiably Relied On The Alleged Verbal False Promise Not To Disclose Confidential Information. ......................18

c.  PEI Also Fails Sufficiently Allege That It Suffered Damages As A Result Of The Subsequent False Promise Not To Further Disclose Confidential Information. ......................19

VII.  PEI'S SEVENTH CAUSE OF ACTION STILL FAILS TO STATE A COGNIZABLE CLAIM FOR PROMISSORY FRAUD. ..................................19

1.  The November 10 Email Referenced In PEI's Amended Counterclaim Defeats PEI's Claim That First Advantage Made A False Promise To Run All Future Billings For CCE Through PEI As A Matter Of Law. ....20

2.  PEI's Seventh Cause Of Action Fails To Allege Facts Sufficient To Establish The Essential Elements Of A Claim For Promissory Fraud. ....22

a.  PEI Fails To Allege That First Advantage Made A Material False Promise That PEI Could Rely Upon. ..................................22

b.  PEI Fails To Allege Sufficient Facts To Establish Actual And Justifiable Reliance On The Alleged False Promise. ..................23

c.  PEI Fails To Allege Sufficient Facts To Establish That It Suffered Damages As A Result Of The Alleged False Promise. ..................................24

VIII.  CONCLUSION. ..........................................................25

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

PLAINTIFF'S NOTICE OF MOTION; MOTION TO DISMISS; MPA; CASE NO.:  C 07-02424 SC

1

# TABLE OF AUTHORITIES

2

**Page**

3

FEDERAL CASES

4

*AccuImage Diagnostics Corp. v. TeraRecon, Inc.,*

5

    260 F. Supp. 2d 941 (N.D. Cal. 2003) ...................................................................7

*Ashton-Tate Corp. v. Ross,*

6

    728 F.Supp. 597 (N.D.Cal. 1989) ......................................................................16

7

*Atari Corp. v. Ernst & Whinney,*

8

    981 F.2d 1025 (9th Cir.1992) ......................................................................18, 24

*Branch v. Tunnell,*

9

    14 F.3d 449 (9th Cir. 1994) .........................................................................4, 20

10

*Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.,*

11

    318 F.Supp.2d 216 (D.Del. 2004) ....................................................................6, 7

*Cline v. Indus. Maint. Eng'ng & Contracting Co.,*

12

    200 F.3d 1223 (9th Cir. 2000) .........................................................................15

13

*Convolve, Inc. v. Compaq Computer Corp.,*

14

    2006 WL 839022 (S.D.N.Y., Mar. 31, 2006) .............................................6, 7, 16

*De La Cruz v. Tormey,*

15

    582 F.2d 45 (9th Cir. 1978) ...............................................................................4

16

*Desaigoudar v. Meyercord,*

17

    223 F.3d 1020 (9th Cir. 2000) ............................................................................4

*Digital Envoy, Inc. v. Google, Inc.,*

18

    370 F.Supp.2d 1025 (N.D.Cal. 2005) ..................................................................6

19

*Durning v. First Boston Corp.,*

20

    815 F.2d 1265 (9th Cir.1987) .............................................................................3

*Frome v. Renner,*

21

    1997 WL 33308718 (C.D.Cal. Oct 01, 1997) ..............................................17, 23

22

*Garamendi v. SDI Vendome S.A.,*

23

    276 F.Supp.2d 1030 (C.D.Cal. 2003) .............................................................14, 16

*Gaylinn v. 3COM Corp.,*

24

    185 F.Supp.2d 1054 (N.D.Cal. 2000) ................................................................21

25

*Guerrero v. Gates,*

26

    442 F.3d 697 (9th Cir. 2006) ........................................................................12, 13

*Hal Roach Studios, Inc. v. Richard Feiner & Co.,*

27

    896 F.2d 1542, 1555 n. 19 (9th Cir.1989) .............................................................3

28

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

PLAINTIFF'S NOTICE OF MOTION; MOTION TO DISMISS; MPA; CASE NO.:  C 07-02424 SC

*HiRel Connectors, Inc. v. U.S.*,
    465 F.Supp.2d 984 (C.D.Cal. 2005) ........................................................16

*Informix Software, Inc. v. Oracle Corp.*,
    927 F.Supp.1283 (N.D.Cal. 1996) ..........................................................3

*Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*,
    12 F.Supp.2d 1035 (C.D.Cal. 1998) ...................................................8, 9

*Jablon v. Dean Witter & Co.*,
    614 F.2d 677 (9th Cir. 1980) ....................................................................4

*Jones v. ThyssenKrupp Elevator Corp.*,
    2006 WL 680553 (N.D. Cal. March 14, 2006) .......................................8

*Kentucky Cent. Life Ins. Co. v. LeDuc*,
    814 F.Supp. 832 (N.D.Cal. 1992) ............................................................4

*Meadows v. Bicrodyne Corp.*,
    785 F.2d 670 (9th Cir. 1986) ..................................................................14

*Moore v. Kayport Package Express, Inc.*,
    885 F.2d 531 (9th Cir. 1989) ....................................................................4

*NL Industries, Inc. v. Kaplan*,
    792 F.2d 896 (9th Cir.1986) .....................................................................3

*Perretta v. Prometheus Development Co., Inc.*,
    2006 WL 463533 (N.D.Cal. Feb 24, 2006) .....................................15, 21

*Reddy v. Litton Indus., Inc.*,
    912 F.2d 291 (9th Cir. 1990) ..................................................................15

*Ritchie v. United States*,
    210 F.Supp.2d 1120 (N.D.Cal. 2002) ......................................................4

*Russell v. Rolfs*,
    893 F.2d 1033 (9th Cir.1990) .................................................................15

*Semegen v. Weidner*,
    780 F.2d 727 (9th Cir. 1985) ..............................................................4, 20

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ..............................................................4, 20

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................4, 20

*Western Mining Counsel v. Watt*,
    643 F.2d 618 (9th Cir. 1981) ....................................................................3

*Wietschner v. Monterey Pasta Co.*,
    294 F.Supp.2d 1102 (N.D.Cal. 2000) .................................................4, 21

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

PLAINTIFF'S NOTICE OF MOTION; MOTION TO DISMISS; MPA; CASE NO.:  C 07-02424 SC

*Zito v. Steeplechase Films, Inc.*,
    267 F.Supp.2d 1022 (N.D.Cal. 2003) .................................................................................18

STATE CASES

*65 Butterfield*,
    70 Cal.App.4th at 1062 .................................................................................................13

*Balfour, Guthrie & Co. v. Hansen*,
    227 Cal.App.2d 173 (1964) ...........................................................................................18

*Bernson v. Browning-Ferris Indus.*,
    7 Cal.4th 926 (1994) ....................................................................................................11

*Conrad v. Bank of Am.*,
    45 Cal.App.4th 133 (1999) ...........................................................................................10

*Cadence Design Sys., Inc. v. Avant! Corp.*,
    29 Cal.4th 215 (2002) ..................................................................................................16

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*,
    11 Cal.4th 376 (1995) ....................................................................................................5

*Doran v. N. State Grocery, Inc.*,
    137 Cal.App.4th 484 (2006) ......................................................................................9, 10

*Downs v. Dept. of Water & Power*,
    58 Cal.App.4th 1093 (1997) .........................................................................................13

*Faye v. Feldman*,
    128 Cal.App.2d 319 (1954) ..........................................................................................10

*Fuhrman v. California Satellite Sys.*,
    179 Cal.App.3d 408, 422 n. 5 (1986) ............................................................................22

*Gilbert v. Sykes*,
    147 Cal.App.4th 13 (2007) .............................................................................................9

*Gorman v. Holte*,
    164 Cal.App.3d 984 (1985) .............................................................................................9

*Grisham v. Philip Morris U.S.A., Inc.*,
    40 Cal.4th at 638 (2007) ...............................................................................................18

*Guido v. Koopman*,
    1 Cal.App.4th 837 (1991) ..............................................................................................24

*Harris v. King*,
    60 Cal.App.4th 1185 (1998) .........................................................................................21

*Hill v. Wrather*,
    158 Cal.App.2d 818 (1958) .....................................................................................17, 23

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

*Hofland v. Gustafson,*
    132 Cal.App.2d Supp. 907 (1955) ...............................................................................10

*Honig v. San Francisco Planning Dep't,*
    127 Cal.App.4th 520 (2005) ......................................................................................12

*JRS Products, Inc. v. Matsushita Elec. Corp. of America,*
    115 Cal.App.4th 168 (2004) ........................................................................................7

*Julrik Productions, Inc. v. Chester,*
    38 Cal.App.3d 807 (1974) ...................................................................................18, 24

*Kahn v. Bower,*
    232 Cal.App.3d 1599, 1612 fn 5 (1991) ......................................................................8

*Khoury v. Maly's of California, Inc.,*
    14 Cal.App.4th 612 (1993) ..........................................................................................7

*Kline v. Turner,*
    87 Cal.App.4th 1369 (2001) ................................................................................14, 16

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal.4th 1134 (2003) ...............................................................................................5

*Lantzy v. Centex Homes,*
    31 Cal.4th 363 (2003) ...............................................................................................12

