EXHIBIT B

1
2
3
4
5              UNITED STATES DISTRICT COURT
6              NORTHERN DISTRICT OF CALIFORNIA
7

8   FIRST ADVANTAGE BACKGROUND SERVICES)      No. C-07-2424 SC
    CORP., a Florida corporation,        )
9                                         )
              Plaintiff,                  )
10                                        )      ORDER GRANTING IN
         v.                               )      PART AND DENYING IN
11                                        )      PART PLAINTIFF'S
    PRIVATE EYES, INC., a California      )      MOTION TO DISMISS THE
    corporation, DOES 1-10                )      FOURTH THROUGH NINTH
12                                        )      CAUSES OF ACTION IN
              Defendants.                 )      DEFENDANT'S
13   ─────────────────────────────────── )      <u>COUNTERCLAIMS</u>
                                          )
14   AND RELATED COUNTER-CLAIMS           )
     ─────────────────────────────────── )

15

16  **I.   <u>INTRODUCTION</u>**

17       Presently before the Court is a motion by Plaintiff First

18  Advantage Background Services Corp. ("Plaintiff" or "First

19  Advantage") to dismiss the Fourth through Ninth Causes of Action

20  asserted by Defendant Private Eyes, Inc. ("Defendant", "Private

21  Eyes", or "PEI") in its Counterclaims.

22       For the reasons described herein, Plaintiff's motion to

23  dismiss is GRANTED in part and DENIED in part.

24
25  **II.  <u>BACKGROUND</u>**

26       Private Eyes performs employment background checks on a

27  contract basis. <u>See</u> Docket No. 12, Counterclaim ("CC"), ¶ 1.  In

28  2002, PEI entered into a verbal contract with Coca-Cola

Enterprises ("CCE") to perform background checks on applicants and employees, including verification of motor vehicle records ("MVR").  Id. at ¶ 8.  PEI was authorized by the verbal contract to subcontract services to third-party vendors.  Id.  On March 29, 2002, PEI entered into a written contract with EIS, a predecessor to First Advantage.  Id. at ¶ 10.  After assuming the contract, First Advantage confirmed in writing that it would not use any confidential information it received from PEI to solicit business from CCE.  Id. at ¶ 13, Exs. A and B.  As the basis for its Counterclaims, PEI asserts that First Advantage solicited the MVR business from CCE.  Id. at ¶ 14.  In addition, PEI alleges that First Advantage disclosed proprietary information to CCE, including PEI's costs and profit margins.  Id. at ¶ 20.  PEI attempted to negotiate a resolution to the MVR dispute, resulting in an agreement that First Advantage pay PEI $1.80 for each MVR First Advantage performed for CCE.  Id. at ¶ 17.  By June 2005, First Advantage stopped making the MVR payments.  Id. at ¶ 18, 68. Subsequenty, PEI learned that First Advantage was soliciting the remaining services from CCE and disclosing confidential information.  Id. at ¶¶ 19-20.  In September 2006, CCE informed PEI that it planned to assign future work to other vendors, which PEI believes was due to First Advantage's performance.  Id. at ¶ 21.  PEI claims to have suffered damages as a result of First Advantage's actions.  In this motion to dismiss, First Advantage seeks to dismiss six causes of action from PEI's Counterclaim. While First Advantage asserts that each of the claims fails for various reasons, the predominant argument is that PEI has added

-2-

1  claims sounding in tort for claims already covered by contract

2  causes of action.

3

4  **III.   LEGAL STANDARD**

5         Under Federal Rule of Civil Procedure 12(b)(6), a motion to

6  dismiss can be granted if the plaintiff fails "to state a claim

7  upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

8  When evaluating a motion to dismiss, the court accepts the facts

9  as stated by the nonmoving party and draws all inferences in its

10  favor.  See Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23

11  F.3d 226, 228 (9th Cir. 1994).  Furthermore, courts must assume

12  that all general allegations "embrace whatever specific facts

13  might be necessary to support them."  Peloza v. Capistrano Unified

14  Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  At the pleading

15  stage, the plaintiff "need only show that the facts alleged, if

16  proved, would confer standing upon him."  Warren v. Fox Family

17  Worldwide, Inc., 328 F.3d 1136, 1140 (9th Cir. 2003).  If a

18  complaint is dismissed for failure to state a claim, "leave to

19  amend should be granted unless the court determines that the

20  allegation of other facts consistent with the challenged pleading

21  could not possibly cure the deficiency."  Schreiber Distrib. Co.

