JEFFREY M. RATINOFF (SBN 197241)
Email: jeffrey.ratinoff@bipc.com
KARINEH KHACHATOURIAN (SBN 202634)
Email: karineh.khachatourian@bipc.com
BUCHANAN INGERSOLL & ROONEY, LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 622-2300
Facsimile: (650) 622-2499

Attorneys for Plaintiff and Counter-Defendant,
FIRST ADVANTAGE BACKGROUND SERVICES CORP.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida corporation, <br><br> Plaintiff, <br><br> vs. <br><br> PRIVATE EYES, INC., a California corporation, DOES 1-10 <br><br> Defendants. <br><br> AND RELATED COUNTER-CLAIMS. | Case No. C 07-02424 SC <br><br> **PLAINTIFF FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS DEFENDANT PRIVATE EYES INC.'S FIRST AMENDED COUNTERCLAIM** <br><br> Date: December 14, 2007 <br> Time: 10:00 a.m. <br> Judge: Honorable Samuel Conti <br> Dept.: Courtroom 1 <br><br> Complaint Filed: May 4, 2007 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff First Advantage Background Services Corp. ("First Advantage") hereby submits this Request for Judicial Notice in Support of its Motion to Dismiss Defendant Private Eyes, Inc.'s First Amended Counterclaim pursuant to Federal Rule of Evidence 201, Civil Local Rule 7-10(b), and applicable case law.

It is well-established that "the Court is empowered to and does take judicial notice of court files and records." *Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979); *accord U. S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records in other cases). "The contents of the court records that may be judicially noticed include the briefs and

- 1 -

petitions of the parties. These are materials that cannot be reasonably disputed and whose accuracy cannot reasonably be questioned." *Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991) (internal citations omitted). On a motion to dismiss filed pursuant to F.R.Civ.P. 12(b)(6), the Court may also consider statements and admissions made in prior pleadings and opposition papers filed with the Court that contradict the allegations asserted. *See Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir.1990) (judicial estoppel bars a party from making a factual assertion in a legal proceeding "which directly contradicts an earlier assertion made in the same proceeding or a prior one"); *see also Cline v. Indus. Maint. Eng'ng & Contracting Co.*, 200 F.3d 1223, 1232 (9th Cir. 2000); *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990).

Accordingly, because the following documents are publicly available, and are true and correct copies of documents that were filed with this Court and/or contain contradictory statements made by Defendant Private Eyes, Inc. ("PEI"), First Advantage respectfully requests that the Court take judicial notice of these documents and their contents:

- PEI's Counterclaim Against First Advantage Background Services Corporation, filed in the above-entitled matter on June 22, 2007 (Docket Entry No. 12). A true and correct copy is attached as Exhibit A to the Declaration of Jeffrey M. Ratinoff in Support of First Advantage's Motion to Dismiss Private Eye's First Amended Counterclaim, filed concurrently herewith ("Ratinoff Declaration").

- The Court's Order Granting in Part and Denying in Part Plaintiff's Motion to Dismiss the Fourth Through Ninth Causes of Action in Defendant's Counterclaims, filed in the above-entitled matter on September 5, 2007 (Docket Entry No. 30). A true and correct copy of which is attached as Exhibit B to the Ratinoff Declaration.

- PEI's First Amended Counterclaim, filed in the above-entitled matter on October 5, 2007 (Docket Entry No. 31-2). A true and correct copy is attached as Exhibit C to the Ratinoff Declaration.

- PEI's Memorandum of Points and Authorities in Opposition to Motion to Dismiss Portions of Counter-Claim Against First Advantage Background Services Corp, filed in the above-entitled matter on July 27, 2007 (Docket Entry No. 25). A true and correct copy is attached as Exhibit D to the Ratinoff Declaration.

- First Advantage 's Reply to Defendant Private Eyes, Inc.'s Opposition to Motion to Dismiss Private Eyes, Inc.'s Counterclaims Against Plaintiff, filed in the above-entitled matter on August 3, 2007 (Docket Entry No. 27). A true and correct copy is attached as Exhibit E to the Ratinoff Declaration.

Finally, under the doctrine of incorporation by reference, the Court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *In re Silicon Graphics Inc. Sec. Lit.*, 183 F.3d 970, 986 (9th Cir. 1999) (internal citation omitted); *accord Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)). In fraud cases, courts routinely consider documents allegedly containing fraudulent statements that are referenced in the challenged pleading, but are not physically attached, to preclude plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based. *See, e.g., Gaylinn v. 3COM Corp.*, 185 F.Supp.2d 1054, 1059-1063; *Wietschner v. Monterey Pasta Co.*, 294 F.Supp.2d 1102, 1110 (N.D.Cal. 2000); *see also Perretta v. Prometheus Dev. Co., Inc.*, 2006 WL 463533 at *3-*5 (N.D.Cal. Feb 24, 2006). Under these principles, First Advantage respectfully requests that the Court incorporate the following documents that are referenced in Paragraph 72 of PEI's First Amended Counterclaim as their authenticity is not subject to dispute, and consider their contents when ruling on First Advantage's motion to dismiss:

- The November 10, 2006 email from Julie Waters of First Advantage sent to Sandra James of PEI. A true and correct copy is attached as Exhibit F to the Ratinoff Declaration.
- The November 10, 2006 letter from Julie Waters to Sandra James, which is the attachment to the above-referenced November 10, 2006 email. A true and correct copy is attached as Exhibit G to the Ratinoff Declaration.

WHEREFORE, First Advantage respectfully requests that the Court take judicial notice of the forgoing documents and facts in consideration of its concurrently filed Motion to Dismiss.

Dated: October 22, 2007                    Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY LLP

/s/ Jeffrey M. Ratinoff
By:  JEFFREY M. RATINOFF
     Attorneys for Plaintiff
     FIRST ADVANTAGE BACKGROUND
     SERVICES CORP.