JEFFREY M. RATINOFF (SBN 197241)
Email: jeffrey.ratinoff@bipc.com
KARINEH KHACHATOURIAN (SBN 202634)
Email: karineh.khachatourian@bipc.com
BUCHANAN INGERSOLL & ROONEY, LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 622-2300
Facsimile: (650) 622-2499

Attorneys for Plaintiff and Counter-Defendant,
FIRST ADVANTAGE BACKGROUND SERVICES CORP.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PRIVATE EYES, INC., a California corporation, DOES 1-10<br><br>Defendants.<br><br>AND RELATED COUNTER-CLAIMS. | Case No.: C 07-02424 SC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS PRIVATE EYES, INC.'S FIRST AMENDED COUNTERCLAIM AND ITS REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF**<br><br>Date: December 14, 2007<br>Time: 10:00 a.m.<br>Judge: Honorable Samuel Conti<br>Dept.: Courtroom 1<br><br>Complaint Filed: May 4, 2007 |

This matter came on for hearing on December 14, 2007, in Courtroom 1, of the above-entitled court on Plaintiff First Advantage Background Services Corp.'s ("First Advantage") Motion to Dismiss Defendant Private Eyes Inc.'s ("PEI") First Amended Counterclaim filed pursuant to F.R.Civ.P. 9(b) and F.R.Civ.P. 12(b)(6) and Request for Judicial Notice filed in support thereof.

The Court, having considered all papers filed in favor of and in opposition to Plaintiff's Request for Judicial, and good cause appearing therefore, the Court HEREBY GRANTS Plaintiff First Advantage's Request for Judicial Notice in its entirety.

1  Further, the Court, having considered all papers filed in favor of and in opposition to
2  Plaintiff's Motion to Dismiss, the matters of which the Court has taken judicial notice and may
3  incorporate by reference, and good cause appearing therefore, the Court HEREBY
4  GRANTS Plaintiff First Advantage Background Services Corp.'s ("First Advantage") Motion to
5  Dismiss Defendant Private Eyes Inc.'s ("PEI") First Amended Counterclaim as follows:

6  1.  PEI's Fifth Cause of Action is DISMISSED WITH PREJUDICE.  PEI fails to state a
7  counterclaim for intentional interference with prospective economic relations.  Specifically, PEI has
8  not sufficiently alleged an intentional act that is "independently wrongful," i.e., "wrongful by some
9  measure beyond the fact of the interference itself."  *Della Penna v. Toyota Motor Sales, U.S.A.,*
10 *Inc.*, 11 Cal.4th 376, 392-393 (1995).  PEI's remedy for the alleged acts of interference lies in a
11 claim for breach of contract and not intentional interference with prospective economic relations.
12 *See Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F.Supp.2d 941, 956-958 (N.D.Cal. 2003);
13 *Hsu v. OZ Optics Ltd.*, 211 F.R.D. 615, 621 (N.D.Cal. 2002); *JRS Products, Inc. v. Matsushita Elec.*
14 *Corp. of America*, 115 Cal.App.4th 168, 180-83 (2004); *Khoury v. Maly's of California, Inc.*, 14
15 Cal.App.4th 612, 618 (1993).

16 2.  PEI's Sixth Cause of Action for Fraud is DISMISSED WITH PREJUDICE.  PEI's
17 counterclaim for promissory fraud based on the alleged false promises are barred by the applicable
18 three-year statute of limitations.  Cal. Civ. Proc. Code § 338(d).  The allegations in the
19 Counterclaim demonstrate that PEI had actual knowledge of the facts constituting the alleged false
20 promises by no later than April 30, 2004, which is over three years prior to filing its Counterclaim.
21 PEI's allegation that the statute of limitations was tolled until at least June 2005 is insufficient as a
22 matter of law.  PEI's Sixth Cause of Action is also subject to dismissal because it fails to meet
23 F.R.Civ.P. 9(b)'s heightened pleading standards, including specifically alleging the who, what,
24 when, and where of the alleged verbal false promises.  *See Semegen v. Weidner*, 780 F.2d 727, 731
25 (9th Cir. 1985); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Moore v.*
26 *Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  It also false to sufficiently
27 allege the necessary elements to establish promissory fraud.  *See Lazar v. Superior Court*, 12
28 Cal.4th 631, 638 (1996); *accord City Solutions, Inc. v. Clear Channel Commc'ns*, 365 F.3d 835, 839

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

(9th Cir. 2004).

