1  JEFFREY M. RATINOFF. (SBN 197241)
   Email: jeffrey.ratinoff@bipc.com
2  KARINEH KHACHATOURIAN. (SBN 202634)
   Email: karineh.khachatourian@bipc.com
3  BUCHANAN INGERSOLL & ROONEY, LLP
   333 Twin Dolphin Drive, Suite 700
4  Redwood Shores, CA  94065-1418
   Telephone:  (650) 622-2300
5  Facsimile:  (650) 622-2499

6  Attorneys for Plaintiff and Counter-Defendant,
   FIRST ADVANTAGE BACKGROUND SERVICES CORP.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  FIRST ADVANTAGE BACKGROUND          Case No. C 07-02424 SC
    SERVICES CORP., a Florida corporation,
12                                       **PLAINTIFF'S NOTICE OF MOTION AND**
                        Plaintiff,        **MOTION TO DISMISS AND STRIKE**
13                                        **PRIVATE EYES, INC.'S SECOND**
           vs.                            **AMENDED COUNTERCLAIM;**
14                                        **MEMORANDUM OF POINTS AND**
    PRIVATE EYES, INC., a California       **AUTHORITIES IN SUPPORT THEREOF**
15  corporation, DOES 1-10
                                         [F.R.Civ.P. 12(b)(6); F.R.Civ.P. 12(f)]
16                      Defendants.
                                         Date:  June 13, 2008
17                                        Time:  10:00 a.m.
                                          Judge:  Honorable Samuel Conti
18                                        Dept.:  Courtroom 1

19  AND RELATED COUNTER-CLAIMS.

20                                        Complaint Filed:    May 4, 2007
                                          Trial Date: December 8, 2008
21

22        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23        PLEASE TAKE NOTICE THAT, on June 13, 2008 at 10:00 a.m., or as soon thereafter as

24  the matter may be heard in Courtroom 1 of the above entitled court, located at 450 Golden Gate

25  Avenue, San Francisco, California, Plaintiff and Counter-Defendant First Advantage Background

26  Services Corp. ("First Advantage"), will move for an order pursuant to Federal Rules of Civil

27  Procedure 12(b)(6) ("Rule 12(b)(6)") and 12(f) ("Rule 12(f)") and applicable case law dismissing

28  and/or striking Defendant and Counterclaimant Private Eyes, Inc.'s ("PEI") Fifth Cause of Action in

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores,  CA 94065-1418

- 1 -

1  its First Amended Counterclaim asserted against First Advantage with prejudice.

2      This motion is made on the grounds that: (1) PEI's Fifth Cause of Action fails to adequately

3  state a claim for intentional interference with prospective economic advantage; (2) PEI's Fifth Cause

4  of Action is in direct violation of this Court's March 5, 2008 Order for pleading matters that go

5  beyond the scope of its previous allegations; (3) PEI's Sixth and Seventh Causes of Action are in

6  direct violation of this Court's March 5, 2008 Order for pleading claims that were dismissed by the

7  Court with prejudice; and (4) the following paragraphs violate the Court's March 5, 2008 order:

8      • Paragraph 28; and

9      • Paragraph 33, p. 7, lines 23-27.

10     This motion is based upon this Notice of Motion and Motion, the Memorandum of Points

11  and Authorities below, PEI's First and Second Amended Counterclaims filed in this action, and the

12  following Court Orders: (1) Court Order dated September 5, 2007 (Document No. 30) and Court

13  Order dated March 5, 2008 (Document No. 46), along with the papers, records, and pleadings on

14  file herein and on such other and further matters as may be presented at the hearing on this motion.

15

16  Dated:  April 24, 2008        Respectfully submitted,

17                                BUCHANAN INGERSOLL & ROONEY LLP

18                                /s/ Jeffrey M. Ratinoff
                                  _____
19                                By:  JEFFREY M. RATINOFF
                                       Attorneys for Plaintiff and Counter-Defendant,
20                                     FIRST ADVANTAGE BACKGROUND SERVICES CORP.

