1  JEFFREY M. RATINOFF (SBN 197241)
   Email: jeffrey.ratinoff@bipc.com
2  KARINEH KHACHATOURIAN (SBN 202634)
   Email: karineh.khachatourian@bipc.com
3  BUCHANAN INGERSOLL & ROONEY, LLP
   333 Twin Dolphin Drive, Suite 700
4  Redwood Shores, CA 94065-1418
   Telephone: (650) 622-2300
5  Facsimile: (650) 622-2499

6  Attorneys for Plaintiff and Counter-Defendant,
   FIRST ADVANTAGE BACKGROUND SERVICES CORP.
7

8
                        UNITED STATES DISTRICT COURT
9
                       NORTHERN DISTRICT OF CALIFORNIA
10

11  FIRST ADVANTAGE BACKGROUND            Case No. C 07-02424 SC
    SERVICES CORP., a Florida corporation,
12                                         **[PROPOSED] ORDER GRANTING
                   Plaintiff,              PLAINTIFF'S MOTION TO DISMISS AND
13                                         STRIKE PRIVATE EYES, INC.'S SECOND
         vs.                               AMENDED COUNTERCLAIM**
14
    PRIVATE EYES, INC., a California
15  corporation, DOES 1-10                 Date:  June 13, 2008
                                           Time:  10:00 a.m.
16                 Defendants.             Judge: Honorable Samuel Conti
                                           Dept.: Courtroom 1
17

18  AND RELATED COUNTERCLAIMS.             Complaint Filed: May 4, 2007
                                           Trial Date:      December 8, 2008
19

20       This matter came on for hearing on June 13, 2008, in Courtroom 1, of the above-entitled

21  court on Plaintiff First Advantage Background Services Corp.'s ("First Advantage") Motion to

22  Dismiss and Strike Defendant Private Eyes Inc.'s ("PEI") Second Amended Counterclaim filed

23  pursuant to F.R.Civ.P. 12(b)(6) and 12(f).

24       The Court, having considered all papers filed in favor of and in opposition to Plaintiff's

25  Motion to Dismiss and/or Strike, the matters of which the Court may take judicial notice, and

26  matters in the Court's files and its own orders, and good cause appearing therefore, the Court

27  HEREBY GRANTS Plaintiff First Advantage Background Services Corp.'s ("First Advantage")

28  Motion to Dismiss and/or Strike Defendant Private Eyes Inc.'s ("PEI") Second Amended

Counterclaim as follows:

1.  For the reasons set forth in the Court's March 5, 2008 Order and PEI's failure to comply therewith, PEI's Fifth Cause of Action is DISMISSED and STRICKEN WITH PREJUDICE in its entirety. As pled, the Fifth Cause of Action is in direct violation of this Court's March 5, 2008 Order ("March 5 Order") for asserting claims that were previously dismissed with prejudice. PEI is not entitled to maintain a cause of action for intentional interference with prospective economic advantage based on allegations of trade secret misappropriation and a breach of confidence for substantive or procedural reasons, such as preserving its appellate rights. *See, e.g., Miller v. Cont'l Airlines, Inc.*, 2003 WL 21557678, * 1-2 (N.D.Cal. July 1, 2002).

PEI has also violated the Court's March 5 Order by introducing a new independent wrong purporting to be trade libel in support of its claim for intentional interference with prospective economic advantage. In that order, the Court made clear that PEI could not introduce any new theories other than to provide sufficient facts to support the trade libel claim it alleged in the First Amended Counterclaim. PEI's new theory of trade libel violates this directive as it asserts an entirely different alleged wrongdoing.

Even if this new theory were not otherwise in violation of the March 5 Order, PEI still fails to set forth sufficient allegations to support a claim for trade libel. Specifically, PEI fails to allege an injurious statement that disparages a PEI's goods or services. *See Melaleuca, Inc. v. Clark*, 66 Cal.App.4th 1344, 1360 (1998) (recognizing that the key element distinguishing defamation and trade libel is whether the challenged expressions "defamed the reputation of [the plaintiff] or merely disparaged products it owns or markets."); *accord ComputerXpress, Inc. v. Jackson*, 93 Cal.App.4th 993,1010 (2001) ("[t]rade libel is the publication of matter disparaging the quality of another's property, which the publisher should recognize is likely to cause pecuniary loss to the owner"). Further, the alleged injurious statement was not made in writing. *See Schering Corp. v. First DataBank Inc.*, 2007 WL 1176627, *10 n. 8 (N.D. Cal. Apr. 20, 2007); *New.Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1113 (C.D. Cal. 2004).

Finally, PEI still fails to sufficiently allege special damages, as required by California law. *See Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.,* 12 F.Supp.2d 1035, 1047 (C.D.Cal. 1998).

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

1 PEI's Second Amended Counterclaim still fails to allege the amount of business it had from CCE
2 prior to First Advantage allegedly making the injurious statements, how much it had after, or the
3 value of the business. Further, there are insufficient allegations that the alleged damages were a
4 direct and proximate result of the alleged trade libel. In fact, the new allegations in PEI's pleading
5 affirmatively show that there is *no* proximate causation between the alleged trade libel and the
6 alleged damages, which allegedly occurred over a year after the alleged trade libel.

7     2. For the reasons set forth in the Court's March 5, 2008 Order and PEI's failure to
8 comply therewith, PEI's Sixth Cause of Action is DISMISSED and STRICKEN WITH
9 PREJUDICE to the extent that it asserts a cause of action based on First Advantage's alleged false
10 promise to not solicit PEI's customers, including Coca-Cola Enterprises. As plead, the Sixth Cause
11 of Action is in direct violation of this Court's order. PEI is not entitled to maintain a cause of action
12 for promissory fraud based on First Advantage's alleged false promise to not solicit PEI's customers
13 for substantive or procedural reasons, such as preserving PEI's appellate rights. *See, e.g., Miller*,
14 2003 WL 21557678, * 1-2.

15     3. For the reasons set forth in the Court's March 5, 2008 Order and PEI's failure to
16 comply therewith, PEI's Seventh Cause of Action is DISMISSED and STRICKEN WITH
17 PREJUDICE in its entirety. PEI is in direct violation of this Court's March 5, 2008 Order by
18 pleading a claim that was dismissed by the Court with prejudice. PEI is not entitled to maintain this
19 cause of action for substantive or procedural reasons, such as preserving its appellate rights. *See,*
20 *e.g., Miller*, 2003 WL 21557678, * 1-2

21     4. The following paragraphs in the Second Amended Counterclaim violate the Court's
22 March 5, 2008 order and are immaterial, irrelevant and impertinent, and are THEREFORE
23 STRICKEN WITH PREJUDICE:

24     • Paragraph 28;
25     • Paragraph 33, p. 7, lines 23-27.
26 IT IS SO ORDERED

27 Dated: _____
28     HONORABLE SAMUEL CONTI
    UNITED STATES DISTRICT COURT JUDGE

Buchanan Ingersoll & Rooney LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

#1039550v2