Mark R. Mittelman (SBN 96598)
Paul A. Kanter (SBN 194596)
LAW OFFICES OF MARK R. MITTELMAN
A Professional Corporation
190 North Wiget Lane, Suite 101
Walnut Creek, California 94598
Telephone: (925) 256-0677
Facsimile: (925) 256-0679
Email: mmittellman@mittellaw.com
Email: pkanter@mittellaw.com

Attorneys for Defendant / Counter-Claimant /
Cross-Complainant
PRIVATE EYES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>PRIVATE EYES, INC., a California corporation, DOES 1-10,<br><br>    Defendants. | Case No. C07-2424 SC<br><br>**MEMORANUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTER-CLAIMANT PRIVATE EYES, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A THIRD AMENDED COUNTER-CLAIM TO ADD CAUSES OF ACTION FOR FRAUD AND VIOLATION OF THE CALIFORNIA UNFAIR TRADE SECRETS ACT**<br>**[F.R.C.P. 15]**<br><br>DATE: July 11, 2008<br>TIME: 10:00 a.m.<br>DEPT: Courtroom 1<br>JUDGE: Hon. Samuel Conti<br><br>Complaint Filed: May 4, 2007<br><br>Counter-Claim Filed: June 22, 2007 |
| PRIVATE EYES, INC., a California corporation,<br><br>    Counterclaimant and Cross-Complainant,<br><br>vs.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida corporation;<br><br>    Counter-defendant,<br><br>and<br><br>ROES 1-20,<br><br>    Cross-Defendants. | |

Defendant PRIVATE EYES, INC. hereby respectfully submits the following memorandum in support of its motion for leave to file a Third Amended Counter-Claim:[1]

## I. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should grant leave to amend to PRIVATE EYES, INC. to file a cause of action for fraud against FIRST ADVANTAGE BACKGROUND SERVICES, INC., based on FADV's false promise to pay $1.80 per MVR, when the Court held in response to the previous motion to dismiss that any fraud claim based on FADV's wrongful solicitation of the MVR business is barred by the agreement to pay $1.80 per MVR?

2. Whether the Court should grant leave to amend to PRIVATE EYES, INC. to file a cause of action for violation of the California Unfair Trade Secrets Act (CUTSA), where the Court held that claims for IIPEA and fraud asserted in the prior pleading are preempted by the CUTSA?

## II. STATEMENT OF FACTS

PRIVATE EYES, INC. [PEI] is a San Francisco Bay Area based company that provides employment background investigation services to employers throughout the United States. [SACC ¶1]. FIRST ADVANTAGE BACKGROUND SERVICES, INC. [FADV] is a Florida-based company that is in the same line of work. [SACC ¶2]. This lawsuit arises from a series of transactions between PEI and FADV, as set forth in detail in the Second Amended Counter-Claim. The details of all of the claims will not be set forth herein. The only facts that will be discussed pertain to the two proposed causes of action that are the subject of this motion: (1) the MVR fraud claim and (2) the claim for violation of the California Uniform Trade Secrets Act (CUTSA) [California Civil Code §3426.1 et seq.].

### A. THE MVR FRAUD CLAIM

PEI's primary client from 2002 to 2007 was Coca-Cola Enterprises [CCE]. [SACC ¶8 and ¶21]. PEI contracted to perform a number of employment background services for CCE, including but not limited to Motor Vehicle Records [MVR] checks. [SACC ¶8]. PEI subcontracted some of

---

[1] PEI respectfully requests that the Court take judicial notice of its entire court file in this case. See, e.g., Kelly v. Johnston, 111 F.2d 613, 615 (9th Cir. 1940); Hayes v. Woodford, 444 F.Supp.2d 1127, 1136 (S.D.Cal. 2006) (both noting that a federal district court has the authority to take judicial notice of its own records).

