1  RICHARD T. WHITE #58622
   WILLIAM E. ADAMS #153330
2  SARA N. PASQUINELLI #233512
   FITZGERALD ABBOTT & BEARDSLEY LLP
3  1221 Broadway, 21st Floor
   Oakland, California 94612
4  Telephone: (510) 451-3300
   Facsimile: (510) 451-1527
5  Email: rwhite@fablaw.com; wadams@fablaw.com;
   spasquinelli@fablaw.com
6
   Attorneys for Defendant and Counterclaimant,
7  PRIVATE EYES, INC.

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PRIVATE EYES, INC., a California corporation, DOES 1-10<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No.: C 07-02424 SC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTERCLAIMANT PRIVATE EYES, INC.'S AMENDED MOTION FOR LEAVE TO FILE A THIRD AMENDED COUNTERCLAIM TO ADD CLAIMS FOR VIOLATION OF THE CALIFORNIA UNFAIR TRADE SECRETS ACT AND COMMON LAW UNFAIR COMPETITION [F.R.C.P. 15]**<br><br>Date: July 25, 2008<br>Time: 10:00 a.m.<br>Dept.: Courtroom 1<br><br>Hon. Samuel Conti<br>Complaint Filed: May 4, 2007<br>Original Counterclaim Filed: June 22, 2007 |

Defendant and Counterclaimant PRIVATE EYES, INC. (hereinafter "PEI") hereby respectfully submits the following memorandum in support of its Amended Motion for leave to file a Third Amended Counterclaim:

/ / /

/ / /

---
1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTERCLAIMANT PRIVATE EYES, INC.'S AMENDED MOTION FOR LEAVE TO FILE A THIRD AMENDED COUNTERCLAIM TO ADD CLAIMS FOR VIOLATION OF THE CALIFORNIA UNFAIR TRADE SECRETS ACT AND COMMON LAW UNFAIR COMPETITION Case No.: C 07-02424 SC
6/27/08 (25420) #304754.1

## I. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should grant leave to amend to PEI to correct the deficiencies of the Proposed Third Amended Counterclaim that was filed by former counsel?

2. Whether the Court should grant PEI leave to amend to plead a claim for violation of the California Unfair Trade Secrets Act (CUTSA), California Civil Code section 3426 et seq., where the Court held that claims for IIPEA and fraud asserted in the prior pleading, to the extent based on trade secrets, are preempted by the CUTSA?

2. Whether the Court should grant leave to amend to PEI to assert a claim for common law unfair competition based on FIRST ADVANTAGE BACKGROUND SERVICES, INC.'s (hereinafter "FADV") unauthorized disclosure of PEI's invoicing and payment procedures to CCE?

## II. STATEMENT OF FACTS

PEI is a Woman Owned Business certified by the Women's Business Enterprise Council ("WBENC") located in the San Francisco Bay Area. PEI provides employment background investigation services to employers throughout the United States. [SACC ¶1]. FADV is a Florida-based company that is in the same line of work. [SACC ¶2]. This lawsuit arises from a series of transactions between PEI and FADV, as set forth in detail in the Second Amended Counter-Claim. The only facts that will be discussed herein pertain to the two proposed causes of action that are the subject of this motion: (1) the claim for violation of the California Uniform Trade Secrets Act (CUTSA), California Civil Code §3426.1 et seq., and (2) the claim for common law unfair competition.

## III. ARGUMENT

Federal Rule of Civil Procedure 15, subdivision (a)(2) states that after a party has amended its pleading once as a matter of course "a party may amend its pleading only by leave of court. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Federal policy strongly favors determination of cases on their merits. Courts commonly

consider four factors when deciding the propriety of a motion for leave to amend, (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. See, DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987), citing Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). The court's discretion over amendments is especially broad "where the court has already given a plaintiff one or more opportunities to amend his complaint . . . ." See, Fidelity Financial Corp. v. Fed. Home Loan Bank, 792 F.2d 1432, 1438 (9th Cir. 1986). The fact that a party intends to insert new causes of action in the amended pleading does not impact its right to amend, so long as the usual standards are satisfied. See, e.g., DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Amendments that add new claims are granted "more freely" than amendments that add new parties. See, e.g., Union Pacific R. Company v. Nevada Railway Co., 950 F.2d 1429, 1432 (9th Cir. 1991).