*Lazar v. Superior Court,*
    12 Cal.4th 631 (1996) ...............................................................................................17

*Le Clercq v. Michael,*
    88 Cal.App.2d 700 (1948) .........................................................................................10

*Leonardini v. Shell Oil,*
    216 Cal.App.3d 547 (1989) .........................................................................................8

*Lerette v. Dean Witter Org'n, Inc.,*
    60 Cal.App.3d 573 (1976) .........................................................................................22

*Lobrovich v. Georgison,*
    144 Cal.App.2d 567 (1956) .......................................................................................12

*Mills v. Forestex Co.,*
    108 Cal.App.4th 625 (2003) ......................................................................................12

*Nguyen v. Proton Technology Corp.,*
    69 Cal.App.4th 140 (1999) ........................................................................................21

*Nichols v. Great Am. Ins. Companies,*
    169 Cal.App.3d 766 (1985) .........................................................................................8

*Norgart v. Upjohn Co.,*
    21 Cal.4th 383 (1999) .........................................................................................11, 14

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

PLAINTIFF'S NOTICE OF MOTION; MOTION TO DISMISS; MPA; CASE NO.:  C 07-02424 SC

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

*Paige v. O'Neal*,
    12 Cal. 483 (1859) ...................................................................................10

*Ringler Associates Inc. v. Maryland Cas. Co.*,
    80 Cal.App.4th 1165 (2000) .......................................................................8

*Roland v. Hubenka*,
    12 Cal.App.3d 215 (1970) ...................................................................18, 24

*Rothman v. Jackson*,
    49 Cal.App.4th 1134 (1996) .....................................................................21

*Rubin v. Green*,
    4 Cal.4th 1187 (1993) ..............................................................................21

*Service by Medallion, Inc. v. Clorox Co.*,
    44 Cal.App.4th 1807 (1996) ................................................................19, 25

*Silberg v. Anderson*,
    50 Cal.3d 205, 211 (1990) .......................................................................22

*State Farm Fire & Cas. Co. v. Keenan*,
    171 Cal.App.3d 1 (1985) ..........................................................................18

*Vogel v. Felice*,
    127 Cal.App.4th 1006, 1017, fn 3 (2005) .....................................................8

*Wilhelm v. Pray, Price, Williams & Russell*,
    186 Cal.App.3d 1324 (1986) ..........................................................17, 18, 24


FEDERAL RULES

Federal Rules of Civil Procedure 9 ............................................................... passim

Federal Rule of Civil Procedure 12 .............................................................3, 4, 21

Federal Rule of Evidence 201 ..............................................................................3


STATE STATUTES

California Civil Code § 3426........................................................................5

California Civil Code § 3426.1................................................................5, 6, 7

California Civil Code § 3426.6.....................................................................16

California Civil Code § 3426.7..................................................................6, 16

California Civil Code § 47......................................................................21, 22

Code of Civil Procedure § 338....................................................................14

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT.

On September 5, 2007, this Court issued its ruling on First Advantage's Motion to Dismiss PEI's Counterclaim where the Court made express findings on the deficiencies in PEI's Fifth through Seventh Causes of Action, dismissing them without prejudice.  Instead of letting sleeping dogs lie, PEI filed its Amended Counterclaim and attempted to revive those three counterclaims. PEI's amendments thereto, however, fail to address the previous deficiencies found by this Court and cannot save those claims from dismissal.

In particular, this Court found that PEI's Fifth Cause of Action for intentional interference with prospective economic advantage failed to state a claim because PEI did not allege an independent wrong beyond a mere breach of contract.  PEI's amended interference claim still fails to contain such allegations.  As alleged, the three wrongful acts consisting of trade secret misappropriation, a breach of confidence, and defamation cannot serve as independent wrongs. PEI's allegations of trade secret misappropriation not only preempts PEI's interference claim, but also preempts its breach of confidence allegations.  PEI's assertions of trade libel and defamation also cannot save its interference claim because PEI does not set forth sufficient facts to establish either defamation or trade libel under California law.

This Court also held that PEI's Sixth Cause of Action based on a false promise not to solicit was barred by the statute of limitations, unless PEI could sufficiently allege that this claim was subject to equitable tolling.  In reaching that ruling, the Court rejected PEI's reliance upon an alleged oral settlement agreement between the parties as a basis to toll the statute and held that it extinguished PEI's fraud claim.  Nevertheless, instead of attempting to establish an independent basis for equitable tolling, PEI re-alleges that this agreement tolls its claim.  The Court should therefore dismiss PEI's Sixth Cause of Action with prejudice.

In apparent recognition that its original fraud claim cannot survive the statute of limitations, PEI attempts to sneak in a second fraud claim based on an alleged false promise not to disclose confidential information within the Sixth Cause of Action.  This fraud claim is also barred by the statute of limitations because, by its own admissions before this Court, PEI discovered the alleged

false promise more than three years before filing its Counterclaim.  It is also preempted by PEI's allegations of trade secret misappropriation.  Even without such absolute bars, PEI's allegations supporting this claim fail to meet Rule 9(b)'s heightened pleading standards.  Thus, for these additional reasons this Court should dismiss the Sixth Cause of Action with prejudice.

Finally, the Court dismissed PEI's Seventh Cause of Action for fraud, which was based on an alleged false promise to run all future billings through PEI, for a failure to allege facts sufficient to establish the essential elements of fraud.  In reasserting this claim, PEI fails to sufficiently allege that a material promise was made, that it actually and justifiably relied upon that promise, and as a result suffered damages.  In fact, PEI's identification of a November 10 email allegedly containing this false promise is ***fatal*** to this claim.  The contents of this email conclusively establish that First Advantage never made any promises concerning billing, let alone that it would send all billing to PEI for work being performed for CCE.  PEI cannot assert a claim for fraud based on a promise that was never made.  Moreover, as this email was sent in anticipation of this lawsuit, it is subject to the litigation privilege.  As such, granting PEI leave to amend this claim would be futile

## II.    STATEMENT OF ISSUES TO BE DECIDED.

1.    Whether PEI's Fifth Cause of Action fails to adequately state a claim for intentional interference with prospective economic advantage;

2.    Whether PEI's Sixth Cause of Action for fraud is barred by the applicable statute of limitations;

3.    Whether PEI's Sixth and Seventh Causes of Action fail to adequately state a claim for fraud under the heightened pleading standards prescribed by Rule 9(b);

4.    Whether PEI's Sixth and Seventh Causes of Action allege facts sufficient to establish a claim for fraud under California law; and

5.    Whether PEI's Seventh Cause of Action is barred by California's Litigation Privilege.

## III.    PROCEDURAL BACKGROUND.

On June 22, 2007, PEI filed a Counterclaim, which included causes of action for: (1) Breach of Written Contract; (2) Breach of Oral Contract; (3) Unjust Enrichment; (4) Intentional Interference with Contractual Advantage; (5) Intentional Interference with Prospective Economic

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

1   Advantage; (6) Fraud - False Promise I; (7) Fraud - False Promise II; (8) Fraud - Intentional

2   Misrepresentation; (9) Unfair Trade Practices; (10) Account Stated; and (11) Open Book Account.

3   *See* Declaration of Jeffrey M. Ratinoff filed in Support of First Advantage's Motion to Dismiss

4   ("Ratinoff Decl."), Exh. A (also referred to as "Counterclaim").

5   In response, First Advantage moved to dismiss the Fourth through Ninth Causes of Action.

6   This Court denied the motion with respect to the Fourth Cause of Action. *See* Ratinoff Decl., Exh.

7   B at 4:2-25 (also referred to as "Order"). However, the Court granted the motion to dismiss the

8   Fifth, Sixth and Seventh Causes of Act without prejudice. *Id.* at 4:2-8:11. The Court also granted

9   the motion to dismiss the Eighth and Ninth Causes of Action with prejudice. *Id.* at 8:12-11:6.

10   After the Court's Order, PEI filed its First Amended Counterclaim wherein it attempted to

11   re-allege its Fifth, Sixth and Seventh Causes of Action. *See* Ratinoff Decl., Exh. C (also referred to

12   as "FACC"). As discussed below, the additional allegations in support of these counterclaims do

13   not comply with the Court's prior rulings or simply fail to cure the defects identified by the Court.