22  v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

23         The parties agree that California substantive law applies to

24  all claims in this case pursuant to the Erie doctrine.  See Erie

25  R.R. v. Tompkins, 304 U.S. 64, 78 (1938).

26  //

27  //

28
                                   -3-

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1

**IV.   DISCUSSION**

2

  **1.  Fourth Cause of Action**

3      The Fourth Cause of Action in PEI's Counterclaim is for

4  Intentional Interference with an Existing Contractual

5  Relationship.  See CC, ¶¶ 48-55.  PEI alleges that First Advantage

6  engaged in wrongful conduct by soliciting business from CCE and

7  disclosing PEI's confidential information to CCE.  See id.  As its

8  basis for dismissal, First Advantage asserts that this claim is

9  barred by the applicable 2-year statute of limitations.  According

10 to the Complaint, "In or about spring 2005, PEI learned for the

11 first time that First Advantage was soliciting all remaining

12 services from CCE."  Id. at ¶ 19.  PEI alleges the same time

13 period for the disclosure of confidential information.  Id. at ¶

14 20.  Though First Advantage points out that "spring 2005" ended on

15 June 20, outside the statute of limitations period, this is

16 insufficient to defeat PEI's claim at this stage.  Having

17 liberally construed the pleadings, the Court finds that PEI's

18 language dating the claim "In or about spring 2005" is sufficient

19 to bring the claim within the applicable 2-year period.  At a

20 later stage in the case, PEI will have to prove that its claim

21 indeed falls within the statute of limitations.  The Court notes

22 that ¶ 14 and ¶ 16 contain allegations from early 2004, which

23 clearly fall outside the statute of limitations.  As a result,

24 First Advantage's motion is DENIED with respect to the Fourth

25 Cause of Action.

26

  **2.  Fifth Cause of Action**

27      The Fifth Cause of Action in PEI's Counterclaim is for

28

-4-

1    Intentional Interference with Prospective Economic Relations.  <u>See</u>

2    CC, ¶¶ 48-55.  The Court finds that this claim is not barred by

3    the 2-year statute of limitations for the same reasons discussed

4    with respect to the Fourth Cause of Action.

5        First Advantage also asserts that PEI fails to adequately

6    state a claim for intentional interference with prospective

7    economic relations.  As part of this claim, PEI must allege an

8    intentional act that is "independently wrongful," an act that is

9    "wrongful by some measure beyond the fact of the interference

10   itself."  <u>Della Penna v. Toyota Motor Sales, U.S.A., Inc.</u>, 11 Cal.

11   4th 376, 385 (1995).  PEI has failed to satisfy this requirement.

12   The contract between PEI and First Advantage prohibited

13   solicitation and disclosure of confidential information.  CC, ¶

14   13.  As alleged by PEI, First Advantage breached this contract by

15   soliciting business from CCE and disclosing confidential

16   information to CCE.  <u>Id.</u> at ¶ 52.  Nowhere in the claim does PEI

17   allege an independently wrongful act outside a simple breach of

18   contract by First Advantage.  PEI's allegations sound in contract,

19   not in tort, and PEI asserted its breach of contract claim in the

20   First Cause of Action.  <u>See</u> <u>JRS Prods., Inc. v. Matsushita Elec.</u>

21   <u>Corp. of Am.</u>, 115 Cal. App. 4th 168, 181-82. (2004); <u>Khoury v.</u>

22   <u>Maly's of California, Inc.</u>, 14 Cal. App. 4th 612, 618 (1993).  As

23   a result, PEI's Fifth Cause of Action is DISMISSED without

24   prejudice.