3. PEI's Seventh Cause of Action for fraud based on an alleged false promise is DISMISSED WITH PREJUDICE. The November 10 email referenced in Paragraph 72 of PEI's First Amended Counterclaim, which the Court incorporates by reference through First Advantage's request for judicial notice, makes clear that there was no actual false promise made as alleged or that could be alleged.[1] PEI's Seventh Cause of Action is also subject to dismissal because it fails to establish all of the essential elements for fraud under California law. *See Lazar,* 12 Cal.4th at 638; *accord City Solutions,* 365 F.3d at 839. PEI fails to allege that the alleged false promise was material to continuing the parties' business relationship. *See Hill v. Wrather*, 158 Cal.App.2d 818 (1958); *accord Frome v. Renner*, 1997 WL 33308718, *2 (C.D.Cal. Oct 01, 1997). PEI's Seventh Cause of Action also fails because the allegations in the Counterclaim demonstrate that no reasonable person in PEI's position would have been justified in relying on the alleged fraudulent promises and representations. *See Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal.4th 623, 638 (2007) (whether a party's reliance was justified may be decided as a matter of law if reasonable minds can come to only one conclusion based on the facts). The allegations in the Counterclaim reveal that PEI cannot allege that it justifiably relied upon the alleged false promises because it did not have any reasonable basis to rely on such promises to its detriment. *See Roland v. Hubenka,* 12 Cal.App.3d 215, 225 (1970); *Julrik Productions, Inc. v. Chester*, 38 Cal.App.3d 807, 810 (1974); *Guido v. Koopman*, 1 Cal.App.4th 837, 843 (1991). This claim is also subject to dismissal because the allegations in the Counterclaim reveal that PEI did not suffer any resulting damages. *See Service by Medallion, Inc. v. Clorox Co.*, 44 Cal.App.4th 1807, 1818 (1996)

---

[1] Under the doctrine of incorporation by reference, the Court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *In re Silicon Graphics Inc. Sec. Lit.*, 183 F.3d 970, 986 (9th Cir. 1999) (internal citation omitted); *accord Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)). In fraud cases, courts routinely consider documents allegedly containing fraudulent statements that are referenced in the challenged pleading, but are not physically attached, to preclude plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based. *See, e.g., Gaylinn v. 3COM Corp.*, 185 F.Supp.2d 1054, 1059-1063; *Wietschner v. Monterey Pasta Co.*, 294 F.Supp.2d 1102, 1110 (N.D.Cal. 2000); *see also Perretta v. Prometheus Dev. Co., Inc.*, 2006 WL 463533 at *3-*5 (N.D.Cal. Feb 24, 2006);

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

PEI's Seventh Cause of Action is also subject to dismissal because it is barred by the litigation privilege pursuant to Cal. Civ. Code § 47(b).  *See Silberg v. Anderson*, 50 Cal.3d 205, 215 (1990).  The November 10, 2006 email referenced in Paragraph 72 of PEI's First Amended Counterclaim, was sent in the context of a potential legal dispute between the parties over PEI's failure to pay for services provided by First Advantage, which allegedly constitute a breach of PEI's obligations under their March 29, 2002 agreement.  From its contents, it is clear that the email has a logical relation to a potential legal dispute at that time, as well as to the present action, which is based on a dispute arising from that agreement.  *Nguyen v. Proton Technology Corp.*, 69 Cal.App.4th 140, 147 (1999); *see also Rubin v. Green*, 4 Cal.4th 1187, 1194 (1993); *Lerette v. Dean Witter Org'n, Inc.*, 60 Cal.App.3d 573, 575, 577-78 (1976).  Accordingly, the statement made by First Advantage is subject to the litigation privilege under Section 47(b), which is an absolute privilege and therefore requires the dismissal of the Seventh Cause of Action with prejudice.

IT IS SO ORDERED

Dated: _____

HONORABLE SAMUEL CONTI
UNITED STATES DISTRICT COURT JUDGE

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418