21

22

23

24

25

26

27

28

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

1

**TABLE OF CONTENTS**

2
<u>Page</u>

3    I.      INTRODUCTION AND SUMMARY OF THE ARGUMENT. ............................................1

4    II.     STATEMENT OF ISSUES TO BE DECIDED. ...................................................................2

5    III.    PROCEDURAL BACKGROUND. ......................................................................................2

6    IV.     APPLICABLE LEGAL STANDARDS. ..............................................................................3

7    V.      PEI'S AMENDED FIFTH CAUSE OF ACTION FAILS TO COMPLY WITH THE
             LIMITS IMPOSED BY THE COURT'S MARCH 5 ORDER. ............................................4
8
             A.      PEI MAY NOT INCLUDE A CAUSE OF ACTION AND ALLEGATIONS IN
9                    SUPPORT THEREOF THAT THE COURT DISMISSED WITH PREJUDICE. ....4

10           B.      PEI'S NEW ALLEGATIONS PURPORTING TO CONSTITUTE TRADE LIBEL
                     GO BEYOND THE SCOPE PERMITTED BY THE MARCH 5 ORDER. ............6
11
     VI.     PEI'S SIXTH AND SEVENTH CAUSES OF ACTION ALSO VIOLATED THE
12           COURT'S MARCH 5 ORDER. ...........................................................................................9

13   VII.    THE COURT SHOULD STRIKE OTHER ALLEGATIONS IN THE COMPLAINT
             THAT ARE IMPROPER, IRRELEVANT AND INCONSISTENT WITH ITS MARCH 5
14           ORDER. ............................................................................................................................10

15   VIII.   CONCLUSION. ................................................................................................................11

16

17

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION; MOTION TO DISMISS AND STRIKE; MPA; CASE NO.: C 07-02424 SC

# TABLE OF AUTHORITIES

**Page**

FEDERAL CASES

De La Cruz v. Tormey,
   582 F.2d 45, 48 (9th Cir. 1978) ...................................................................3

Fantasy Inc. v. Fogerty,
   984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994)...............4

Global Telemedia Intern., Inc. v. Doe 1,
   132 F.Supp.2d 1261, 1266 (C.D.Cal.2001) .......................................................7

Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.,
   12 F.Supp.2d 1035, 1047 (C.D.Cal. 1998) ........................................................8

Marx v. Loral Corp.,
   87 F.3d 1049 (9th Cir. 1996) ...................................................................4, 5

New.Net, Inc. v. Lavasoft,
   356 F.Supp.2d 1090, 1113 (C.D. Cal. 2004) .....................................................8

NL Industries, Inc. v. Kaplan,
   792 F.2d 896, 898 (9th Cir.1986) ...............................................................3

Optinrealbig.com, LLC v. Ironport Sys., Inc.
   323 F.Supp.2d 1037, 1048  (N.D.Cal.2004) ......................................................6

Western Mining Counsel v. Watt,
   643 F.2d 618, 624 (9th Cir. 1981) ..............................................................3

STATE CASES

Barnes-Hind, Inc. v. Superior Court,
   181 Cal.App.3d 377, 381 (1986) ...............................................................7

ComputerXpress, Inc. v. Jackson,
   93 Cal.App.4th 993,1010 (2001) ...............................................................7

Gilbert v. Sykes,
   147 Cal.App.4th 13, 34 (2007) ...............................................................9, 11

Melaleuca, Inc. v. Clark
   66 Cal.App.4th 1344, 1360 (1998) ............................................................7

FEDERAL RULES

Fed. R. Civ. Pro. 12(f)............................................................................3

Federal Rules of Civil Procedure 12(b)(6)..................................................1, 2, 3

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT.**

On April 4, 2008, Private Eyes, Inc. ("PEI") served First Advantage Background Services Corp. ("First Advantage") with its Second Amended Counterclaim ("SACC").  Much to First Advantage's surprise, the SACC contained the <u>same</u> causes of action and allegations support those causes of action that the Court ***dismissed with prejudice*** in its March 5, 2008 order granting, in part, First Advantage's motion to dismiss PEI's First Amended Counterclaim ("FACC").  PEI's purported excuse (based on a misapprehension of Ninth Circuit authority) for its flagrant disregard of the Court's order was to "preserve its rights on appeal."  However, under Ninth Circuit and Northern District case law, PEI has no legitimate legal basis to keep these claims and allegations in its pleading.  Further, PEI's continued recalcitrance will prejudice First Advantage by not providing a proper framework for discovery and trial, as well as make it difficult to answer the SACC since it is unclear what allegations and claims PEI believes to be operative and what it believes to be asserted to preserve its rights on the appeal.  Neither the Court nor First Advantage should be responsible for making this determination.  Accordingly, the Court should once again dismiss the Fifth, Sixth and Seventh Causes of action and strike them as being in violation of the law of this case.