-1-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF   C07-2424 SC
PRIVATE EYES, INC.'S MOTION FOR LEAVE TO FILE THIRD AMENDED COUNTER-CLAIM

1   the background services, including the MVR's, to FADV. [SACC ¶10]. As part of the subcontract,
2   FADV agreed in writing to not solicit CCE for these services. [SACC ¶10]. In April 2004, PEI
3   learned for the first time that FADV had wrongfully (and successfully) solicited the MVR services
4   directly from CCE. [SACC ¶16]. After PEI confronted FADV about this wrongful solicitation,
5   FADV verbally agreed to pay $1.80 per MVR to at least partially compensate PEI for its damages.
6   [SACC ¶17]. Bart Valdez, a FADV officer authorized to enter into agreements for the company,
7   made this promise. [SACC ¶17]. This promise was confirmed in writing on July 2, 2004 by PEI's
8   counsel. FADV made partial payments towards this promise until June 2005, when for some reason
9   it ceased all payments. [SACC ¶17 and ¶68].

10  In its original Counter-Claim, PEI only asserted a cause of action for breach of contract based
11  on FADV's promise to pay $1.80 per MVR. PEI asserted a fraud claim based on the <u>underlying
12  wrongful solicitation</u> of the MVR services. PEI alleged that FADV never intended to comply with its
13  promise to not solicit business from CCE. However, in response to FADV's motion to dismiss, the
14  Court found that any fraud claim based on the wrongful solicitation was extinguished by the
15  arrangement to pay $1.80 per MVR. This Court did allow leave to amend that cause of action. In
16  response to that leave to amend, PEI inserted additional allegations that the promise to pay $1.80 per
17  MVR was itself fraudulent and therefore could not be asserted as a basis to extinguish, at least as a
18  matter of law, claims arising from the fraudulent conduct. Specifically, PEI alleged in the First
19  Amended Counter-Claim that FADV never intended to pay $1.80 for each and every MVR it
20  performed for CCE. In response to a second motion to dismiss, the Court found that the allegations
21  of fraud in connection with the promise to pay $1.80 per MVR did not affect the extinguishment of
22  the underlying fraud claim. However, the Court specifically noted that PEI may be able to plead a
23  fraud claim based on the promise to pay $1.80 per MVR.[2]  Nevertheless, no leave to amend was
24  allowed for PEI to attempt to plead such a fraud claim.

25  In its proposed Third Amended Counter-Claim, PEI has set forth a direct fraud claim based on

---

[2]  The Court's rationale is set forth at **Page 15, Lines 6-16** of its order dated March 5, 2008. The Court, in part, stated that "[the] purportedly false representation may form the basis of a separate claim, but it does not allow Private Eyes to revive a dispute that the parties settled."

LAW OFFICES OF
MARK R. MITTELMAN
A Professional Corporation
190 NORTH WIGET LANE
SUITE 101
WALNUT CREEK, CA 94598
Phone: (925) 256-0677
FAX: (925) 256-0679

-2-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF                    C07-2424 SC
PRIVATE EYES, INC.'S MOTION FOR LEAVE TO FILE THIRD AMENDED COUNTER-CLAIM

the promise to pay $1.80 for each and every MVR that FADV performed for CCE. The cause of action specifically pleads all of the elements of fraud. In particular, the cause of action states that Bart Valdez of FADV never intended to honor the obligation to pay $1.80 for each and every MVR. PEI specifically pleads that it was damaged by the false representation because, without the promise, it would have severed its relationship with FADV immediately and filed a lawsuit for fraud. Had PEI done so, then its fraud claim would have been within the Statute of Limitations and none of the subsequent conduct that FADV engaged in with respect to the CCE account would have occurred.

The proposed fraud claim has not been brought until now because PEI believed that it was entitled to sue for the underlying fraud (wrongful solicitation) and this cause of action would therefore be somewhat (or totally) superfluous.[3] Given the Court's rulings on the motions to dismiss, PEI has determined that it must assert this new cause of action. The MVR fraud claim is the Tenth Cause of Action of the proposed Third Amended Counter-Claim.

### B.    THE CUTSA CLAIM

In its First Amended Counter-Claim, PEI asserted, among other things, the following two claims:

1.    Intentional Interference with Prospective Economic Advantage (IIPEA) – FADV intentionally interfered with PEI's relationship with CCE by disclosing confidential information to CCE as part of its campaign to solicit business from CCE. [FACC ¶52(a) and (b)].

2.    Fraud – FADV made fraudulent representations that it would not disclose confidential information to CCE, including pricing information and profit margins. [FACC ¶¶57-59].