### A. PEI Should be Granted Leave to Amend the Revised Third Amended Counterclaim To Correct Its Deficiencies

Counsel for PEI substituted into the case by the Substitution of Counsel filed on June 6, 2008. See Declaration of Richard T. White in support of PEI's Motion for Leave to File a Revised Third Amended Counterclaim (hereinafter "White Decl."). After reviewing PEI's previous Counterclaims (Docket # 11, 31, 47), Motions to Dismiss (Docket # 18, 25, 27, 32, 41, 42, 53, 69, 74), the Court's Orders (Docket # 30, 46), and PEI's Motion for leave file a Third Amended Counterclaim (Docket # 64), PEI's new counsel has made a good faith effort to remedy the deficiencies contained in the previous Counterclaims. White Decl. ¶ 4.

Specifically, PEI has removed all claims, and parts thereof, that were previously dismissed with prejudice by the Court. PEI also deleted the portion of the Sixth Count for Fraud-False Promise I (in its Revised Third Amended Counterclaim PEI is now pleading the Causes of Action as Counts), that was based on FADV's promise not to solicit business from Coca-Cola Enterprises (hereinafter "CCE"); the former Seventh Cause of Action for Fraud-False

1  Promise II in its entirety; the former Eighth Cause of Action for Intentional Misrepresentation in
2  its entirety; and the former Tenth Cause of Action for Fraud False Promise III in its entirety.
3  White Decl. ¶ 4.
4         PEI has added facts to the injurious statement and special damages portions of its Fifth
5  Count for Intentional Interference with Prospective Economic Advantage. PEI also added facts
6  to its Sixth Count for Fraud-False Promise to address the Court's concern that the cause of
7  action was preempted by CUTSA. Such facts demonstrate that in a Power Point presentation by
8  Bart Valdez and James Grizzard of FADV to CCE in March 2006, they disclosed PEI's
9  invoicing and payment procedures. Such information falls within the scope of PEI's
10 confidential and proprietary information, but it would *not* constitute a trade secret within the
11 definition of CUTSA (as discussed *inra*, pp. 5-7) since it does *not* "derive independent
12 economic value, from not being generally known to the public or other persons who can obtain
13 economic value from its disclosure or use" and is *not* subject of efforts to maintain its secrecy.
14 See, Civil Code section 3426.1(d)(1) & (2). The Senate Legislative Committee Comments to
15 Civil Code section 3426.1 state that "[i]f the principal person who can obtain economic benefit
16 from information is aware of it, there is no trade secret. A method of casting metal, for
17 example, may be unknown to the general public, but readily known within the foundry
18 industry." Here, given that, the principal person who could obtain economic benefit from PEI's
19 invoicing and payment procedures (CCE) was aware of PEI's invoicing procedures and that
20 there was some delay between CCE's payment to PEI, and PEI's payment to FADV, such
21 information cannot be considered a trade secret. See, Civil Code section 3426.1, Legislative
22 Committee Comments-Senate, 1984 Addition. Moreover, PEI's invoicing and payment
23 procedures were standard in the background-check industry and thus readily known within that
24 industry.
25        Moreover, PEI's invoicing and payment procedures does not constitute a trade secret
26 because PEI did not take steps to keep this information secret from CCE. As previously
27
28
4
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTERCLAIMANT PRIVATE
EYES, INC.'S AMENDED MOTION FOR LEAVE TO FILE A THIRD AMENDED COUNTERCLAIM TO
ADD CLAIMS FOR VIOLATION OF THE CALIFORNIA UNFAIR TRADE SECRETS ACT AND COMMON
LAW UNFAIR COMPETITION Case No.: C 07-02424 SC
6/27/08 (25420) #304754.1