## IV.     APPLICABLE LEGAL STANDARDS.

15   Rule 12(b)(6) provides that a party may move to dismiss an action for failure to state a claim

16   upon which relief can be granted. On a motion to dismiss, the allegations of the complaint must be

17   accepted as true. *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986). However, the

18   court need not accept as true the conclusory allegations, legal characterizations, unreasonable

19   inferences or unwarranted deductions of fact alleged in the operative complaint. *Western Mining*

20   *Counsel v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

21   In addition to considering the allegations in the pleading at issue, the Court may also

22   consider exhibits submitted with the pleading and matters that may be judicially noticed pursuant to

23   Federal Rule of Evidence 201. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

24   1555 n. 19 (9th Cir.1989). In that regard, factual allegations can be disregarded if contradicted by

25   the facts established by reference to documents attached as exhibits to the pleading or matters of

26   which the Court takes judicial notice. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th

27   Cir.1987); *Informix Software, Inc. v. Oracle Corp.*, 927 F.Supp.1283, 1285 (N.D.Cal. 1996).

28   Likewise, the Court may also consider documents that are referred to, but are not attached to the

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

1  challenged pleading as if they were as part of the complaint. *Branch v. Tunnell*, 14 F.3d 449, 454

2  (9th Cir. 1994) (overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119,

3  1127 (9th Cir. 2002)); *accord Wietschner v. Monterey Pasta Co.*, 294 F.Supp.2d 1102, 1110

4  (N.D.Cal. 2000).  Where such a document does not support a claim, it may be dismissed.  *Id.*

5       Dismissal under Rule 12(b)(6) is appropriate where there is either a "lack of a cognizable

6  legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *De La*

7  *Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  Dismissal is also appropriate where the

8  allegations in a pleading disclose an absolute defense or bar to recovery.  *Kentucky Cent. Life Ins.*

9  *Co. v. LeDuc,* 814 F.Supp. 832, 840 (N.D.Cal. 1992).  In particular, where the facts and dates

10 alleged in the pleading indicate that a claim is barred by the statute of limitations, the Court should

11 grant a motion to dismiss for failure to state a claim.  *Jablon v. Dean Witter & Co.,* 614 F.2d 677,

12 682 (9th Cir. 1980); *accord Ritchie v. United States*, 210 F.Supp.2d 1120, 1123 (N.D.Cal. 2002).

13      Finally, the Court should grant a motion to dismiss claims for fraud where the allegations

14 underlying those claims fail to meet Rule 9(b)'s heightened pleading requirements.  In all averments

15 of fraud, the circumstances constituting fraud must be stated "with particularity."  Fed. R. Civ. P.

16 9(b); *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000).  The

17 allegations must be "specific enough to give defendants notice of the particular misconduct which is

18 alleged to constitute the fraud… so that they can defend against the charge and not just deny that

19 they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985); *accord*

20 *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Allegations that are vague

21 and conclusory are insufficient to satisfy the particularity required by Rule 9(b).  *Moore v. Kayport*

22 *Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

23      The Ninth Circuit mandates that allegations of fraud specifically include "an account of the

24 time, place, and the specific content of the false representations as well as the identities of the

25 parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *Vess*,

26 317 F.3d at 1106 ("[a]verments of fraud must be accompanied by 'the who, what, when, where, and

27 how' of the misconduct charged.") (citation omitted); *Vess,* 317 F.3d at 1106 (" plaintiff must set

28 forth what is false or misleading about a statement, and why it is false").

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

- 4 -

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

**V.    PEI'S FIFTH CAUSE OF ACTION STILL FAILS TO STATE A CLAIM FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE BY NOT SUFFICIENTLY ALLEGING AN INDEPENDENT WRONGFUL ACT.**

In the September 5 Order, the Court found that PEI's Fifth Cause of Action for intentional interference with prospective economic advantage failed to state a claim because it did not sufficiently allege "an independent wrongful act outside a simple breach of contract."  Order at 5:5-24.  As a result, the Court dismissed PEI's Fifth Cause of Action without prejudice.

In its Amended Counterclaim, the only substantive allegations that PEI adds to its Fifth Cause of Action is First Advantage's alleged wrongful conduct, which purportedly includes: (a) the alleged disclosure of PEI's trade secrets in violation of California Civil Code § 3426 et seq.; (b) a violation of the parties' agreement to maintain the confidentiality of PEI's trade secrets, which also purportedly constitutes a common law breach of confidence; and (c) engaging in common law defamation and trade libel by falsely stating that PEI was incompetent to perform services for Coca-Cola Enterprises ("CCE").  FACC at ¶ 52 (a)-(c).  As discussed below, these new allegations fail to sufficiently allege an intentional act that is "independently wrongful," i.e., "wrongful by some measure beyond the fact of the interference itself."  *Della Penna v. Toyota Motor Sales*, *U.S.A., Inc.*, 11 Cal.4th 376, 392-393 (1995); *accord Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th 1134, 1153-1154 (2003).

**A.    PEI Cannot Rely On Alleged Trade Secret Misappropriation To Establish An Independent Wrong.**

PEI's Amended Counterclaim attempts to establish an independent wrongful act by trying to shoe-horn a trade secret misappropriation claim within a single conclusory allegation.  This allegation, however, cannot save PEI's intentional interference counterclaim.

First, PEI fails to allege sufficient facts to constitute a trade secret misappropriation under California law.  Absent from the Amended Counterclaim are sufficient facts that PEI's profit margins and business methods: (1) derive independent economic value, actual or potential, from not being generally known; and (2) are the subject of reasonable measures to maintain its secrecy.  *See* Cal. Civ. Code § 3426.1(d) (definition of a trade secret).  The Amended Counterclaim merely

- 5 -

1   identifies the alleged trade secrets and alleges that the disclosure of them "constitutes a

2   misappropriation of a trade secret, as that term is defined at Civil Code § 3426.1…." *See* FACC at

3   10:14-19.

4         Second, even if PEI had sufficiently alleged a trade secret claim, PEI still cannot rely on that

5   claim to establish an independent wrong.  Alleging misconduct that amounts to trade secret

6   misappropriation under the CUTSA <u>preempts</u> PEI's intentional interference claims.  *Convolve, Inc.*

7   *v. Compaq Computer Corp.*, 2006 WL 839022, *6-8 (S.D.N.Y., Mar. 31, 2006) (the CUTSA

8   "preempts all claims based on misappropriation of trade secrets that are not specifically exempted

9   by its § 3426.7(b) savings clause"); *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*,

10  318 F.Supp.2d 216, 219 (D.Del. 2004) (the CUTSA preempts common law claims that are based on

11  misappropriation of a trade secret).  California Civil Code § 3426.7 is meant to eliminate all tort

12  claims that are based on the same conduct that could support trade secret claim, including

13  intentional interference claims.  *Convolve*, 2006 WL 839022, *7-8; *Callaway Golf*, 318 F.Supp.2d

14  at 219-20; *Digital Envoy, Inc. v. Google, Inc.*, 370 F.Supp.2d 1025, 1033-34 (N.D.Cal. 2005).

15  Thus, PEI ***cannot*** assert a trade secret misappropriation as defined by California Civil Code §

16  3426.1 as an independent wrongful act supporting an intentional interference claim.[1]

17        **B.    First Advantage's Alleged Breach Of Confidence Cannot Constitute An
              Independent Wrong.**

18

19        The second independent wrong alleged by PEI is the improper disclosure of the same

20  confidential information identified in its trade secret allegations, which also purportedly constitutes

21  a breach of confidence under California common law.  This is insufficient to constitute an

22  "independent wrong" for at least two reasons.

23

24  [1] PEI also cannot use its intentional interference claim to plead-around the statute of limitations for
    trade secret misappropriation.  In its original Counterclaim and in it Opposition to First Advantage's

25  Motion to Dismiss, PEI alleged that First Advantage misappropriated its confidential profit margins by
    using such information to wrongfully solicit CCE, and in the process, disclosed such information to

26  CCE between January 2004 and April 2004.  *See* Ratinoff Decl. Exh. D at 2:12-21; 10:14-11:6.  In
    response, First Advantage pointed out that PEI could not assert a trade secret claim because the first

27  disclosure of PEI's alleged trade secrets occurred more than three years after filing its Counterclaim.
    *See* Ratinoff Decl., Exh. E at 5:22-7:16.

28

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

First, Advantage's alleged breach of confidence is based on the same wrongful conduct as First Advantage's alleged misappropriation of trade secrets under Civil Code Section § 3426.1 et seq. As stated above, the CUTSA preempts all tort claims that are based on misappropriation of trade secrets. *AccuImage Diagnostics Corp. v. TeraRecon, Inc.*, 260 F. Supp. 2d 941, 953 (N.D. Cal. 2003) ("common law remedies based on misappropriation of trade secrets are superseded"); *accord Callaway Golf*, 318 F.Supp.2d at 219-20. PEI therefore cannot use an alleged breach of confidence under California common law as a substitute for a trade secret misappropriation claim, let alone as a purported independent wrong. *See Convolve, Inc.*, 2006 WL 839022 at *6-8 (plaintiff's claim for breach of confidence was preempted by the CUTSA where it was based on the same operative facts as its trade secret claim)

Second, even if PEI's allegations of breach of confidence were not preempted by the CUTSA, they still amount to nothing more than a breach of a contract, which cannot give rise to tort liability and constitute an independent wrong. *See JRS Products, Inc. v. Matsushita Elec. Corp. of America*, 115 Cal.App.4th 168, 180-83 (2004); *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 618 (1993); *see also AccuImage*, 260 F.Supp.2d at 956-57. Indeed, PEI *alleges* that First Advantage's breach of confidence was "in violation of its agreement to maintain the confidential nature of the information" disclosed under that agreement. *See* FACC at 10:20-21. Clearly, PEI fails to grasp that where an alleged act of interference constitutes a breach of contract, as is the case here, it cannot also maintain a cause of action for intentional interference with prospective economic advantage. *See, e.g., AccuImage*, 260 F.Supp.2d at 956-958 (in dismissing claims for intentional and negligent interference with prospective economic advantage, court found that employer's remedy against former employee who allegedly breached a confidentiality provision of an employment agreement when he went to work for a competitor was in contract and not tort).