25       **3. <u>Sixth Cause of Action</u>**

26       The Sixth Cause of Action in PEI's Counterclaim is titled

27   Fraud-False Promise I.  <u>See</u> CC, ¶¶ 56-68.  PEI asserts that even

28                                    -5-

**United States District Court**
For the Northern District of California

though First Advantage promised not to solicit business from CCE,
in early 2004 and June of 2005 First Advantage solicited and
gained MVR business from CCE. <u>Id.</u> As a basis for dismissing this
claim, First Advantage asserts that it is barred by the three-year
statute of limitations for fraud claims. <u>See</u> Cal. Civ. Proc. Code
§ 338(d). In the Counterclaim, PEI states that it learned of the
alleged fraud in April of 2004, yet waited over three years, until
June of 2007, to file the claim. PEI claims that the statute of
limitations should be tolled until June of 2005 because the
parties reached a verbal agreement for settling the MVR claims.
<u>See</u> CC, ¶ 68. As both parties discuss in their briefs, PEI's
claim would have violated the statute of limitations unless the
period is equitably tolled until June 2005 based on the alleged
verbal agreement between First Advantage and PEI concerning the
MVR business. PEI alleges that First Advantage stopped making the
agreed payments in June 2005 and thus its cause of action accrued
at that time. Contrary to PEI's arguments, the Counterclaim
indicates that the parties settled the MVR claims. <u>See id.</u> This
settlement operates as a bar to reopening the controversy or
tolling the statute of limitations. <u>See</u> <u>Doran v. N. State</u>
<u>Grocery, Inc.</u>, 137 Cal. App. 4th 484, 492 (2006); <u>65 Butterfield</u>
<u>v. Chicago Title Ins. Co.</u>, 70 Cal. App. 4th 1047, 1062 (1999).
While First Advantage's alleged failure to pay under this
agreement may qualify as a breach of contract, it cannot be styled
as a fraud claim.

In addition, PEI has not alleged sufficient facts to qualify
for equitable estoppel. Equitable estoppel requires: (1) the

-6-

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury. See Honig v. San Francisco Planning Dep't, 127 Cal. App. 4th 520, 529 (2005). PEI has failed to allege that First Advantage's conduct directly prevented PEI from filing its fraud claim in time. Furthermore, PEI's claim fails to satisfy the heightened pleading standards for fraud under Rule 9(b) of the Federal Rules of Civil Procedure. PEI has failed to give a specific account of the alleged fraud "including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation omitted). As a result, PEI's Sixth Cause of Action is DISMISSED without prejudice.

**4. Seventh Cause of Action**

The Seventh Cause of Action in PEI's Counterclaim is Fraud-False Promise II. See CC, ¶¶ 69-78. PEI alleges that First Advantage promised to bill all services it performed for CCE through PEI. PEI contends that First Advantage never intended to perform, and made the promise so that PEI would forfeit its legal rights to set-off amounts it allegedly owed to First Advantage. Under California law, a cause of action for fraud based on a false promise must allege: (1) a material promise, (2) knowledge of its

-7-

United States District Court
For the Northern District of California

1  falsity, (3) intent to defraud or induce reliance, (4) justifiable

2  reliance, and (5) resulting damage.  See Lazar v. Superior Court,

3  12 Cal. 4th 631, 638 (1996).  PEI's claim fails to allege the

4  specific facts necessary to satisfy Rule 9(b).  See Swartz, 476

5  F.3d at 764.  For instance, from the bare facts alleged, the Court

6  cannot determine whether PEI has shown justifiable reliance.

7  There is no indication as to what statements were made, whether

8  they were expressed verbally or in writing, or to whom they were

9  made.  Furthermore, PEI admits that it inadequately alleged the

10  reliance damages.  As a result, PEI's Seventh Cause of Action is

11  DISMISSED without prejudice.

12      **5. <u>Eighth Cause of Action</u>**

13      The Eighth Cause of Action in PEI's Counterclaim is Fraud-

14  False Representation.  See CC, ¶¶ 79-89.  PEI alleges that First

15  Advantage wrote that "First Advantage has not endeavored to

16  directly sell its services to Coca Cola, or in anyway circumvent

17  the relationship that Private Eyes has had with Coca Cola."  CC,

18  Ex. D.  PEI asserts that it relied on this statement to its

19  detriment and continued to assign services to First Advantage.