In addition, PEI improperly introduced a new independent wrongful act supporting its Fifth Cause of Action for Intentional Interference with Prospective Economic Advantage.  In its FACC, PEI alleged that the defamatory statement constituting its trade libel theory of intentional interference allegedly concerned PEI's incompetence.  PEI dropped that theory and is now for the first time alleging that a First Advantage employee purportedly stated that Sandra James, PEI's president, was a liar.  Not only is this a new wrongful act, which the Court precluded PEI from asserting, but is also insufficient to support a trade libel claim.  California law makes clear that the alleged trade libel must disparage a <u>business'</u> goods or services, not the individuals working for the business.  Further, PEI fails to allege that the defamatory statement is in writing, which is required by California law.  PEI also still fails to sufficiently allege special damages proximately caused by the alleged trade libel.  Since PEI's new theory is inconsistent with its prior one and still does not meet the pleading requirements for a trade libel claim, the Court should dismiss and strike the Fifth

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

1  Cause of Action in its entirety with prejudice.

2  **II.   STATEMENT OF ISSUES TO BE DECIDED.**

3         1.       Whether PEI's Fifth Cause of Action violates this Court's March 5, 2008 Order for

4  pleading matters that go beyond the scope of its previous allegations;

5         2.       Whether PEI's Fifth Cause of Action fails to adequately state a claim for intentional

6  interference with prospective economic advantage, and specifically whether it sufficiently alleges

7  trade libel as an independent wrong;

8         3.       Whether PEI's Sixth and Seventh Causes of Action are direct violation of this Court's

9  March 5, 2008 Order for pleading claims that were dismissed by the Court with prejudice in that

10  order.

11        4.       Whether the following allegations in the SACC violate the Court's March 5, 2008

12  order and are immaterial, irrelevant and impertinent: Paragraph 28 and Paragraph 33, p. 7, lines 23-

13  27.

14  **III.   PROCEDURAL BACKGROUND.**

15        On June 22, 2007, PEI filed a Counterclaim, which included causes of action for: (1) Breach

16  of Written Contract; (2) Breach of Oral Contract; (3) Unjust Enrichment; (4) Intentional

17  Interference with Contractual Advantage; (5) Intentional Interference with Prospective Economic

18  Advantage; (6) Fraud - False Promise I; (7) Fraud - False Promise II; (8) Fraud - Intentional

19  Misrepresentation; (9) Unfair Trade Practices; (10) Account Stated; and (11) Open Book Account.

20  *See* Declaration of Jeffrey M. Ratinoff filed in Support of First Advantage's Motion to Dismiss

21  ("Ratinoff Decl."), Exh. A (also referred to as "Counterclaim").

22        In response, First Advantage moved to dismiss the Fourth through Ninth Causes of Action.

23  This Court denied the motion with respect to the Fourth Cause of Action.  *See* Ratinoff Decl., Exh.

24  B at 4:2-25 (also referred to as "Order").  However, the Court granted the motion to dismiss the

25  Fifth, Sixth and Seventh Causes of Act without prejudice.  *Id*. at 4:2-8:11.  The Court also granted

26  the motion to dismiss the Eighth and Ninth Causes of Action with prejudice.  *Id.* at 8:12-11:6.  After

27  the Court's Order, PEI filed its First Amended Counterclaim wherein it attempted to re-allege its

28  Fifth, Sixth and Seventh Causes of Action.  *See* Ratinoff Decl., Exh. C.

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

1   First Advantage moved to dismiss these claims as they did not comply with the Court's prior

2   rulings or simply failed to cure the defects identified by the Court. The Court dismissed the Fifth

3   Cause of Action for intentional interference with prospective economic advantage with prejudice to

4   the extent the claim was based on trade secret misappropriation and a breach of confidence.

5   Document No. 46 at 4:3-10:4, 12:23-13:7. However, to the extent that the claim was based on trade

6   libel, the Court granted PEI leave to amend to assert facts sufficient to establish the alleged trade

7   libel. *Id*. at 10:5-12:21, 12:23-13:7. The Court dismissed the Sixth Cause of Action for fraud with

8   prejudice to the extent that it was based on an alleged false promise not to solicit and found that PEI

9   had sufficiently alleged a fraud claim for a false promise not to disclose confidential information so

10  long as such information did not arise to the level of a trade secret. *Id*. at 13:8-24:5. Finally, the

11  Court dismissed the Seventh Cause of Action for promissory fraud in its entirety with prejudice. *Id*.

12  at 24:6-27:1.