FADV moved to dismiss these claims, inter alia, on grounds that they were preempted by the California Uniform Trade Secrets Act (CUTSA). The Court held that the IIPEA claim, to the extent it was based on violations of CUTSA or common law breach of confidence, was completely preempted by CUTSA. The Court held that the fraud claim was preempted by CUTSA to the extent that information that was disclosed was in fact a trade secret. The Court did allow PEI to proceed

---

[3] PEI did not want to unnecessarily clutter the pleadings with ancillary causes of action.

LAW OFFICES OF
MARK R. MITTELMAN
A Professional Corporation
190 NORTH WIGET LANE
SUITE 101
WALNUT CREEK, CA 94598
Phone: (925) 256-0677
FAX: (925) 256-0679

-3-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF                    C07-2424 SC
PRIVATE EYES, INC.'S MOTION FOR LEAVE TO FILE THIRD AMENDED COUNTER-CLAIM

with the fraud claim if the information that was disclosed was <u>not</u> a trade secret.

In its opposition papers, PEI had requested leave to amend to assert a direct claim for violation of CUTSA if the Court in fact held that preemption applied. The Court did not grant (or deny) that request in its March 5, 2008 order. Accordingly, this motion for leave to amend has been brought. PEI, in its Third Amended Counter-Claim has added a cause of action for violation of CUTSA. The claim is based on the disclosure of two items that PEI contends are trade secrets: (1) profit margins and (2) cost information.[4]

PEI did not assert a direct claim for CUTSA because it believed that its causes of action for IIPEA and fraud were sufficient and it did not see any reason to assert superfluous claims. However, given the Court's ruling that CUTSA preempts some of those direct claims, PEI believes it is now necessary to assert the CUTSA claims. The CUTSA cause of action is the Eleventh cause of action in the Third Amended Counter-Claim.

### III. <u>ARGUMENT</u>

Federal Rule of Civil Procedure 15(a) states that after a responsive pleading has been filed "a party may amend the party's pleading only by leave of court … and leave shall be freely given when justice so requires." It is well accepted that amendments should be allowed with "extreme liberality." <u>See</u>, e.g., <u>Eminence Capital LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003). In <u>Eminence LLC</u>, the Court relied upon Supreme Court authority to hold that a party's request for leave to amend is generally only appropriate when one of the following circumstances exist: (1) undue delay, (2) bad faith, (3) dilatory motive, (4) repeated failures to amend the pleading when given the opportunity to do so, (5) undue prejudice to the opposing party, or (6) futility of the amendment. <u>Id.</u> at 1051. <u>See also</u> <u>Lay v. Treesource Industries, Inc.</u>, 143 Fed.Appx. 786, 789, 2005 WL 1901543 (9th Cir. 2005) (applying <u>Eminence LLC</u> and finding abuse of discretion in not allowing proposed amendments). As will be discussed below, none of these circumstances exist here.

---

[4] PEI submits that the confidential pricing information is confidential information that does necessarily not amount to a trade secret, because it is at least partially based on industry standards. Cf. <u>Whyte v. Schlage Lock Co.</u>, 101 Cal.App.4th 1443, 1455 [125 Cal.Rptr.2d 277, 287-88] (2002) (certain pricing information is not protectable since it is generally available).

LAW OFFICES OF
MARK R. MITTELMAN
A Professional Corporation
190 NORTH WIGET LANE
SUITE 101
WALNUT CREEK, CA 94598
Phone: (925) 256-0677
FAX: (925) 256-0679

-4-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF                                C07-2424 SC
PRIVATE EYES, INC.'S MOTION FOR LEAVE TO FILE THIRD AMENDED COUNTER-CLAIM

The fact that a party intends to insert new causes of action in the amended pleading does not impact its right to amend, so long as the usual standards are satisfied. See, e.g., DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). And amendments that add new claims are granted "more freely" than amendments that add new parties. See, e.g., Union Pacific R. Company v. Nevada Railway Co., 950 F.2d 1429, 1432 (9th Cir. 1991). A court's discretion to deny a request for leave to amend is narrowly confined because the standard that must be met by the moving party is so low. Cf. Balistieri v. Pacifica Police Department, 901 F.2d 696, 701 (9th Cir. 1988) (finding abuse of discretion in denial of leave to amend since the plaintiff set forth a conceivable claim). Furthermore, the failure of the Court to explain its basis for denying leave to amend is, in itself, an abuse of discretion. See, e.g., Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 n.10 (9th Cir. 2004).