1    mentioned, CCE was aware of PEI's invoicing procedures and that there was some delay
2    between CCE's payment to PEI, and PEI's payment to FADV.  Since these invoicing and
3    payment procedures were not kept secret from CCE, they cannot be considered a trade secret
4    pursuant to CUTSA.  Id.
5          PEI also asserts a separate claim for violation of CUTSA based on FADV's disclosure of
6    PEI's cost information and profit margins that would constitute trade secrets, and a common law
7    claim for unfair competition in accordance with the Court's previous Orders.  White Decl. ¶ 5.
8    Given that moving counsel is new to this case, and in light of the clearly established policy
9    favoring leave to amend "when justice so requires," the Court should grant PEI leave to amend
10   to cure the defects of the prior proposed Third Amended Counterclaim, to add claims for
11   CUTSA and common law unfair competition, and to highlight PEI's status as a Woman Owned
12   Business certified by WBENC and how FADV's actions appear to have sought to
13   misappropriate for itself the benefit of that status, so important to CCE in encouraging PEI to
14   obtain certification and to become CCE's sole source provider.
15         The Court has broad discretion to allow PEI leave to file a revised Third Amended
16   Counterclaim.  Further, FADV will not suffer undue prejudice given that PEI's revision of the
17   Third Amended Counterclaim to remove previously dismissed claims and/or portions thereof,
18   will streamline discovery and trial preparation.  In addition, FADV will not suffer prejudice as a
19   result of the new claims for CUTSA and common law unfair competition, since discovery is still
20   in its fledging phase and there is sufficient time to address all of the issues raised by the new
21   claims.  Moreover, PEI has acted in good faith in properly seeking leave to amend the Third
22   Amended Counterclaim to cure its defects, and there is no dilatory motive on PEI's part
23   whatsoever.
24   / / /
25   / / /
26   / / /
27
28

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTERCLAIMANT PRIVATE
EYES, INC.'S AMENDED MOTION FOR LEAVE TO FILE A THIRD AMENDED COUNTERCLAIM TO
ADD CLAIMS FOR VIOLATION OF THE CALIFORNIA UNFAIR TRADE SECRETS ACT AND COMMON
LAW UNFAIR COMPETITION Case No.: C 07-02424 SC
6/27/08 (25420) #304754.1

**B.    Court Should Allow PEI Leave To Amend To Assert A Claim For Violation Of The California Uniform Trade Secrets Act**

In its First Amended Counter-Claim PEI asserted, among other things, the following two claims:

1.    Intentional Interference with Prospective Economic Advantage (IIPEA) - FADV intentionally interfered with PEI's relationship with CCE by disclosing confidential information to CCE as part of its campaign to solicit business from CCE. [SACC ¶52(a) and (b)].

2.    Fraud - FADV made fraudulent representations that it would not disclose confidential information to CCE, including pricing information and profit margins. [SACC ¶¶57-59].

FADV moved to dismiss these claims, inter alia, on grounds that they were preempted by the California Uniform Trade Secrets Act (CUTSA), set forth at California Civil Code section 3426 et seq. Docket #32, pp. 5-6, 16. The Court in its March 5, 2008, Order held that the IIPEA claim, to the extent it was based on violations of CUTSA or common law breach of confidence, was completely preempted by CUTSA. Docket # 46, pp. 5-8, 27. The Court also held that the fraud claim was preempted by CUTSA to the extent that information that was disclosed was in fact a trade secret. As to its fraud claim, the Court did allow PEI to proceed if the information that was disclosed was <u>not</u> a trade secret. Docket # 46, pp. 19-24, 27. Thus, in an effort to comply with the Court's previous Orders, PEI has added a separate claim for violation of CUTSA. The claim is based on the disclosure of two items that PEI contends are trade secrets: (1) profit margins, and (2) cost information. None of the circumstances that would justify denial of leave to amend are present.

As previously noted, PEI's counsel recently substituted into the case. They have made every effort to familiarize themselves with the prior pleadings, briefing and Court's Orders. PEI has also attempted, by way of this Motion, to present a pleading to the Court that addresses all prior rulings of the Court. Since the Court ruled that CUTSA preempted PEI's IIPEA and fraud

claims to the extent such claims were based on trade secrets, PEI, therefore, has not acted in bad faith by revising its Third Amended Counterclaim to include a separate CUTSA claim. For the same reasons, PEI has not unduly delayed in adding the CUTSA claim.