**C.     PEI's Allegations Of Trade Libel And Defamation Are Insufficient To Establish An Alleged Independent Wrong.**

For the third alleged independent wrongful act, PEI asserts that First Advantage engaged in "trade libel, injurious falsehood, and/or disparagement by falsely stating that PEI was incompetent to perform services for CCE and that PEI and that First Advantage could do a superior job" and that

- 7 -

1   "[t]hese false representations harmed PEI's business relationship with CCE." FACC at ¶ 52(c).

2   These sparse and conclusory allegations cannot form the basis for an interference claim because

3   they fail to set forth a cognizable defamation or trade libel claim under California law.[2]

4       A claim for defamation must *specifically* identify, if not plead verbatim, the words

5   constituting the allegedly libelous statement. *Kahn v. Bower*, 232 Cal.App.3d 1599, 1612 fn 5

6   (1991); *accord Vogel v. Felice*, 127 Cal.App.4th 1006, 1017, fn 3 (2005); *Jones v. ThyssenKrupp*

7   *Elevator Corp.,* 2006 WL 680553 at *5 (N.D. Cal. March 14, 2006).  "The standard for pleading

8   defamation is more stringent than that applicable to most other substantive claims because of the

9   historically unfavored nature of this type of action." *Jones*, 2006 WL 680553 at *5.  Thus, a

10  plaintiff must also identify the publisher or speaker of the defamatory communications, the

11  recipients, the timing, and the context in which they were made. *Id*.  Here, PEI gives no indication

12  of the actual words constituting the disparaging statement, the speaker, the manner in which the

13  words were communicated, when the allege statement was made, or the setting in which the

14  communication took place.  PEI does not even state whether these statements were oral or written.

15      To support a claim for intentional interference where trade libel or defamation constitutes

16  the independent wrong, PEI must also specifically allege that it suffered special damages as

17  required by Federal Rule of Civil Procedure 9(g).  *See Isuzu Motors Ltd. v. Consumers Union of*

18  *U.S., Inc.,* 12 F.Supp.2d 1035, 1047 (C.D.Cal. 1998).  Absent from PEI's Amended Counterclaim

19  are sufficient allegations which establish that PEI suffered special damages as a <u>direct</u> result of the

20  alleged interference, i.e. the defamatory statements.

21      Finally, PEI's contention that First Advantage stating that it could do a superior job than PEI

22  is not actionable.  No reasonable person would interpret that statement as being defamatory.

23  Rather, it constitutes an opinion on the value of First Advantage's services and cannot be viewed as

---

25  [2] To assert a claim for trade libel, a plaintiff must allege: (1) a publication; (2) which induces others
26  not to deal with plaintiff; and (3) special damages. *Nichols v. Great Am. Ins. Companies*, 169
    Cal.App.3d 766, 773 (1985); *Leonardini v. Shell Oil*, 216 Cal.App.3d 547, 572 (1989).  Similarly,
    the tort of defamation "the intentional publication of a statement of fact which is false, unprivileged,
27  and has a natural tendency to injure or which causes special damage." *Ringler Associates Inc. v.*
28  *Maryland Cas. Co.*, 80 Cal.App.4th 1165, 1179-80 (2000).

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

- 8 -

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

disparaging PEI or the quality of its services. *See Isuzu Motors,* 12 F.Supp.2d at 1044-46. It therefore cannot be said that PEI sufficiently alleged a claim for trade libel or defamation that could support a claim for intentional interference with prospective economic advantage. *See Gilbert v. Sykes*, 147 Cal.App.4th 13, 34 (2007) (plaintiff could not base an intentional interference claim on the same acts which would not support a defamation action).

## VI.    PEI'S SIXTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR FRAUD.

### A.    The Court Should Dismiss PEI's Sixth Cause of Action To The Extent That It Is Based On Alleged False Promises Not To Solicit CCE With Prejudice.

#### 1.    PEI Reliance On The Parties' Settlement Agreement Concerning MVRs To Toll The Statute Of Limitations Violates The Law Of The Case.

In the September 5 Order, this Court held that the alleged false promise not to solicit business from CCE was barred by the statute of limitation unless PEI could somehow demonstrate that the statute was tolled or that "First Advantage's conduct directly prevented PEI from filing its fraud claim on time." Order at 5:26-6:10. The Court *expressly* rejected PEI's reliance on the verbal settlement agreement concerning MVR services as grounds for excusing its late-filed promissory fraud claim, finding that the parties' alleged "settlement operates as a bar to reopening the controversy or tolling the statue of limitations." Order at 6:6-22.

Notwithstanding this ruling, PEI again alleges that the statute is tolled to at least June 2005 as a result of its reliance on this settlement agreement. FACC at ¶¶ 17, 56, 68. PEI claims that because of its reliance on that settlement agreement and the payments made thereon it did not file suit for fraud until June 2007. *Id.*, ¶ 68. As recognized by this Court, however, PEI's fraud claim based on an alleged false promise not to directly solicit CCE was *extinguished* by the settlement of the MVR claims. *Doran v. N. State Grocery, Inc.*, 137 Cal.App.4th 484, 492 (2006) ("a compromise settlement operates as a bar to reopening the controversy"); *accord Gorman v. Holte*, 164 Cal.App.3d 984, 988 (1985) ("[a] settlement contract … is decisive of the rights of the parties and serves to bar reopening of the issues settled"). As such, PEI *cannot* rely upon this agreement to save its claim based on the alleged false promise not solicit CCE.

In addition, PEI reasserts that it would be inequitable to allow First Advantage to avoid the

- 9 -

1   consequences of its false promise not to solicit CCE because it made a further false promise to make

2   payments under the settlement agreement contracts this Court's Order.  *See* FACC at ¶¶ 68-69.  This

3   argument was also previously rejected by the Court: "[w]hile First Advantage's allege failure to pay

4   under this agreement may qualify as a breach of contract, ***it cannot be styled as a fraud claim***."

5   Order at 5:23-25 (emphasis added).

6        PEI's allegation that First Advantage somehow fraudulently induced PEI to settle its fraud

7   claim also contradicts California law.  First Advantage's alleged performance for over a year under

8   the agreement and subsequent failure to continue to make payments constitutes a mere breach of

9   contract for which PEI can recover damages.   It does not operate to negate PEI's prior release of its

10  fraud claim.  *See Paige v. O'Neal*, 12 Cal. 483, 496 (1859) ("non-payment of the consideration did

11  not affect the operative effect of the instrument as a valid release"); *accord Faye v. Feldman*, 128

12  Cal.App.2d 319, 327 (1954); *Hofland v. Gustafson,* 132 Cal.App.2d Supp. 907, 909-910 (1955).

13  "[A] claim for fraud cannot be permitted to serve simply as an alternative cause of action whenever

14  an enforceable contract is not formed."  *Conrad v. Bank of Am.*, 45 Cal.App.4th 133, 156-57 (1999).

15  Since PEI accepted payment under the agreement and elected to sue for breach it in its Second

16  Cause of Action, PEI cannot now avoid the agreement's effect.  *See Le Clercq v. Michael*, 88

17  Cal.App.2d 700, 702 (1948) ("The general rule is that a defrauded party must exercise his election

18  to rescind with reasonable promptness after discovering the fraud. A delay in rescission is evidence

19  of a waiver of the fraud and an election to treat the contract as subsisting.  Any acts indicating an

20  intent to abide by the contract are evidence of an affirmance thereof and of a waiver of the right to

21  rescind."); *see also Doran*, 137 Cal.App.4th at 492.

22       Furthermore, as discussed below, the alleged unenforceability of the settlement agreement is

23  insufficient to toll the statute of limitations for PEI's fraud claim because it learned of the further

24  false promise to make payments for the MVRs <u>before</u> the expiration of the statute.  Even if PEI

25  could somehow establish that it was fraudulently induced to enter into the settlement agreement as a

26  basis for tolling the statute, the supporting allegations in its Amended Counterclaim fall well short

27  of the heightened pleading standards under Rule 9(b).  In that regard, PEI's allegations are

28  insufficient to establish that First Advantage's failure to continue to make payments after

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores,  CA 94065-1418

- 10 -

1   performing under the agreement was anything more than a breach of contract.  PEI received ample

2   guidance from the Court's September 5 Order and chose to ignore the law of the case, the Court

3   should therefore dismiss PEI's claim based on the false promise to not solicit CCE with prejudice.

### 2. PEI Cannot Justifiably Rely Upon The Alleged Settlement Agreement As A Basis For Tolling The Statute Of Limitations.