20  See CC, ¶ 86.

21      Under California law, a cause of action for fraud based on

22  misrepresentation of fact must allege: (1) a representation of a

23  material fact, (2) knowledge of its falsity, (3) intent to

24  defraud, (4) justifiable reliance, and (5) resulting damage.  See

25  Lazar, 12 Cal. 4th at 638.  This type of claim is also subject to

26  the heightened pleading standards of Rule 9(b).  See Textainer

27  Equip. Mgmt. (U.S.) Ltd. v. TRS Inc., 2007 WL 1795695, *4 (N.D.

28  -8-

United States District Court

For the Northern District of California

Cal. June 20, 2007).

PEI's claim fails for several reasons.  First, PEI misconstrues the statement.  It is phrased in the past tense, "has not endeavored to sell," which cannot be interpreted as a promise to not solicit in the future.  Second, PEI cannot show justified reliance, because in the remainder of the Counterclaim it asserts that it already knew that First Advantage had solicited CCE business as early as 2004.

Finally, the First Advantage letter cannot be used as the basis for a fraud claim because it is subject to the litigation privilege under Cal. Civ. Code § 47(b).  The privilege applies "to all torts other than malicious prosecution, including fraud, negligence, and negligent misrepresentation."  Harris v. King, 60 Cal. App. 4th 1185, 1188 (1998).  It covers letters, such as this, sent by Senior Associate Counsel for First Advantage, intended "to achieve the objects of the litigation" or having "some connection or logical relation to the action."  Silberg v. Anderson, 50 Cal. 3d 205, 212 (1990).  As such, the privilege "applies to prelitigation communications as well as those occurring during the course of actual litigation."  Nguyen v. Proton Tech. Corp., 69 Cal. App. 4th 140, 147 (1999).  From its face, the letter meets all the requirements to apply for litigation privilege and PEI's claim based on statements in the letter fails.  Because the defects in this claim are incurable, PEI's Eighth Cause of Action is DISMISSED with prejudice.

### 6. Ninth Cause of Action

The Ninth Cause of Action in PEI's Counterclaim is for unfair

trade practices under California Business and Professions Code § 17200 et seq. ("UCL"). See CC, ¶¶ 90-95. PEI alleges that the allegations contained in its preceding claims, ¶¶ 1-22 and 41-89, are sufficient to state a claim under section 17200. However, "an action under the UCL is not an all-purpose substitute for a tort or contract action." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1150 (2003).

> When a plaintiff who claims to have suffered injury from a direct competitor's "unfair" act or practice invokes section 17200, the word "unfair" in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.

Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 187 (1999). Under the UCL, "[i]njury to a competitor is not equivalent to injury to competition; only the latter is the proper focus of antitrust laws." Id. at 186. California courts do not allow competitors to transform contract and tort claims into UCL claims. See Stevenson Real State Servs., Inc. v. CB Richard Ellis Real Estate, 138 Cal. App. 4th 1215, 1224-25 (2006) PEI's UCL claim also fails to state a claim for unfair practices because PEI cannot show that the public "is likely to be deceived" by First Advantage's conduct. Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc., 178 F. Supp. 2d 1099, 1121 (C.D. Cal. 2001). Finally, PEI cannot save this claim by including a trade secret claim under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426. The CUTSA preempts claims for unfair competition under the UCL. See AirDefense, Inc.

-10-

United States District Court
For the Northern District of California

v. AirTight Networks, Inc., 2006 WL 2092053, *5 (N.D. Cal., July 26, 2006); Digital Envoy, Inc. v. Google, Inc., 370 F. Supp. 2d 1025, 1033-34 (N.D. Cal. 2005). Because the defects in this claim are incurable, PEI's Ninth Cause of Action is DISMISSED with prejudice.

## V.   CONCLUSION

For the reasons discussed herein, Plaintiff's Motion to Dismiss the Fourth through Ninth Causes of Action in Defendant's Counterclaim is GRANTED in part and DENIED in part. The Motion is DENIED as to the Fourth Cause of Action and GRANTED as to the Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action. PEI has thirty days from the date of this Order to file an Amended Counterclaim.

IT IS SO ORDERED.

Dated: September 5, 2007

_____
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

-11-