13  **IV.    APPLICABLE LEGAL STANDARDS.**

14  Rule 12(b)(6) provides that a party may move to dismiss an action for failure to state a claim

15  upon which relief can be granted. On a motion to dismiss, the allegations of the complaint must be

16  accepted as true. *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986). However, the

17  Court need not accept as true the conclusory allegations, legal characterizations, unreasonable

18  inferences or unwarranted deductions of fact alleged in the operative complaint. *Western Mining*

19  *Counsel v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Dismissal under Rule 12(b)(6) is appropriate

20  where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged

21  under a cognizable legal theory." *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

22  A motion to strike is appropriate to attack portions of pleadings that cannot be addressed by

23  a motion to dismiss. Specifically, Fed. R. Civ. Pro. 12(f) states as follows:

24      upon motion made by a party within 20 days after the service of the
        pleading upon the party or upon the court's own initiative at any time, the

25      court may order stricken from any pleading any insufficient defense or
        any redundant, immaterial, impertinent, or scandalous matter.

26

27  Where the motion may have the effect of making the trial of the action less complicated, or have the

28  effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

1  well taken.  *See Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other*

2  *grounds*, 510 U.S. 517 (1994).

3       Finally, both a motion to dismiss and a motion to strike are proper where a plaintiff or

4  counterclaimant reasserts allegations and causes of action in an amended pleading after the court

5  dismissed such allegations and claims with prejudice.  *See, e.g.*, *Miller v. Cont'l Airlines, Inc.*, 2003

6  WL 21557678, * 1-2 (N.D.Cal. July 1, 2002).

7  **V.    PEI'S AMENDED FIFTH CAUSE OF ACTION FAILS TO COMPLY WITH THE
        LIMITS IMPOSED BY THE COURT'S MARCH 5 ORDER.**

8

9       In the March 5 Order, the Court expressly held the following with respect to PEI's Fifth

10  Cause of Action:

11         To the extent Private Eyes' claim for intentional interference with
           prospective economic advantage is based on wrongful acts amounting
12         to trade secret misappropriation, the claim is preempted by CUTSA
           and is therefore dismissed with prejudice.  The claim based on
13         common law breach of confidence is ***dismissed with prejudice***.  The
           claim based on trade libel is dismissed without prejudice.  Private Eyes
14         may amend its pleading to address the deficiencies described above.
           Private Eyes ***may not***, in amending its pleading, add new wrongful
15         acts as possible foundations for the intentional interference claim.  If
           Private Eyes chooses to amend the claim, it shall be ***limited to the***
16         ***claim based on trade libel.***

17  Docket No. 46 at 12:22-13:7 (emphasis added); *see also* 12-21, 4:6-12:21, 27:7-12.

18       Notwithstanding the Court's ruling, PEI included in its SACC the <u>same</u> allegations

19  concerning trade secret misappropriation and breach of confidence supporting its interference claim.

20  In further violation of the March 5 Order, PEI added a newly alleged independent wrongful act that

21  goes beyond the scope of the trade libel theory it previously asserted.  As discussed below, the

22  Court should dismiss and/or strike the <u>entire</u> Fifth Cause of Action with prejudice.

23       **A.    PEI May Not Include A Cause Of Action And Allegations In Support Thereof
             That The Court Dismissed With Prejudice.**

24

25       PEI's stated reason for its failure to removing allegations of trade secret misappropriation

26  and breach of confidence as independent wrongs supporting its interference claim is to preserve its

27  rights on appeal.  *See* Document No. 47 ("SACC") at 20:1-9.  To support this unorthodox position,

28  PEI cites to *Marx v. Loral Corp.*, 87 F.3d 1049 (9th Cir. 1996).  PEI's reliance on *Marx* is misplaced

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

- 4 -

1    because it does not stand for the proposition that a plaintiff may keep causes of action dismissed

2    with prejudice by court order in the amended pleading. *Id.* at 1055-56. Rather, *Marx* states that the

3    <u>voluntary</u> omission of a claim by the plaintiff in an amended pleading or where its complaint is

4    dismissed <u>without</u> prejudice results in waiver on appeal. *Id.; see also Crane v. Hatton*, 2008 WL

5    763772 * 1 (N.D.Cal. Mar 21, 2008) (plaintiff waived all causes of action alleged in the original

6    complaint that are not alleged in the amended complaint where it is as a matter of course or after

7    leave of court supersedes the original complaint). Thus, *Marx* does not support PEI's "preservation

8    of rights" theory of pleading.