### A. COURT SHOULD GRANT PEI LEAVE TO AMEND TO ASSERT CAUSE OF ACTION FOR FADV'S FALSE REPRESENTATION THAT IT WOULD PAY $1.80 FOR EACH AND EVERY MVR IT PERFORMED FOR CCE

PEI first seeks leave to amend to file a new cause of action for fraud, based on FADV's false representation that it would pay $1.80 for each and every MVR it performed for CCE. None of the circumstances that would justify denial of this request for leave to amend are present.

1. **Undue Delay** – PEI has brought this motion as soon as it filed its Second Amended Counter-Claim, which inserted additional allegations to support its claim for IIPEA based on trade libel. After carefully considering the potential relief afforded by the remaining causes of action, PEI determined that it needed to assert the direct claim for fraud. Until the Court's order of March 5, 2008, PEI believed its claims related to the MVR's were adequately covered by its fraud claim pertaining to the underlying solicitation. It was only when the Court found that the underlying fraud claim was extinguished by the agreement, that PEI had any reason to believe that it should bring the direct fraud claim. Given that the Court issued its order on March 5, 2008, and the Second Amended Counter-Claim has just been filed, there has been no undue delay.

2. **Bad Faith** – PEI has not engaged in any bad faith. PEI honestly believed that a direct fraud claim for the MVR's was not necessary because the damages would be duplicated by the fraud claim for the wrongful solicitation. PEI has been trying to limit the number of causes of action in its

LAW OFFICES OF
MARK R. MITTELMAN
A Professional Corporation
190 NORTH WIGET LANE
SUITE 101
WALNUT CREEK, CA 94598
Phone: (925) 256-0677
FAX: (925) 256-0679

-5-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF                                            C07-2424 SC
PRIVATE EYES, INC.'S MOTION FOR LEAVE TO FILE THIRD AMENDED COUNTER-CLAIM

pleading, which evinces a good faith attempt on its part to avoid unnecessary claims. The only reason this motion is being brought is because the Court held that the fraud related to the wrongful solicitation was extinguished by FADV's agreement to pay $1.80 per MVR.

3. **Dilatory Motive** – PEI's sole motive has been to limit the causes of action to those necessary to fully compensate it for the harm caused by FADV. Before the Court held that the fraud claim for the wrongful solicitation was extinguished, PEI had no reason to bring a separate claim for fraud related to the MVR promise. As soon as the Court held that the underlying fraud claim was extinguished, PEI brought this motion for leave to amend.

4. **Repeated Failures to Amend Pleading** – PEI has never been given leave to amend to add a new claim for fraud based on the promise to pay $1.80 per MVR. The only leave to amend related to the underlying fraud claim for the wrongful solicitation. The Court held that the amendments were insufficient to avoid the extinguishment of the cause of action, while at the same time it mentioned that there may indeed be a valid claim related to FADV's promise to pay $1.80 per MVR.

5. **Undue Prejudice to FADV** – FADV will not be unduly prejudiced by this amendment. It was FADV who argued that the fraud claim for the wrongful solicitation was extinguished by the agreement, and therefore it cannot plausibly argue that it is surprised that PEI now wants to make a direct claim. PEI believed that the MVR fraud vitiated whatever "settlement" was reached, but the Court accepted FADV's argument to the contrary. FADV cannot now claim that it has been caught off guard by the new fraud claim. Even if FADV could argue some surprise, which it cannot, there is still plenty of time for it to respond to the new claim. Trial is December 8, 2008, and the pleadings are still not settled because of FADV's ongoing motions to dismiss. As noted above, the mere addition of new claims is not a sufficient basis for the Court to deny leave to amend.