Further, FADV will not be unduly prejudiced by this amendment. The facts underlying the CUTSA claim are the same facts that were made in the IIPEA and fraud claims; specifically, disclosure of confidential information. The First Amended Counter-Claim specifically pleaded that FADV disclosed profit margins to CCE. PEI has added cost information as another trade secret that was disclosed to FADV, but that claim does not appreciably expand the existing allegations, since discovery is still in its preliminary stages and the issues raised in this claim do not increase.

The addition of the CUTSA claim will not be futile since, as previously noted, it remedies previous deficiencies with the pleadings. CUTSA requires (1) specification of a trade secret and (2) misappropriation of that trade secret. See, e.g., Duncan v. Stuetzle, 76 F.3d 1480, 1487-88 (9th Cir. 1996). Here, the trade secrets at issue are PEI's cost information and profit margins. The test for trade secrets is whether the matter sought to be protected is information (1) which is valuable because it is unknown to others and (2) which the owner has attempted to keep secret. Whyte v. Schlage Lock Co. 101 Cal.App.4th 1443, 1454 (2002). Cost information and pricing margins fall within the definition of a trade secret. Id. at 1455, citing Courtesy Temporary Service, Inc. v. Camacho, 222 Cal.App.3d 1278, 1288 (1990)(billing and markup rates "irrefutably" of commercial value); SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1260 (3d Cir. 1985)(cost and pricing information trade secret); Lumex, Inc. v. Highsmith, 919 F.Supp. 624, 628-630 (E.D.N.Y. 1996)(pricing, costs, and profit margins treated as trade secrets).

With respect to misappropriation, PEI has specifically pled a claim pursuant to Civil Code section 3426.1(b)(2)(B)(ii) ("At the time of disclosure or use, [the defendant] knew or had reason to know that his or her knowledge of the trade secret was. . . [a]cquired under

circumstances giving rise to a duty to maintain its secrecy or limit is use . . . .") FADV's disclosure of PEI's cost information and profit margins was in knowing violation of the written non-disclosure agreements included in the PEI/EIS Contract and PEI/FADV Agreement. Such disclosure was also a violation of the California Uniform Trade Secrets Act, specifically Civil Code §3426.l(b)(2)(B)(ii). At no time did anyone at PEI consent, expressly or implicitly, to FADV's disclosure of the cost information and profit margins to CCE.

For the same reasons stated above, none of the factors allowing denial of leave to amend are present; therefore, the Court should grant PEI leave to amend to assert a claim for violation of the California Uniform Trade Secrets Act pursuant to Civil Code section 3246 et seq.

**C.  Court Should Allow PEI Leave To Amend To Assert A Claim For Common Law Unfair Competition**

After evaluating the case in light of the prior pleadings, Motions to Dismiss, and Court Orders, PEI believes that a common law claim for unfair competition is appropriate. PEI has not previously asserted such a claim. To prevail on a claim for common law unfair competition, PEI must demonstrate that: (1) PEI invested substantial time, skill or money in developing its property; (2) that FADV appropriated and used PEI's property at little or no cost; (3) that FADV's appropriation and use of PEI's property was without the authorization or consent of PEI; and (4) that PEI has been injured by FADV's conduct. See, City Solutions, Inc. v. Clear Channel Communications, Inc., 365 F.3d 835, 842 (9th Cir. 2004), citing Balboa Ins. Co. v. Trans Global Equities, 218 Cal.App.3d 1327, 1342 (1990).