6        Even if PEI could rely on the settlement agreement as a basis for tolling the statute of

7   limitations, PEI still has no basis to assert that it justifiably relied upon the agreement to its

8   detriment.  The statute may be tolled where there is an excusable delay in the ***discovery*** of fraud, not

9   where there is an intentional waiver of the right to sue after discovering that fraud.  *See Norgart v.*

10  *Upjohn Co.*, 21 Cal.4th 383, 397 (1999); *see also Bernson v. Browning-Ferris Indus.*, 7 Cal.4th 926,

11  931 (1994) ("defendant's fraud in concealing a cause of action against him will toll the statute of

12  limitations, and that tolling will last as long as a plaintiff's reliance on the misrepresentations is

13  reasonable").  PEI's Amended Counterclaim still does not contain any allegations of its justifiable

14  reliance on First Advantage's alleged false promise to not directly offer MVRs to CCE beyond April

15  2004 and certainly not before the expiration of the statute of limitations in April 2007.

16        PEI admits that it was appraised of <u>all</u> <u>facts</u> constituting the fraud and had already suffered

17  the appreciable harm in April 2004.  FACC at ¶¶ 14-16, 56-62.  With that knowledge, PEI alleges

18  that it settled its fraud claim in the April 2004 and received payments based thereon for over a year.

19  *See id*, ¶¶ 17-18, 56.  It is therefore clear that PEI not only "discovered" the alleged fraud in April

20  2004, but also knowingly waived its right to seek redress for the alleged fraud by entering into the

21  verbal settlement agreement at that time.

22        Likewise, even under PEI's theory that it was fraudulently induced to enter into the verbal

23  agreement, PEI was apprised of all facts relating to that alleged false promise ***two years before*** the

24  expiration of the statute.  *See id.* at ¶¶ 18, 56, 68-69.  Nonetheless, PEI continued to maintain its

25  relationship with First Advantage and continued to allow First Advantage to perform services for

26  CCE on its behalf.  As a result, PEI cannot claim that it justifiably relied on the settlement

27  agreement for the purposes of tolling the statute of limitations.

28  / / /

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

### 3.    PEI Cannot Invoke The Doctrine Of Equitable Estoppel.

In opposition to First Advantage's original motion to dismiss, PEI attempted to invoke the doctrine of equitable estoppel as a means of tolling the statue of limitations. *See* Ratinoff Decl., Exh. D at 12:23-13:5.  Agreeing with First Advantage, the Court ruled that PEI failed to plead sufficient facts to raise equitable estoppel.  Order at 6:26-7:10.  Despite the Court granting PEI leave to amend to plead the elements of equitable estoppel, PEI has not and cannot assert facts sufficient to invoke this doctrine.

To allege equitable estoppel, PEI must plead with particularity that: (1) First Advantage was aware of the limitations period; (2) First Advantage intended that PEI rely on its statements; (3) PEI was ignorant of the true state of facts; and (4) PEI justifiably relied on First Advantage's conduct or statements to its detriment.  *Honig v. San Francisco Planning Dep't*, 127 Cal.App.4th 520, 529 (2005); *accord Guerrero v. Gates,* 442 F.3d 697, 706-707 (9th Cir. 2006).  This means that the operative pleading ***must*** include specific facts indicating that the defendant's conduct ***directly*** prevented the plaintiff from filing suit on time.  *Lantzy v. Centex Homes*, 31 Cal.4th 363, 383-385 (2003) (no equitable estoppel where plaintiff failed to adequately plead facts that defendant's conduct actually and reasonably induced plaintiff to forebear suit within the limitations period).

In its Amended Counterclaim, PEI does not allege that First Advantage was aware of the limitations period.  Further, PEI does not sufficiently allege that First Advantage intended PEI to rely on its conduct so that it would not file before the expiration of the statute or that First Advantage otherwise directly prevented PEI from asserting its fraud claim on time.  PEI also fails to allege that it was ignorant of the true state of facts prior to the expiration of the statue.  Finally, as discussed above, PEI does not sufficiently allege that it justifiably relied upon any conduct that prevented the filing of its fraud claim before the expiration of the statute.

PEI also cannot further amend its Counterclaim to invoke equitable estoppel.  A party ***cannot*** invoke this doctrine when it learns of the conduct that allegedly induced it not to file suit ***before*** the expiration of the statute of limitations.  *Lobrovich v. Georgison*, 144 Cal.App.2d 567, 573-574, 301 (1956); *Mills v. Forestex Co.*, 108 Cal.App.4th 625, 655 (2003).  PEI already ***admits*** that it first learned of First Advantage's alleged breach of the settlement agreement (and now

1    another alleged false promise) in "the summer of 2005."   FACC at ¶¶ 18, 34, 56, 68.  Despite

2    having two more years to assert the original fraud claim before the statute expired, PEI waited until

3    after its expiration to file.  Given its prior knowledge of First Advantage's breach of the settlement

4    agreement (or alleged false promise to comply with the agreement in its entirety) and the unjustified

5    length of delay in filing, PEI cannot use equitable estoppel to save its untimely fraud claim.

6                    **4.      PEI Cannot Invoke The Doctrine Of Equitable Tolling.**

7                In its Amended Counterclaim, PEI also alleges that the verbal settlement agreement and its

8    reliance thereon equitably tolls the statute.  *See* FACC at ¶ 68.   However, PEI cannot save its fraud

9    claim based on an alleged false promise not to solicit by invoking the doctrine of equitable tolling.

10               Equitable tolling is only available where a plaintiff pursued an alternate <u>formal</u> legal action

11   during the original limitations period.  *65 Butterfield*, 70 Cal.App.4th at 1062-63; *accord Downs v.*

12   *Dept. of Water & Power*, 58 Cal.App.4th 1093, 1100 (1997).   Additionally, "equitable tolling only

13   applies where the defendant receives notice, within the limitations period, of the plaintiff's pursuit

14   of the alternative remedy, so that the defendant is aware of the need to begin investigating the

15   matter." *65 Butterfield*, 70 Cal.App.4th at 1063.  Here, PEI's Amended Counterclaim establishes

16   that even after learning of First Advantage's alleged breach of the settlement agreement in June

17   2005, PEI made no attempt to take <u>any</u> formal legal action during the statutory period that it could

18   provide First Advantage notice of the need to prepare a defense.  Even if PEI is again granted leave

19   to amend to allege that First Advantage never intended to comply with terms of that agreement, PEI

20   still cannot establish that it pursued an alternative legal action because it is undisputed that PEI

21   never took such steps during the statutory period.

22               To invoke the doctrine of equitable tolling, PEI must also demonstrate excusable ignorance

23   of the limitations period.  *Guerrero,* 442 F.3d at 706.  PEI still does not allege to have been

24   excusably ignorant of the three year statute of limitations.  The doctrine of equitable tolling is

25   therefore unavailable to PEI.  *Guerrero,* 442 F.3d at 706.

26               Finally, PEI fails to allege that First Advantage was not prejudiced in any way by the delay

27   in filing.  *See Guerrero,* 442 F.3d at 706 ("plaintiff whose ignorance of the statutory period is

28   excusable may file a lawsuit outside that period as long as he causes no prejudice to the defendants

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

- 13 -

by doing so").  If anything, the allegations in its Amended Counterclaim demonstrate that First Advantage was prejudiced by the delay.  If a party enters into a settlement agreement to resolve potential fraud and breach of contract claims, it logically follows that it would expect not to be sued on those claims, and that its only potential liability would be a breach of that agreement.  Since PEI elected to waive its right to pursue its original claims, First Advantage had no reason to investigate and prepare a defense thereto.  Thus, First Advantage will undoubtedly suffer prejudice if PEI is entitled to use the agreement as a means of asserting the very claim it was meant to extinguish.

**B.    The Remaining Allegations Based On Alleged False Promises Not To Disclose Confidential Information In PEI's Sixth Cause of Action Also Fail To State A Claim For Promissory Fraud.**

In an attempt to salvage its Sixth Cause of Action, PEI has added allegations that the same agreements containing the alleged false promise to not solicit CCE also contain alleged false promises to not disclose PEI's confidential information, such as profit margins and business methods to CCE.  *See* FACC at ¶ 57.  PEI also alleges that First Advantage intended to disclose PEI's confidential information "as soon as it could obtain some benefit or advantage from CCE by doing so."  *Id*. at ¶ 59.  These allegations do not establish a claim for promissory fraud.

**1.    PEI's Fraud Claim Based On First Advantage's Alleged False Promises Not To Use Or Disclose Confidential Is Barred By The Applicable Three-Year Statute Of Limitations.**

The alleged false promises not to disclose confidential information is also barred by the three-year statute of limitations under Code of Civil Procedure § 338(d).  A fraud claim accrues when the aggrieved party first discovers the facts constituting the fraud.  *Id*.  However, a plaintiff "need not know the specific facts necessary to establish the cause of action" in order for it to accrue.  *Norgart*, 21 Cal.4th at 396 (internal quotation marks omitted); *see also Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986).  In that regard, the statute of limitations for fraud begins to run when the aggrieved party "has reason to suspect wrongdoing - that is, until the plaintiff has notice or information of circumstances to put a reasonable person on inquiry."  *Garamendi v. SDI Vendome S.A.*, 276 F.Supp.2d 1030, 1040 (C.D.Cal. 2003) (internal quote and citation omitted); *accord Kline v. Turner*, 87 Cal.App.4th 1369, 1373-74 (2001).