9        Even under those specific circumstances, however, *Marx* expressly states that "if the

10    plaintiff wishes to preserve those claims it must refuse to plead any further." *Marx*, 87 F.3d at

11    1055-56. Consistent with *Marx*, if PEI truly believes that the Court erred in its rulings, it should

12    have either filed a motion for reconsideration or sought an interlocutory appeal. Since it did not,

13    PEI cannot rely on *Marx* to justify its violation of the Court's March 5 Order.

14        Further undermining PEI's position is the fact that courts in this District recognize that the

15    rule stated in *Marx* does not extend to the dismissal of claims with prejudice. A dismissal of a

16    claim with prejudice precludes the plaintiff (or counterclaimant) from re-alleging those claims in an

17    amended pleading. *See, e.g., Miller v. Cont'l Airlines, Inc.*, 2003 WL 21557678, * 2 (N.D.Cal. July

18    1, 2002). In that regard, where a plaintiff attempts to re-allege claims that the court dismissed with

19    prejudice in an amended pleading, those claims are subject to dismissal under Rule 12(b)(6) and to

20    being stricken pursuant to Rule 12(f). *See id.*

21        PEI's "preservation of rights" theory is also prejudicial to First Advantage. By not

22    complying with the Court's March 5 Order, PEI is forcing First Advantage to respond to claims and

23    allegations which the Court rightfully dismissed with prejudice. Since the Counterclaim frames the

24    issues for discovery and trial, PEI has also confusingly muddled the scope of discovery and trial.

25        It is undisputed that PEI's inclusion of allegations of trade secret misappropriation and

26    breach of confidence as alleged independent wrongs supporting its interference claim violate the

27    Court's March 5 Order. As such, for the same grounds enumerated in that order and for those stated

28    above, the Court should dismiss PEI's Fifth Cause of Action with prejudice (again) and strike the

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

1  allegations supporting such theories in their entirety.

2     **B.    PEI's New Allegations Purporting To Constitute Trade Libel Go Beyond The Scope Permitted By The March 5 Order.**

3

4     PEI's SACC also improperly introduces a new independent wrongful act as the basis for

5  PEI's intentional interference claim.  In its First Amended Counterclaim, PEI introduced a trade

6  libel theory where the alleged injurious statement consisted of "falsely stating that PEI was

7  incompetent to perform services for CCE and that PEI and that First Advantage could do a superior

8  job".  Document No. 31-2 ¶ 52(c).  PEI is now for the first time alleging that Steve Flack of First

9  Advantage allegedly verbally stated to a CCE employee that Sandra James (and not PEI) "was a

10  liar."  SACC at ¶ 52 (c)(1)-(8).  PEI's new allegations violate the Court's March 5 Order.

11     The Court made clear that PEI could only amend its Fifth Cause of Action by providing

12  sufficient allegations to support the previously alleged theory of trade libel.  In that regard, PEI

13  cannot seriously contend that a trade libel theory based on a statement that **PEI** is "incompetent" is

14  remotely similar to a theory based on the statement that **Sandra James** is a "liar."  By definition,

15  "incompetent" means "Inadequate for or unsuited to a particular purpose or application" or "Devoid

16  of those qualities requisite for effective conduct or action." *The American Heritage® Dictionary of*

17  *the English Language* (Houghton Mifflin Co., 4th Ed. 2004). 12 Apr. 2008.  Conversely, a "liar" is

18  "[a] person who knowingly utters falsehood; one who lies." *Webster's Revised Unabridged*

19  *Dictionary*. (MICRA, Inc., 2008).  Further, PEI has also changed the subject of the defamatory

20  statement from a business to an individual, which also significantly changes the basis of PEI's

21  theory.  Simply alleging that the person is an employee of that business does not change this fact,

22  and as discussed below, disqualifies the alleged statement as a trade libel.