6. **Futility of Amendment** – The new claim for fraud is not futile. PEI understands that its fraud claim must be pled specifically. It has therefore separately set forth each element of fraud and explained how that element was met. Those specific facts will not be stated herein. But, in brief, PEI alleges that (1) FADV never intended to pay $1.80 for each and every MVR, (2) that it made this

-6-

LAW OFFICES OF
MARK R. MITTELMAN
A Professional Corporation
190 NORTH WIGET LANE
SUITE 101
WALNUT CREEK, CA 94598
Phone: (925) 256-0677
FAX: (925) 256-0679

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PRIVATE EYES, INC.'S MOTION FOR LEAVE TO FILE THIRD AMENDED COUNTER-CLAIM     C07-2424 SC

representation in order to induce PEI to not file a lawsuit against FADV for the fraudulent conduct and so that it would not terminate its business relationship with FADV, (3) that PEI actually and justifiably relied upon the representation because it would be obvious that FADV would want to maintain the relationship and because it was agreeing to make payments to rectify at least some of the damages, and (4) that PEI was harmed because without the representation by FADV it would have filed its lawsuit in a timely manner and also would have terminated its business relationship with FADV. Had PEI immediately sued FADV, there could be no assertion that the underlying fraudulent conduct was extinguished by a settlement agreement or by the three-year Statute of Limitations. Had PEI terminated the relationship in April 2004, none of the subsequent conduct by FADV, which destroyed PEI's relationship with CCE, would have occurred. In anticipation of FADV's probable contention that the MVR fraud claim is barred by the three year Statute of Limitations, PEI did not, and reasonably could not, know that there was any fraud in connection with the promise <u>until the payments completely ceased in June 2005</u>. It is likely that the claim was tolled even further, but in any event the claim is well within the three-year statute of limitations.

For the foregoing reasons, the Court should grant PEI leave to amend to assert a cause of action for fraud related to FADV's misrepresentation that it would pay $1.80 for each and every MVR that it performed.

**B. <u>COURT SHOULD ALLOW PEI LEAVE TO AMEND TO ASSERT A CAUSE OF ACTION FOR VIOLATION OF THE CALIFORNIA UNIFORM TRADE SECRETS ACT</u>**

PEI secondly seeks leave to amend to plead a direct cause of action for violation of the California Uniform Trade Secrets Act, set forth at California Civil Code §3426.1 et seq. None of the circumstances that would justify denial of leave to amend are present.

1. **Undue Delay** – PEI believed that its First Amended Counter-Claim pleaded sufficient causes of action to adequately compensate it for the harm done by FADV. The claims for IIPEA and fraud would together cover all of the damages that PEI sustained as a result of the disclosure of the confidential information. However, in its March 5, 2008 order, the Court accepted FADV's preemption argument on the entire IIPEA claim and much of the fraud claim. Accordingly, PEI feels that it is necessary for it to directly assert the CUTSA claim for disclosure of trade secrets. Given

LAW OFFICES OF
MARK R. MITTELMAN
A Professional Corporation
190 NORTH WIGET LANE
SUITE 101
WALNUT CREEK, CA 94598
Phone: (925) 256-0677
FAX: (925) 256-0679

that only a few weeks have expired since the order, there has been no undue delay.

    2. **Bad Faith** – PEI has not acted in bad faith. PEI honestly believed that its IIPEA and fraud claims were not preempted by CUTSA, and it did not believe it was necessary for it to prematurely expand the counter-claim. PEI has tried to limit the scope of its pleading, in a manner consistent with full recovery of its damages. It is only because the March 5, 2008 order precludes the IIPEA and fraud claims that PEI felt it necessary to assert a direct claim under CUTSA.

    3. **Dilatory Motive** – PEI has not acted with any dilatory motive. As mentioned above, until the March 5, 2008 order PEI believed that its claims for IIPEA and fraud were not preempted by CUTSA. Given the limited time that has passed since the March 5, 2008, there has been no dilatory conduct.

    4. **Repeated Failures to Amend Pleadin**g – PEI has never been afforded the opportunity to state a claim under CUTSA. PEI had requested leave to do so in its opposition to the motion to dismiss the First Amended Counter-Claim, but the Court did not rule on that request.

    5. **Undue Prejudice to FADV** – FADV will not be unduly prejudiced by this amendment. FADV is the party that asserted the preemption, so it cannot be surprised that after it was successful PEI would seek leave to assert a direct claim under CUTSA. The CUTSA claims are the same claims that were made in the IIPEA and fraud claims; specifically, disclosure of confidential information. The First Amended Counter-Claim specifically pleaded that FADV disclosed profit margins to CCE. PEI has added cost information as another trade secret that was disclosed to FADV, but that claim does not appreciably expand the existing allegations. Since the trial is not until December 8, 2008, and since the pleadings are not yet settled, FADV will not be unduly prejudiced by the amendment.