PEI's Revised Third Amended Counterclaim has stated sufficient facts to establish a claim for common law unfair competition. Fed. R. Civ. P. 8(a). In March 2006, James Grizzard and Bart Valdez of FADV, prepared and presented a Power Point presentation to CCE decision makers that included invoicing and payment procedures used by PEI for all drug testing, alcohol tests, and exams. In so doing, FADV was seeking to substitute itself, an entity without WBENC certification, but who became a partial provider of services to CCE solely as a subcontractor to

1    PEI. FADV owed its introduction to CCE solely due to PEI, with whom it agreed not to engage
2    in the very conduct it did with CCE.
3        Specifically, FADV disclosed PEI's invoicing procedures compared with its own
4    invoicing procedures to demonstrate that FADV would not charge as much as PEI for its
5    services. FADV also disclosed that PEI's contract with FADV required net payment from PEI
6    on the twenty-second day of the month, while CCE was required to pay PEI on the tenth day of
7    the month. While CCE was aware of PEI's invoicing procedures (information that is readily
8    known in the background-check industry), it did not know of PEI's invoicing procedures
9    compared with FADV's invoicing procedures until FADV presented its Power Point
10   Presentation laying out PEI's invoicing procedures compared with FADV's invoicing
11   procedures. Moreover, while CCE knew that it was paying PEI by the tenth day of each month
12   and that there was some delay in PEI's payment of FADV (information that is readily known in
13   the background-check industry), CCE did not know the exact sequencing of payment.
14       PEI spent substantial time, skill and money in developing these procedures. FADV
15   appropriated and used PEI's invoicing and payment procedures at little or no cost to FADV.
16   Moreover, FADV's use of PEI's invoicing and payment procedures was without the
17   authorization or consent of PEI. PEI has been injured by FADV's conduct because FADV's
18   disclosure of PEI's invoicing and payment procedures to CCE representatives caused CCE to
19   seek unduly favorable concessions from PEI, which in turn had the effect of reducing, or
20   eliminating, PEI's profits. While CCE was aware of PEI's invoicing procedures, it did not know
21   PEI's invoicing procedures relative to FADV's invoicing procedures until FADV presented its
22   Power Point Presentation to CCE in March 2006. Moreover, while CCE knew that it was
23   paying PEI by the tenth day of each month and that there was some delay in PEI's payment of
24   FADV, CCE did not know the exact sequencing of payment. FADV sought to use PEI's
25   payment procedures to demonstrate to CCE that PEI was delayed in its payments to FADV.

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTERCLAIMANT PRIVATE EYES, INC.'S AMENDED MOTION FOR LEAVE TO FILE A THIRD AMENDED COUNTERCLAIM TO ADD CLAIMS FOR VIOLATION OF THE CALIFORNIA UNFAIR TRADE SECRETS ACT AND COMMON LAW UNFAIR COMPETITION Case No.: C 07-02424 SC

6/27/08 (25420) #304754.1

As a direct and proximate result of the foregoing, PEI has sustained damages in the amount of past and future lost profits that will be determined by expert testimony, but which is expected to amount to no less than $1 million dollars per year that the PEI and CCE relationship would have continued but for FADV's acts of unfair competition (for a period not less than five years). Revised Third Amended Counterclaim ¶¶ 91-97.

For the same reasons stated above, none of the factors allowing denial of leave to amend are present; thus, the Court should grant PEI leave to amend to assert a claim for common law unfair competition.

## IV. CONCLUSION

Given counsel for PEI's recent substitution of counsel, and the policy in favor of liberally granting leave to amend, the Court should grant leave to file a Revised Third Amended Counterclaim correcting the deficiencies in the previous Counterclaims, and adding claims for violation of CUTSA, common law unfair competition, and factual references to the impact of PEI's WBENC certification.

Dated: June 27, 2008

FITZGERALD ABBOTT & BEARDSLEY LLP

By _____
Richard T. White
Attorneys for Defendant and Counterclaimant,
PRIVATE EYES, INC.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTERCLAIMANT PRIVATE EYES, INC.'S AMENDED MOTION FOR LEAVE TO FILE A THIRD AMENDED COUNTERCLAIM TO ADD CLAIMS FOR VIOLATION OF THE CALIFORNIA UNFAIR TRADE SECRETS ACT AND COMMON LAW UNFAIR COMPETITION Case No.: C 07-02424 SC
6/27/08 (25420) #304754.1