Contrary to some of the allegations in PEI's Amended Counterclaim, PEI did not first learn

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

PLAINTIFF'S NOTICE OF MOTION; MOTION TO DISMISS; MPA; CASE NO.:  C 07-02424 SC

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

1   of the falsity of First Advantage's promise not to disclose PEI's confidential information to CCE in

2   spring 2005.  *See* FACC at ¶ 20.   In opposition to First Advantage's original motion to dismiss, PEI

3   ***asked*** the Court to infer from its original Counterclaim, or otherwise allow PEI to amend it to allege

4   that First Advantage misappropriated its confidential pricing information and profit margins by

5   using such information to wrongfully solicit CCE, and in the process, disclosed such information to

6   CCE between January 2004 and April 2004 when it obtained the contract for the MVRs.  Ratinoff

7   Decl., Exh. D at 2:12-21.[3]  PEI's Amended Counterclaim confirms this admission wherein PEI

8   alleges that First Advantage solicited CCE for the MVRs between January and April 2004 and at

9   that time began disclosing PEI's confidential information to CCE.  FACC at ¶¶ 14-16, 56, 63.

10        Consequently, PEI cannot ask the Court to ignore its prior admissions or otherwise interpret

11   the allegations in its Amended Counterclaim in a manner that contradicts the allegations asserted in

12   its prior pleadings and opposition papers.  *See Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir.1990)

13   (judicial estoppel bars a party from making a factual assertion in a legal proceeding "which directly

14   contradicts an earlier assertion made in the same proceeding or a prior one"); *Perretta v.*

15   *Prometheus Development Co., Inc.*, 2006 WL 463533 at *5 (N.D.Cal. Feb 24, 2006) (application of

16   judicial estoppel is "particularly justified to prevent a party from taking an inconsistent position

17   simply to evade otherwise inevitable dismissal"); *see also Cline v. Indus. Maint. Eng'ng &*

18   *Contracting Co.*, 200 F.3d 1223, 1232 (9th Cir. 2000); *Reddy v. Litton Indus., Inc.*, 912 F.2d 291,

19   296-97 (9th Cir. 1990).

20        Further, because PEI previously admitted of learning of the alleged written false promises to

21   not disclose its confidential information more than three years before filing its Counterclaim, PEI

22   cannot amend its Sixth Cause of Action to include a fraud claim based thereon.  For this same

23   reason, the alleged false promise to not further disclose confidential information made in 2005 is

24   immaterial for the purposes of calculating the statute of limitations as PEI had notice of First

25   Advantage's alleged fraudulent intent to not maintain the confidentiality of its information in April

26

27   _____

[3] First Advantage asks the Court to take judicial notice of this Opposition in its Request for Judicial
28       Notice concurrently filed herewith.

1   2004.  *See Garamendi*, 276 F.Supp.2d at 1040; *Kline*, 87 Cal.App.4th at 1373-74.

2         **2.    PEI's Fraud Claim Based On First Advantage's Alleged False Promise**
          **Not To Use Or Disclose PEI's Confidential And Proprietary Information**
3         **Is Preempted By The CUTSA.**

4         Similar to its interference claim, PEI's fraud claim based on the alleged false promise to not

5   disclose PEI's confidential and proprietary information is preempted by the CUTSA.  As previously

6   stated the CUTSA "preempts all claims based on misappropriation of trade secrets that are not

7   specifically exempted by its § 3426.7(b) savings clause." *Convolve, Inc.*, 2006 WL 839022, *6-8

8   (S.D.N.Y., Mar. 31, 2006).  PEI's promissory fraud claim shares a common nucleus of facts as the

9   alleged trade secret misappropriation underpinning its interference claim.  Both are based on the

10  same alleged disclosure of its confidential and proprietary information, which PEI claims to be its

11  trade secrets.  As such, PEI cannot proceed with its fraud claim as alleged.

12        PEI also cannot use its promissory fraud claim as an end-around the CUTSA's statute of

13  limitations.  For the purposes of determining the date of accrual, "a continuing misappropriation

14  constitutes a single claim."  Cal. Civ. Code § 3426.6.  This means that "[w]hen a plaintiff brings suit

15  against an individual defendant for separate misappropriations of related trade secrets, or for

16  multiple misappropriations of a single secret, the date of accrual is the date of the initial

17  misappropriation." *HiRel Connectors, Inc. v. U.S.*, 465 F.Supp.2d 984, 988 (C.D.Cal. 2005);

18  *accord Ashton-Tate Corp. v. Ross*, 728 F.Supp. 597, 603-604 (N.D.Cal. 1989), *aff'd* 916 F.2d 516,

19  523-24 (9th Cir. 1990); *Cadence Design Sys., Inc. v. Avant! Corp.*, 29 Cal.4th 215, 218 (2002).  As

20  discussed above, PEI previously conceded that it first learned of First Advantage's use and

21  disclosure of its confidential information when First Advantage alleged solicited CCE for MVR

22  services between January 2004 and April 2004.  *See* Ratinoff Decl., Exh. D at 2:12-21.  Since the

23  alleged misappropriation of PEI's trade secrets consisting of its profit margins and business methods

24  began at that time, the subsequent misappropriation of that same or similar information thereafter is

25  immaterial for the purposes of calculating the statute of limitations.

26        **3.    PEI's Claim That The Subsequent Verbal Promise To Not Further**
          **Disclose Confidential Information Was Fraudulent Fails To Meet Rule**
27        **9(b)'s Heightened Pleading Requirements.**

28        Even assuming *arguendo* that PEI's claim that the June 2005 verbal promise to not disclose

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores,  CA 94065-1418

- 16 -

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

1    confidential information is not barred by the statute of limitations or otherwise preempted by the

2    CUTSA, it is also subject to dismissal on the grounds that PEI fails to allege sufficient facts to state

3    a claim.  To allege a cause of action for promissory fraud, PEI must specifically allege facts that

4    establish: (1) a material promise; (2) knowledge of its falsity; (3) intent to defraud or induce

5    reliance; (4) justifiable reliance; (5) resulting damage.  *Lazar v. Superior Court*, 12 Cal.4th 631, 638

6    (1996).  The "general pleading of the legal conclusion of fraud is insufficient; and "every element of

7    the cause of action for fraud must be alleged in full, factually and specifically ...."  *Wilhelm v. Pray,*

8    *Price, Williams & Russell*, 186 Cal.App.3d 1324, 1331 (1986).  Here, PEI fails to allege facts that

9    establish several of the elements for a claim for promissory fraud with respect to the verbal false

10    promise allegedly made in June 2005.

###    a.    PEI Fails To Plead Facts Sufficient To Show That The Alleged Verbal False Promise Made In June 2005 Was Material.

13           PEI fails to establish that the alleged false promise to "never again disclose confidential and

14    proprietary information to CCE" made in June 2005 was material at the time it was made.  *See*

15    FACC at ¶ 57(b).  The reasonable interpretation of this statement is that First Advantage had

16    inadvertently disclosed confidential information to CCE and was simply apologizing for its error.  It

17    does not appear to be an agreement or an affirmative promise that could be reasonably taken as

18    being material under the circumstances.

19           There are also no allegations of PEI materially changing its position or the parties' business

20    relationship or that PEI provided any further confidential information based on that subsequent

21    promise.  *See Hill v. Wrather*, 158 Cal.App.2d 818, 824-25 (1958) (false representation which

22    cannot possibly affect the intrinsic merits of a business transaction is immaterial); *accord Frome v.*

23    *Renner*, 1997 WL 33308718, *2 (C.D.Cal. Oct 01, 1997).  Indeed, PEI admits that it had already

24    been induced to disclose its confidential information to First Advantage.  FACC at ¶¶ 13, 20, 56,

25    57-69.  Furthermore, PEI could not have considered the promise to be material because PEI admits

26    that it already believed that First Advantage had allegedly disclosed its confidential proprietary

27    information.  FACC at ¶¶ 20, 56, 57(b); Ratinoff Decl., Exh. D at 2:12-21.  While PEI may have

28    breach of contract claim, it certainly cannot spin this statement into a promissory fraud claim.  As

- 17 -

such, PEI has not and cannot establish that the verbal promise to not further disclose PEI's

confidential information was material.

> **b.**    **PEI Also Fails To Plead Facts Sufficient To Show That It Justifiably Relied On The Alleged Verbal False Promise Not To Disclose Confidential Information.**

PEI also fails to establish that it justifiably relied upon that promise as a matter of law. *See Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal.4th at 638 (2007) (whether a party's reliance was justified may be decided as a matter of law if reasonable minds can come to only one conclusion based on the facts). Where a plaintiff fails to allege facts sufficient to establish justifiable reliance in support of a claim for promissory fraud, that claim is subject to dismissal. *See, e.g., Wilhelm*, 186 Cal.App.3d at 1331-32 (dismissing fraud claim based on failure to allege sufficient facts establishing actual and justifiable reliance); *Zito v. Steeplechase Films, Inc.*, 267 F.Supp.2d 1022, 1027-28 (N.D.Cal. 2003) (dismissing claim for fraud where allegations in complaint revealed that plaintiff did not justifiably rely on defendants' misrepresentations); *State Farm Fire & Cas. Co. v. Keenan*, 171 Cal.App.3d 1, 29 (1985) (fraud claim dismissed because plaintiffs failed to allege that they had no knowledge of its falsity or had no reason to question its truthfulness).