23     PEI's new allegations also fail to even establish a trade libel claim.  To prevail in a claim for

24  trade libel, a plaintiff must demonstrate that the defendant: (1) made a statement that disparages *the*

25  *quality of the plaintiff's product*; (2) that the offending statement was couched as fact, not opinion;

26  (3) that the statement was false; (4) that the statement was made with malice; and (5) that the

27  statement resulted in monetary loss.  *Optinrealbig.com, LLC v. Ironport Sys., Inc.* 323 F.Supp.2d

28  1037, 1048  (N.D.Cal.2004) (emphasis added); *see also Global Telemedia Intern., Inc. v. Doe 1,*

*Buchanan Ingersoll & Rooney LLP*
*333 Twin Dolphin Drive, Suite 700*
*Redwood Shores,  CA 94065-1418*

- 6 -

1    132 F.Supp.2d 1261, 1266 (C.D.Cal.2001).

2        California law makes clear that the alleged trade libel must disparage a business' goods or

3    services, not the individuals working for the business. *Melaleuca, Inc. v. Clark* 66 Cal.App.4th

4    1344, 1360 (1998) (recognizing that the key element distinguishing defamation and trade libel is

5    whether the challenged expressions "defamed the reputation of [the plaintiff] or merely disparaged

6    products it owns or markets."); *accord ComputerXpress, Inc. v. Jackson*, 93 Cal.App.4th 993,1010

7    (2001) ("[t]rade libel is the publication of matter disparaging the quality of another's property,

8    which the publisher should recognize is likely to cause pecuniary loss to the owner"). This is in

9    contrast to "common law defamation," which "relates to the standing and reputation of the

10   businessman as distinct from the quality of his or her goods." *Barnes-Hind, Inc. v. Superior Court*,

11   181 Cal.App.3d 377, 381 (1986); s*ee generally*, 5 Witkin, Summary of Cal. Law (10th ed. 2005)

12   Torts, § 640, p. 945; *id*. (2007 supp.), p. 73.

13       Here, PEI alleges that Steven Flack of First Advantage expressed his belief to an employee

14   of CCE that Sandra James was "a liar and could not be trusted." Ignoring the fact that this statement

15   likely constitutes an opinion versus a statement of fact, it is not actionable under the legal definition

16   of trade libel. It was clearly about Ms. James and not about PEI or the services offered by PEI.

17   Irrespective of whether Mr. James was president of PEI at the time the statement was made and that

18   it was allegedly made during the course of the parties' business relationship, there is simply no way

19   calling someone a liar has any bearing on the ***quality*** of a business' goods or services. Indeed, PEI

20   aptly noted in its previous opposition that trade libel is not the same as defamation. Document No.

21   41 at 9:27-10:2 ("Trade libel 'is defined as an intentional disparagement of the quality of property,

22   which results in pecuniary damage to plaintiff …' Injurious falsehood, or disparagement, is defined

23   as 'the publication of matter derogatory to the plaintiff's title to his property, or its quality, ***or to his***

24   ***business in general*** ....') (emphasis in original). Since PEI clearly understands this difference and

25   chose to ignore it, PEI should not receive another chance to further amend its Fifth Cause of Action.

26       PEI further fails to establish trade libel because PEI alleges that the alleged statement was

27   orally communicated. To establish trade libel, the defamatory statement must be in writing.

28   *Schering Corp. v. First DataBank Inc.*, 2007 WL 1176627, *10 n. 8 (N.D. Cal. Apr. 20, 2007);

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

- 7 -

1    *New.Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1113 (C.D. Cal. 2004).

2        Finally, PEI still fails to sufficiently allege special damages, as required by California law.

3    *See Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.,* 12 F.Supp.2d 1035, 1047 (C.D.Cal. 1998).

4    In the March 5 Order, the Court found that PEI failed to sufficiently allege special damages because

5    it did "not allege the amount of business it had from CCE prior to First Advantage allegedly making

6    the [injurious] statements, how much it had after, or the value of the business."  Document No. 46 at

7    11:19-12:3.  The Court also noted that PEI failed differentiate its total loss from the preempted acts

8    of interference which also was the same amount for its other claims.  *Id.*  Instead of curing these

9    noted defects, PEI simply concludes that it suffered $1.8 million in damages "related to the

10   injurious statement", which constitutes a "subset" of the range of $4-5 million that PEI alleges as it

11   total damages for all of its claims.  *See* SACC, ¶¶ 52(c), 32, 8, 54.  Absent from the SACC,

12   however, is an explanation of how this alleged "sub-set" is attributable to the alleged trade libel,

13   which occurred over a year prior to CCE terminating the parties' business relationship.  Also absent

14   are allegations establishing the amount of business it had from CCE prior to the First Advantage

15   making the injurious statement, how much it had after, and the value of the business.  PEI has

16   therefore failed to comply with the Court's ruling and California law.