    6. **Futility of Amendment** – PEI's CUTSA claim will not be futile. CUTSA requires (1) specification of a trade secret and (2) misappropriation of that trade secret. See, e.g., Duncan v. Stuetzle, 76 F.3d 1480, 1487-88 (9th Cir. 1996). Here, the trade secrets are the cost information and profit margins. The Courts have held that such information is well within the definition of a trade secret. See Whyte v. Schlage Lock Co., 101 Cal.App.4th 1443, 1455 [125 Cal.Rptr.2d 277, 287 ] (2002). With respect to misappropriation, PEI had specifically pled a claim pursuant to Civil Code

-8-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF    C07-2424 SC
PRIVATE EYES, INC.'S MOTION FOR LEAVE TO FILE THIRD AMENDED COUNTER-CLAIM

LAW OFFICES OF
MARK R. MITTELMAN
A Professional Corporation
190 NORTH WIGET LANE
SUITE 101
WALNUT CREEK, CA 94598
Phone: (925) 256-0677
FAX: (925) 256-0679

1 §3426.2(b)(2)(B)(ii) ("At the time of disclosure or use, [the defendant] knew or had reason to know that his or her knowledge of the trade secret [was]… [a]cquired under circumstances giving rise to a duty to maintain its secrecy or limit its use ….") PEI alleges that FADV disclosed its trade secrets to CCE in violation of its written agreement to not do so. That conduct is actionable under CUTSA. Cf. Bridge Publications, Inc. v. Vien, 827 F.Supp. 629, 633 (S.D.Cal. 1993) (holding that religious materials were kept confidential when access was limited and persons signed confidentiality agreements); Religious Technology Center v. Net-Com Online Communications Services, Inc., 923 F.Supp. 1231, 1253 (N.D.Cal. 1995) (holding that secrecy was maintained where access to religious materials was limited to those with a "need to know" and confidentiality agreements had been signed by those allowed access to them). FADV is expected to argue that the three year Statute of Limitations commenced in April 2004 based on some "ongoing misappropriation" theory. However, there is no basis upon which to find that the statute of limitations commenced at that time. The disclosure of the confidential information occurred in 2005. And even if there had been a disclosure as early as April 2004, PEI did not discover any of the disclosures until late 2006. The discovery rule applies to CUTSA claims. Bridge Publications, *supra*, 827 F.Supp. at 634. There is thus no basis upon which to find that the three-year Statute of Limitations bars these claims, at least as a matter of law.

For the foregoing reasons, the Court should grant PEI leave to amend to assert a cause of action for violation of the California Uniform Trade Secrets Act.

///
///
///
///
///
///
///
///
///

LAW OFFICES OF
MARK R. MITTELMAN
A Professional Corporation
190 NORTH WIGET LANE
SUITE 101
WALNUT CREEK, CA 94598
Phone: (925) 256-0677
FAX: (925) 256-0679

-9-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF                C07-2424 SC
PRIVATE EYES, INC.'S MOTION FOR LEAVE TO FILE THIRD AMENDED COUNTER-CLAIM

## IV. CONCLUSION

PEI believed that its First Amended Counter-Claim contained a sufficient number of causes of action to fully compensate it for the damage that it sustained as a result of FADV's misconduct. However, this Court's March 5, 2008 order eliminated some of those claims. PEI is therefore seeking leave to amend to assert new claims to make up for the loss. PEI did not request leave to amend previously because it believed its prior pleading was sufficient and it did not want to assert any unnecessary claims. Given that the original claims were dismissed upon FADV's motion, and given that the trial date is more than six months away, and given the great liberality that must be extended by the Court, the Court should grant leave to amend.

Dated: May 15, 2008                               LAW OFFICES OF MARK R. MITTELMAN

/s/ Mark R. Mittelman
Mark R. Mittelman
Paul A. Kanter
Attorneys for Defendant / Counter-Claimant / Cross-Complainant
PRIVATE EYES, INC.
LAW OFFICES OF
MARK R. MITTELMAN
A Professional Corporation
190 NORTH WIGET LANE
SUITE 101
WALNUT CREEK, CA 94598
Phone: (925) 256-0677
FAX: (925) 256-0679