PEI alleges that at the time the verbal false promise was made in June 2005, it was already aware of First Advantage had made at least four prior false promises, including the original two written promises that First Advantage would not disclose PEI's confidential information. *See* FACC at ¶¶ 14-20, 56-57. In light of this purported knowledge and experience with First Advantage, PEI cannot claim as a matter of law that its reliance on the representation was justified. *See Balfour, Guthrie & Co. v. Hansen,* 227 Cal.App.2d 173, 196 (1964) (reliance is not justified if representation is obviously false or at least doubtful to a degree sufficient to put recipient upon inquiry); *Atari Corp. v. Ernst & Whinney*, 981 F.2d 1025, 1030-31 (9th Cir.1992) ("it is plain that California law does not permit a party to claim that it justifiably relied on representations that were obviously false"). Further, it is well established under California law, where a person learns one representation is false, he may not assume other representations are true. *See Roland v. Hubenka,* 12 Cal.App.3d 215, 225 (1970); *see also Julrik Productions, Inc. v. Chester*, 38 Cal.App.3d 807, 810 (1974) (if a person distrusts the defendant's honesty from the beginning, he cannot have had a

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

justifiable reliance on the defendant's false representation).   As such, the Court should dismiss the Sixth Cause of Action with prejudice.

          **c.**       **PEI Also Fails Sufficiently Allege That It Suffered Damages As A Result Of The Subsequent False Promise Not To Further Disclose Confidential Information.**

Finally, PEI fails to adequately allege that it suffered damages as a direct result of the alleged verbal false promise by First Advantage to not further disclose PEI's confidential information.  In order to recover for fraud, PEI must plead and prove the "detriment proximately caused" by the defendant's tortious conduct.  *Service by Medallion, Inc. v. Clorox Co.*, 44 Cal.App.4th 1807, 1818 (1996).  "Whatever form it takes, the injury or damage must not only be distinctly alleged but its causal connection with the reliance on the representations must be shown." *Id.* (internal quotes and citations omitted).  There are no allegations in the Amended Counterclaim that PEI gave any confidential information First Advantage or that First Advantage disclosed any confidential information after First Advantage made the verbal promise in June 2005.  To the contrary, PEI merely alleges that it had to make pricing concessions as a result of the very disclosure that the verbal promise was based on, and that it only suffered damages from disclosures occurring ***prior*** to the June 2005 verbal promise. FACC at ¶¶ 20, 56, 64.  PEI therefore fails to establish that it suffered any damages as a direct result from relying on that particular promise.

## VII.    PEI'S SEVENTH CAUSE OF ACTION STILL FAILS TO STATE A COGNIZABLE CLAIM FOR PROMISSORY FRAUD.

PEI's Seventh Cause of Action was originally based on an alleged false promise made by First Advantage in October 2006 that all services it was performing at that time for CCE would be billed through PEI.  *See* Counterclaim at ¶¶ 69-78.  In its September 5 Order, this Court held that PEI failed to allege the specific facts necessary to satisfy Rule 9(b). Order at 7:19-8:5.  In particular, the Court found that from the bare facts alleged, it could not determine whether PEI had shown justifiable reliance.  *Id.* at 8:5-6.  Further, the Court held that there was "no indication as to what statements were made, whether they were expressed verbally or in writing, or to whom they were made…" and that PEI admitted "that it inadequately alleged the reliance damages." *Id.* at 8:9-10.  As discussed below, PEI's superficial amendments to this counterclaim and inserting and

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores,  CA 94065-1418

- 19 -

1    underlining the buzz words does not correct the deficiencies identified by the Court or even come

2    close to meeting the heightened pleading requirements of Rule 9(b).

3        **1.    The November 10 Email Referenced In PEI's Amended Counterclaim Defeats PEI's Claim That First Advantage Made A False Promise To Run All Future Billings For CCE Through PEI As A Matter Of Law.**

4

5        The allegations in support of the Seventh Cause of Action are woefully deficient under the

6    requirements of Rule 9(b) because they fail to provide First Advantage with specific enough

7    information to defend against the alleged fraud and not just deny that it did anything wrong. *See*

8    *Vess*, 317 F.3d at 1105; *accord Semegen*, 780 F.2d at 731 (Rule 9(b)'s requirement of particularity is

9    "designed to prohibit a plaintiff from unilaterally imposing upon the court, the parties and society

10   enormous social and economic costs absent some factual basis"). PEI's Seventh Cause of Action is

11   even more vague and confusing than the previous incarnation. In support of its amended Seventh

12   Cause of Action, PEI now claims that *in October 2006*, First Advantage "promised that all services

13   it was then performing for CCE would be billed through PEI." FACC at ¶ 72. However, PEI now

14   also claims that this representation was made by Julie Waters, General Counsel for First Advantage,

15   in an e-mail to Sandra James of PEI *on November 10, 2006* wherein she allegedly agreed to resume

16   the normal practice of billing. *Id.* (emphasis added).

17       From these allegations it is entirely unclear how First Advantage is suppose to understand

18   what it is being accused of. If PEI believes that a false promise was made in October, then it is even

19   less clear than in its original Counterclaim who said what, when, where and to whom, how many

20   promises were made and in what form as required by Rule 9(b). *See Swartz*, 476 F.3d at 764; *Vess*,

21   317 F.3d at 1106. On the other hand, if PEI is trying to allege that the false promise was actually

22   made in the November 10 email, which PEI conveniently failed to attach to its Amended

23   Counterclaim, than there can be no actionable claim for promissory fraud based on that email.

24       The November 10 email sent by Ms. Waters and the attachment thereto does not make any

25   promise regarding running billings through PEI. *See* Ratinoff Decl., Exhs. F-G.[4] Rather, it consists

26   _____

27   [4] As stated above, the Court may also consider documents that are referred to, but are not attached

28   to the challenged pleading as if they were as part of the operative pleading. *Branch*, 14 F.3d at 454;

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

1    of a demand that PEI pay First Advantage for work that PEI had previously received payment from

2    CCE.  *Id.*  It is also clear that First Advantage would no longer be providing services to CCE on

3    PEI's behalf due to PEI's breach of the parties' arrangement.  *Id.*  The only identifiable "promise"

4    made was that First Advantage would <u>discuss</u> resuming services if PEI paid First Advantage all

5    monies due and owing.  *Id.*  There is ***no mention*** of how the parties would handle billing on a go-

6    forward basis or that PEI's payment would be contingent on agreeing to run all billings through

7    PEI.  *Id.*  Moreover, this email contradicts PEI's allegations that First Advantage intended to induce

8    PEI to forfeit its legal rights to set-offs related to alleged violations of the non-solicitation

9    agreements.  As PEI's Seventh Cause of Action appears to be based on a non-existent promise and

10   the November 10 email directly contradicts how PEI describes its contents, there can be no

11   actionable promissory fraud claim.

12       This email also cannot form the basis of a fraud claim because the statements made therein

13   are absolutely privileged under California Civil Code § 47(b) ("Section 47(b)").  This provides in

14   part that "[a] privileged publication or broadcast is one made ... [i]n any ... judicial proceeding."

15   Cal. Civ. Code § 47(b).  The litigation privilege is a defense "to all torts other than malicious

16   prosecution, including fraud, negligence and negligent misrepresentation."  *Harris v. King*, 60

17   Cal.App.4th 1185, 1188. (1998); *accord Rothman v. Jackson*, 49 Cal.App.4th 1134, 1140 (1996).

18       Courts have routinely held that the privilege "applies to prelitigation communications as

19   well as those occurring during the course of actual litigation."  *Nguyen v. Proton Technology Corp.*,

20   69 Cal.App.4th 140, 147 (1999); *see also Rubin v. Green*, 4 Cal.4th 1187, 1194 (1993)

21   (acknowledging that communications with some relation to an anticipated lawsuit are within the

22   privilege); *Rothman v. Jackson*, 49 Cal.App.4th 1134, 1148 (1996) ("demand letters and like

23   communications between litigants or their attorneys which are directed towards settlement of a

---

25   *Wietschner*, 294 F.Supp.2d at 1110.  In fraud cases, courts routinely consider documents allegedly
26   containing fraudulent statements that are referenced in the challenged pleading, but are not
     physically attached, to preclude plaintiffs from surviving a Rule 12(b)(6) motion by deliberately
     omitting reference to documents upon which their claims are based.  *See, e.g.*, *Wietschner*, 294
27   F.Supp.2d at 1108-1110, 1113-14; *Gaylinn v. 3COM Corp.*, 185 F.Supp.2d 1054, 1059-1063
28   (N.D.Cal. 2000); *see also Perretta*, 2006 WL 463533 at *3,*6-*8.