17       Further, in order to establish a trade libel claim, PEI must allege a ***direct causal connection***

18   between the alleged defamatory statements and a specific pecuniary loss of business from CCE.

19   *See Isuzu Motors*, 12 F.Supp.2d at 1047; *Eldorado Stone, LLC v. Renaissance Stone, Inc.*, 2005 WL

20   5517731, *4 (S.D.Cal. August 10, 2005).  PEI's new allegations also do not cure this fatal defect in

21   its trade libel theory.  To the contrary, these allegations affirmatively show that there is ***no***

22   proximate causation between the alleged "trade libel" and the alleged damages.  PEI now claims

23   that the trade libel occurred in June 13, 2005, while the alleged damages resulting from CCE's

24   termination of the parties' business relationship did not occur until September 28, 2006.  SACC, ¶¶

25   21, 32, 52(c) 6, 8.  Given the lapse in time, this is clearly too remote to establish proximate

26   causation.

27       PEI's own admission also establish that these damages were unrelated to the alleged trade

28   libel.  In PEI's general allegations, which are incorporated into its Fifth Cause of Action by

*Buchanan Ingersoll & Rooney LLP*
*333 Twin Dolphin Drive, Suite 700*
*Redwood Shores, CA 94065-1418*

- 8 -

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

1  reference, PEI specifically alleges CCE assigned all the services to different vendors because CCE

2  was allegedly not satisfied with First Advantage and was wary of the friction between PEI and First

3  Advantage "which arose from [First Advantage's] direct solicitation of CCE for services."  SACC,

4  ¶¶ 21, 32.  PEI should not be allowed stand on the new allegations as they contradict PEI's original

5  position concerning the alleged reason CCE ended its relationship with PEI.  *See Perretta v.*

6  *Prometheus Development Co., Inc.*, 2006 WL 463533 at *5 (N.D.Cal. Feb 24, 2006) (application of

7  judicial estoppel is "particularly justified to prevent a party from taking an inconsistent position

8  simply to evade otherwise inevitable dismissal").

9       Accordingly, because PEI's new allegations are inconsistent with its prior theory of trade

10  libel as an independent wrong and do not allege facts sufficient to establish a trade libel claim, the

11  Court should dismiss and strike PEI's ***entire*** Fifth Cause of Action.  The Court should do so with

12  prejudice since PEI has repeated failed to sufficiently allege an independent wrong.  *See Gilbert v.*

13  *Sykes*, 147 Cal.App.4th 13, 34 (2007) (plaintiff could not base an intentional interference claim on

14  the same acts which would not support a defamation action).

15  **VI.    PEI'S SIXTH AND SEVENTH CAUSES OF ACTION ALSO VIOLATE THE**
   **COURT'S MARCH 5 ORDER.**
16

17       Similar to its Fifth Cause of Action, PEI's refusal to omit the portion of its Sixth Cause of

18  Action based on First Advantage's alleged false promise to not solicit CCE and its entire Seventh

19  Cause of Action for promissory fraud is also in direct violation of the Court's March 5 Order.  With

20  respect to the Sixth Cause of Action, the Court held that "Private Eyes' claim for false promise fraud

21  based on the promise not to solicit business from CCE ***is dismissed with prejudice***."  Document No.

22  46 at 27:12-16 (emphasis added); *see also* 14:4-17:16.  Likewise, the Court ruled that "The Seventh

23  Cause of Action for false promise fraud based on First Advantage's promise to bill CCE through

24  Private Eyes is ***dismissed with prejudice***."  *Id*. at 27:17-18 (emphasis added); *see also* 24:6-27:1.

25       In light of the Court's express rulings dismissing these causes of action, PEI's Second

26  Amended Counterclaim is in blatant violation of the March 5 Order.  As discussed above in Section

27  V.A., there is no substantive, legal or procedural basis to maintain these causes of action as

28  previously dismissed.  *See, Miller v. Cont'l Airlines, Inc.*, 2003 WL 21557678, * 2.  Thus, for the

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

1   reasons set forth herein, in the Court's March 5 Order and First Advantages Motion to Dismiss PEI's