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

1   pending or anticipated lawsuit" are subject to the privilege); *Lerette v. Dean Witter Org'n, Inc.*, 60

2   Cal.App.3d 573, 575, 577-78 (1976) (demand letter was "fully privileged ... as preliminary to a

3   judicial proceeding").  Pre-litigation demands in anticipation of litigation "are protected as part of

4   the price paid for affording litigants the utmost freedom of access to the courts." *Fuhrman v.*

5   *California Satellite Sys.*, 179 Cal.App.3d 408, 422 n. 5 (1986) (overruled on other grounds by

6   *Silberg v. Anderson*, 50 Cal.3d 205, 211 (1990)).  One court has suggested that counsel may well

7   have a duty to try to resolve a dispute without first filing suit and that to do so is consistent with

8   "well established legal practice." *Lerette*, 60 Cal.App.3d at 577.

9          On its face, this email was clearly made in the context of a brewing legal dispute between

10  the parties over PEI's failure to pay First Advantage.  This email was sent by First Advantage's

11  General Counsel indicating that the company found PEI in breach of its obligations under the

12  parties' agreements and demanded that PEI cure such a breach by paying for all monies due and

13  owing for services already provided.  The demand bears a direct relation to present action, which

14  seeks payment for those services.  Accordingly, as a matter of law, PEI's claim based on the

15  November 10 email is barred by the litigation privilege under Section 47(b).

16         **2.    PEI's Seventh Cause Of Action Fails To Allege Facts Sufficient To Establish
                   The Essential Elements Of A Claim For Promissory Fraud.**
17

18         With or without consideration of the November 10 email, it is clear that PEI's amendments

19  fail to establish the essential elements for a claim for promissory fraud.  As discussed below, the

20  alleged promise to run all billings directly through PEI cannot be a material promise that PEI

21  justifiably relied upon, and one which PEI suffered damages as a direct result of its reliance thereon.

22         **a.    PEI Fails To Allege That First Advantage Made A Material False
                   Promise That PEI Could Rely Upon.**
23

24         PEI fails to sufficiently allege that First Advantage's promise to run future billings directly

25  through PEI was false and material.  Specifically, PEI still fails to allege how directing all billing to

26  PEI (presumably for the MVRs) on a go-forward basis had any bearing on PEI's payment of

27  invoices for services already rendered by First Advantage, billed to PEI, and paid for by CCE.  Ms.

28  Waters alleged agreeing to ***resume the normal practice of billing*** does not materially alter the

parties' business relationship because it would only amount to the status quo. *See Hill*, 158 Cal.App.2d at 824-25; *Frome*, 1997 WL 33308718 at *2. More importantly, it simply does not amount to a promise to run **all** billings through PEI, which is what PEI claims. *See* FACC at ¶ 72.

There is also still a disconnect between an alleged false promise(s) made in October/November 2006 and the resolution of First Advantage's prior alleged wrongful solicitation of CCE, which PEI allegedly discovered over two years before the alleged false promise, and had **already resolved** with First Advantage. *See* FACC at ¶¶ 14-19, 71-76. PEI does not allege any contemporaneous wrongdoing, i.e. wrongful solicitation of CCE in the fall of 2006. *See id*. The fact that PEI alleges that CCE had already notified it that it no longer would be contracting services from the parties and that PEI now admits that it would not be working with CCE after February 2007 further undermines the materiality of the alleged false promise. *See id.* at ¶¶ 21, 72.

Finally, as discussed above, the actual November 10 email conclusively establishes that there were no promises made concerning billing or even doing further work for PEI. *See* Ratinoff Decl., Exhs. F-G. Thus, there is no basis for PEI to assert that the alleged promise to run all billings through PEI (if ever made) was false or material.

**b.     PEI Fails To Allege Sufficient Facts To Establish Actual And Justifiable Reliance On The Alleged False Promise.**

PEI again fails to allege sufficient facts that it actually and justifiably relied on First Advantage's promise to run all future billings directly through PEI. PEI now asserts that it "<u>actually relied</u>" on this promise by making payments on "some" outstanding billings and that PEI "<u>justifiably relied</u>" on the promise because: (a) First Advantage represented itself as being an honest and ethical company and had at least attempted to compensate PEI for past transgressions; and (b) First Advantage had an interest in continuing a business relationship. *See* FACC at ¶¶ 75-76 (emphasis in original). These vague and conclusory allegations, along with emphasizing the words "actually" and "justifiably" are insufficient to meet PEI's heavy burden under Rule 9(b).

PEI is a sophisticated business that provides among other things investigative and background check services. *See, e.g.*, FACC at ¶¶ 1-2, 8-10. PEI also claims that between April 2004 and prior to First Advantage making the alleged false promise in October/November 2006,

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

1   PEI learned of multiple violations of the non-solicitation provisions in the parties' agreements, as

2   well as alleged false promises and misrepresentations of fact allegedly made by First Advantage

3   pertaining to that alleged misconduct.  *See id.*, ¶¶ 10-21, 23-70.  It is therefore disingenuous for PEI

4   to allege that it justifiably relied on another promise purportedly made to rectify its past conduct and

5   would actually forego its right to set-offs for such conduct.  *See Atari*, 981 F.2d at 1030-31;

6   *Wilhelm*, 186 Cal.App.3d at 1331-32; *Roland*, 12 Cal.App.3d at 225; *Julrik*, 38 Cal.App.3d at 810;

7   *see also Guido v. Koopman*, 1 Cal.App.4th 837, 843 (1991).  It is also specious for PEI to allege

8   that it "justifiably relied" on First Advantage's promise to run billings directly through PEI on a go-

9   forward basis in October 2006 when PEI also claims that CCE had previously notified the parties

10  that it intended to use other vendors in September 2006 and that they would be switching by

11  February 2007.  *See* Amended Counterclaim at ¶¶ 21, 71-72.

12          Lastly, the November 10 email and the state of affairs between the parties reflected therein

13  show that there was no basis for PEI to expect that if PEI paid First Advantage for "some"

14  outstanding invoices, First Advantage would then run all billings through it.  Clearly, any payment

15  of outstanding invoices by PEI was in relation to First Advantage's termination of the parties'

16  arrangement and not based on any representation concerning how the parties would handle the

17  billing for those services if First Advantage chose to resume providing services to CCE.  *See*

18  Ratinoff Decl., Exhs. F-G.  This email also shows that there is no basis (reasonable or otherwise) for

19  PEI to believe that First Advantage was interested in continuing business relationship with PEI or to

20  forgo its rights to set-offs for prior violations of the non-solicitation agreements where First

21  Advantage had accused PEI of breach and was primarily interested in obtaining full payment from

22  PEI.  Thus, PEI has not and cannot allege that it actually justifiably relied upon the fictional false

23  promise to run all billings through it.

24          **c.      PEI Fails To Allege Sufficient Facts To Establish That It Suffered
                       Damages As A Result Of The Alleged False Promise.**

25

26          Lastly, PEI's amendments to its Seventh Cause of Action do not adequately establish that

27  PEI suffered damages as a result of the alleged false promise by First Advantage to run all future

28  billings through PEI.  As noted above, in order to recover damages for fraud, the plaintiff must

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores,  CA 94065-1418

- 24 -

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

1  plead and prove the "detriment proximately caused" by the defendant's tortious conduct. *Service by*

2  *Medallion*, 44 Cal.App.4th at 1818.

3      Here, PEI alleges that it was harmed by First Advantage's failure to run all billings through

4  PEI, "in that it paid First Advantage certain amounts of money… that First Advantage was not

5  legally entitled to receive or that PEI could have applied to set-off damages" related to First

6  Advantage's violation of the non-solicitation agreements.  FACC at ¶¶ 78-79.  It is unclear how First

7  Advantage's failure to run all future billings through PEI would have caused it to suffer these

8  alleged damages.  Assuming *arguendo* that First Advantage made the alleged false promise and

9  broke it, PEI still fails to establish how this promise had any bearing on PEI paying First Advantage

10  for outstanding invoices for services First Advantage performed for PEI's benefit.  There is simply

11  no causal connection between First Advantage breaching that promise, PEI's entitlement to a set-off

12  and PEI paying First Advantage where PEI had known for ***over two years*** that First Advantage had

13  allegedly solicited CCE.  PEI also does not adequately explain how running all billings through PEI

14  had anything to do with whether First Advantage was legally entitled to be paid.  As such, PEI's

15  repeated failure to establish a causal connection between the alleged false promise and its purported

16  damages warrants dismissal with prejudice.

17  **VIII.   CONCLUSION**

18      For the foregoing reasons, First Advantage respectfully requests that the Court grant PEI's

19  Motion to dismiss in its entirety.  Since PEI had ample opportunity to correct the defects identified

20  by the Court in its September 5 Order and First Advantage has demonstrated that further

21  amendment would be futile, First Advantage respectfully requests that the Court dismiss PEI's Fifth

22  through Seventh Causes of Action with prejudice.

23  Dated:  October 22, 2007          Respectfully submitted,

24                      BUCHANAN INGERSOLL & ROONEY LLP

25                      /s/ Jeffrey M. Ratinoff

26                  By:   JEFFREY M. RATINOFF
                     Attorneys for Plaintiff

27                       FIRST ADVANTAGE BACKGROUND
                     SERVICES CORP.

28