2   FACC, the Court should once again dismiss and also strike PEI's Sixth and Seventh Causes of

3   Action with prejudice.

4   **VII.   THE COURT SHOULD STRIKE OTHER ALLEGATIONS IN THE COMPLAINT
5          THAT ARE IMPROPER, IRRELEVANT AND INCONSISTENT WITH ITS
       MARCH 5 ORDER.**

6          Several paragraphs and allegations asserted in PEI's First and Second Causes of Action

7   should also be stricken as improper, irrelevant and in violation of the Court's ruling in the March 5

8   Order.  Specifically, the Court should strike Paragraph 28 of the SACC, which states "FIRST

9   ADVANTAGE beached the terms of Exhibits A and B by directly soliciting MVR's from CCE.

10  PEI is informed and believes, and based thereon alleges, that ROES 1-20 materially contributed to

11  the breach."  SACC at ¶ 28.  This allegation is one of several claimed breaches of contract

12  supporting PEI's First Cause of Action and is the same promise/agreement not to solicit CCE that

13  was subject to PEI's promissory fraud claim, which was dismissed with prejudice.

14         In the March 5 Order, the Court recognized that the parties' settlement agreement regarding

15  First Advantage's allegedly improper solicitation of MVRs was extinguished by the parties' oral

16  settlement agreement.  Document No. 46 at 14:5-15:19; *see also* Document No. 30 at 5:26-6:22

17  Specifically, the Court ruled that "[t]he parties settled the dispute relating to First Advantage's

18  solicitation of the MVR business from CCE in 2005," which effectively extinguished any resulting

19  claims.  Document No. 46 at 15:7-18; *see also* Document No. 30 at 6:17-22 ("the Counterclaim

20  indicates that the parties settled the MVR claims… [t]his settlement operates as a bar to reopening

21  the controversy").  The Court's holding is effective as the law of the case and is equally applicable

22  to allegations of breach of contract based on the same alleged improper solicitation of MVRs.  As

23  such, the Court should strike Paragraph 28 of the SACC as the Court's prior order precludes PEI

24  from seeking to recover on any theory of liability, including breach of contract, that stems from the

25  alleged direct solicitation of CCE for MVR services.

26         Similarly, the Court should strike the following allegations from Paragraph 33 of the SACC:

27         In or about October 2006, FIRST ADVANTAGE agreed to have all
           billings for the services that FIRST ADVANTAGE performed for
28         CCE to go through PEI, so PEI could earn a profit on the services.

FIRST ADVANTAGE made this promise because it had improperly solicited business from CCE, wanted to continue its business relationship with PEI, and wanted to obtain payments for outstanding services.

SACC at ¶ 33, 7:23-27.

Not only does this allegation contradict PEI's allegations supporting its Seventh Cause of Action for promissory fraud, which was based on the same alleged agreement, but it also runs afoul with the Court's dismissal of that cause of action with prejudice. *See* Document No. 46 at 24:7-27:1; *see also* Document No. 32 at 19:18-25:16; Document No. 33, Exhs. F-G; Document No. 36 at 3:1-21; Document No. 42 at 11:23-14:15. In particular, the Court recognized that PEI asserted inconsistent theories of how and when the alleged agreement to run all billings through PEI was made and by whom. *Id.* at 24:15-25:8, 26:15-27. The Court also recognized that the email PEI alleged to be evidence of this agreement made clear that no such agreement as alleged by PEI was reached between the parties. *Id.* at 25:9-26:14. Since the above-allegations pertain to the same alleged agreement that was subject to the now-dismissed Seventh Cause of Action and PEI has conclusively demonstrated an inability to provide a legal and factual basis for the existence of the alleged agreement, the Court should strike Paragraph 33, page 7, lines 23-27 from PEI's SACC.

## VIII.  CONCLUSION.

For the foregoing reasons, as well as those set forth in the Court's March 5 Order and First Advantages Motion to Dismiss PEI's FACC, First Advantage respectfully requests that the Court grant First Advantage's present motion in its entirety. Since PEI had ample warning and opportunity to correct the defects identified by the Court in its September 5 and March 5 Orders and it is clear that further amendment would be futile, First Advantage respectfully requests that the Court dismiss and/or strike PEI's Fifth through Seventh Causes of Action with prejudice.

Dated:  April 24, 2008          Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY LLP

/s/ Jeffrey M. Ratinoff

By:  JEFFREY M. RATINOFF
     Attorneys for Plaintiff and Counter-Defendant,
     FIRST ADVANTAGE BACKGROUND SERVICES CORP.

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

#1039079-v4