RICHARD T. WHITE #58622
WILLIAM E. ADAMS #153330
SARA N. PASQUINELLI #233512
FITZGERALD ABBOTT & BEARDSLEY LLP
1221 Broadway, 21st Floor
Oakland, California 94612
Telephone: (510) 451-3300
Facsimile: (510) 451-1527
Email: rwhite@fablaw.com; wadams@fablaw.com;
spasquinelli@fablaw.com

Attorneys for Defendant and Counterclaimant,
PRIVATE EYES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PRIVATE EYES, INC., a California corporation, DOES 1-10<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No.: C 07-02424 SC<br><br>**COUNTERCLAIMANT PRIVATE EYES' REPLY IN SUPPORT OF AMENDED MOTION FOR LEAVE TO FILE A THIRD AMENDED COUNTERCLAIM TO ADD CLAIMS FOR VIOLATION OF THE CALIFORNIA UNFAIR TRADE SECRETS ACT AND COMMON LAW UNFAIR COMPETITION**<br>[F.R.C.P. 15]<br><br>Date:    July 25, 2008<br>Time:    10:00 a.m.<br>Dept.:   Courtroom 1<br><br>Hon. Samuel Conti<br>Complaint Filed: May 4, 2007<br>Original Counterclaim Filed: June 22, 2007 |

---

COUNTERCLAIMANT PRIVATE EYES' REPLY IN SUPPORT OF AMENDED MOTION FOR LEAVE TO
FILE A THIRD AMENDED COUNTERCLAIM  CASE NO. C 07-02424 SC
7/18/08 (25420) #306050.1

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF ISSUES TO BE DECIDED ....................................................................1

III. PROCEDURAL BACKGROUND ........................................................................................2

IV. ARGUMENT..........................................................................................................................2

    A. The Court Should Grant PEI Leave to Amend Because PEI Has Corrected Prior Deficiencies in its Counterclaim..............................................................................4

    B. The Court Should Grant PEI Leave to Amend Because PEI Has Not Unduly Delayed in Asserting its New Claims and Prejudice Will Result if PEI is Not Allowed to File its [Proposed] Third Amended Counterclaim..........5

    C. PEI's Proposed Amendments are Not Futile....................................................................7

        1. PEI's First Count for Breach of Contract is Not Futile Because It Sufficiently States a Claim for Breach of Contract ................................7

        2. PEI Fifth Count for Intentional Interference with Prospective Economic Advantage Does Not Violate the Court's March 5, 2008, Order and Sufficiently States a Claim for Trade Libel..................8

        3. PEI's Sixth Count for Fraud-False Promise Adequately Pleads a Claim for Fraud................................................................................12

        4. PEI's Tenth Count Sufficiently Stated a Claim for Common Law Unfair Competition ..........................................................................14

V. CONCLUSION.....................................................................................................................15

i.

COUNTERCLAIMANT PRIVATE EYES' REPLY IN SUPPORT OF AMENDED MOTION FOR LEAVE TO FILE A THIRD AMENDED COUNTERCLAIM  CASE NO. C 07-02424 SC
7/18/08 (25420) #306050.1

## TABLE OF AUTHORITIES

Page

### Cases

Arista Records, Inc. v. Flea World, Inc.
    356 F.Supp.2d 411, 419-421 (D.N.J. 2005).................................................................3, 4

Astro Music, Inc. v. Eastham
    564 F.2d 1236 (9th Cir. 1977) ...........................................................................................12

Balboa Ins. Co. v. Trans Global Equities
    218 Cal.App3d 1327............................................................................................................14

Bell Atlantic Corp. v. Twombly
    550 U.S. ----, 127 S.Ct. 1955, 1965 (2007) .......................................................................3

Chodos v. West Pub'lg Co.
    292 F.3d 992, 1003 (9th Cir. 2002) ...................................................................................5

City Solutions, Inc. v. Clear Channel Communications, Inc.
    365 F.3d 835, 842 (9th Cir. 2004) ...................................................................................14

Clark v. America's Favorite Chicken Co.
    896 F.Supp. 611 (E.D. La. 1995)..................................................................................3, 4

Conley v. Gibson
    355 U.S. 41, 48 (1957).........................................................................................................3

Conrad v. Bank of Am.
    (1996) 45 Cal.App.4th 133 ................................................................................................13

DCD Programs, Ltd. v. Leighton
    833 F.2d 183, 185-187 (9th Cir.1987)..............................................................................2

DM Research v. College of American Pathologists
    170 F.3d 53, 55-56 (1st Cir. 1999) ....................................................................................3

Edward Lifesciences LLC v. Cook Inc
    2008 WL 913328 at *2 .......................................................................................................5

Eminence Capital, LLC v. Aspeon, Inc.
    316 F.3d 1048, 1052 (9th Cir. 2003) ............................................................................2, 3

Grosz v. Lassen Cmty. Coll. Dist
    2008 WL 2119923 (E.D. Cal. May 20, 2008) ..............................................................4, 6

Harrison v. Rubin
    174 F.3d 249, 252-253 (D.C. Cir. 1999)...........................................................................5

ii.

Hip Hop Beverage Corp. v. RIC Representcoes Importacao
    e Comercio Ltda.
    220 F.R.D. 614, 622 (C.D. Cal. 2003) ............................................................... 6

Johnson v. Pacific Gas Elec.
    1997 WL 273854, *7 ......................................................................................... 6

Lockheed v. Network Solutions, Inc.
    194 F.3d 980, 986 (9th Cir. 1999) ..................................................................... 3

Lowrey v. Tex. A & M Univ. Sys.
    117 F.3d 242, 245 (5th Cir.1997) ...................................................................... 3

Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.
    992 F.2d 1171 (11th Cir.1993) .......................................................................... 4

Mir v. Fosburg
    646 F.2d 342, 347 (9th Cir. 1980) ..................................................................... 6

Morongo Band of Mission Indians v. Rose
    893 F.2d 1074 (9th Cir. 1990) ....................................................................... 2, 6

Owens v. Kaiser Foundation Health Plan
    244 F.3d 708, 712 (9th Cir. 2001) .................................................................. 3, 4

Swierkiewicz v. Sorema N.A.
    534 U.S. 506, 512 (2002) ................................................................................... 3

**Other Authorities**

Fed.R. Civ.P
    Rules 8 and 9 .................................................................................................. 3, 7
    Rule 8(a)(2) ................................................................................................... 3, 13
    Rule 9(b) ....................................................................................................... 3, 13
    Rule 12(b)(6) ................................................................................................... 3, 7
    Rule 15(a)(2) ....................................................................................................... 2
    Rule 56 .............................................................................................................. 15

Restatement (Second) of Torts
    § 623A ........................................................................................................... 9, 10
    § 626 ............................................................................................................. 10, 12
    § 630 ............................................................................................................. 11, 12

Defendant and Counterclaimant PRIVATE EYES, INC. (hereinafter "PEI") hereby respectfully submits the following Reply in support of its Amended Motion for Leave to File a Third Amended Counterclaim:

## I. INTRODUCTION

What has been lost in the dispute over the pleadings is that FADV has willfully taken advantage of PEI based on its status as a certified Women Owned Business, and the first sole source provider of background check services to Coca-Cola Enterprises ("CCE"). PEI subcontracted specific services to be rendered to CCE to FIRST ADVANTAGE BACKGROUND SERVICES CORP. (hereinafter "FADV"). In violation of the parties' agreement to the contrary, FADV directly solicited business from CCE. FADV also improperly disclosed PEI's confidential information in an effort to oust PEI and obtain business directly from CCE. PEI's new counsel seeks to correct the deficiencies contained in the previous Counterclaims. Moreover, PEI's new counsel seeks to include claims that were previously overlooked by PEI's former counsel to ensure that the most salient issues are included in the operative pleading.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether this Court should grant PEI leave to amend since new counsel has in good faith attempted to correct the deficiencies of previous Counterclaims?

2. Whether this Court should grant PEI leave to amend because new counsel has not unduly delayed in asserting new claims and the balance of prejudice weighs in PEI's favor?

3. Whether this Court should grant PEI's leave to amend because its First Count for Breach of Written Contract is not futile and sufficiently states a claim for breach of contract?

4. Whether this Court should grant PEI's leave to amend because its Fifth Count for Intentional Interference with Prospective Economic Advantage is not futile and sufficiently alleges trade libel given FADV's disparagement of PEI's services?

5. Whether this Court should grant PEI's leave to amend because its Sixth Count for Fraud-False Promise is not futile and states a claim with sufficient particularity.

6. Whether this Court should grant PEI's leave to amend because its Tenth Count for Common Law Unfair Competition is not futile and sufficiently states a claim?

### III. PROCEDURAL BACKGROUND

The procedure relating to PEI's previous Counterclaims and FADV's Motions to Dismiss is well known to this Court.[1] On June 6, 2008, the law firm of Fitzgerald Abbott & Beardsley LLP substituted as counsel for PEI. Document 80. On June 20, 2008, the parties stipulated that PEI would withdraw the pending Motion for Leave to Amend and attached [Proposed] Third Amended Counterclaim, and instead file an Amended Motion and Amended [Proposed] Third Amended Counterclaim (hereinafter "[Proposed] Third Amended Counterclaim") to remedy the defects contained in the previous Counterclaims. Document 83. The Court then ordered that Plaintiff's Motion to Dismiss and Strike PEI's Second Amended Counterclaim and PEI's Amended Motion for Leave to file a Third Amended Counterclaim be heard on July 25, 2008. Document 85.

### IV. ARGUMENT

Federal Rules of Civil Procedure ("FRCP") Rule 15(a)(2) requires courts to freely grant leave "when justice so requires." This policy is applied with extreme liberality. See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Courts consider four factors when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment do not exist. Id. The Ninth Circuit has held, however, that not all of the factors relating to consideration of the grant of leave to amend merit equal weight. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "It is the consideration of prejudice to the opposing party that carries the greatest weight." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185-187 (9th Cir.1987) (the party opposing amendment "bears the burden of showing prejudice"). Absent prejudice, or a strong showing of any of the remaining factors, there exists a *presumption* under Rule 15(a) in

---

[1] PEI hereby incorporates by reference its previous procedural statements. Documents 27, 41, 64, 69.

2.
COUNTERCLAIMANT PRIVATE EYES' REPLY IN SUPPORT OF AMENDED MOTION FOR LEAVE TO FILE A THIRD AMENDED COUNTERCLAIM CASE NO. C 07-02424 SC
7/18/08 (25420) #306050.1

favor of granting leave to amend. See <u>Lowrey v. Tex. A & M Univ. Sys.</u>, 117 F.3d 242, 245 (5th Cir. 1997), emphasis added. Indicators of prejudice include "a need to reopen discovery or the addition of complaints or parties." <u>Eminence</u>, 316 F.3d at 1109; citing <u>Lockheed v. Network Solutions, Inc.</u>, 194 F.3d 980, 986 (9th Cir. 1999). When there has been a substitution of counsel, and counsel has promptly moved for leave to amend the pleadings, courts have granted leave to amend where there is no prejudice. See generally <u>Owens v. Kaiser Foundation Health Plan</u>, 244 F.3d 708, 712 (9th Cir. 2001); <u>Clark v. America's Favorite Chicken Co.</u>, 896 F.Supp. 611, 615-616 (E.D. La. 1995); <u>Arista Records, Inc. v. Flea World, Inc.</u>, 356 F.Supp.2d 411, 419-421 (D.N.J. 2005).

FRCP Rules 8 and 9 set forth the requisite pleading standards in federal court. FRCP Rule 8(a)(2), requires parties to assert "a short plain statement of the claim showing that the pleader is entitled to relief." The statement need not include *evidentiary details*, but the plaintiff must allege a factual predicate concrete enough to warrant further proceedings. See <u>DM Research v. College of American Pathologists</u>, 170 F.3d 53, 55-56 (1st Cir. 1999), emphasis added. FRCP Rule 9(b) requires that the pleader state with particularity the circumstances constituting fraud or mistake. However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The purpose of notice pleading is to allow the litigation to focus on the merits of a claim; pleadings should not be dismissed for technical defects. <u>Conley v. Gibson,</u> 355 U.S. 41, 48 (1957). There are other devices available to define the facts and dispose of unmeritorious claims, including discovery, pretrial conference, and summary judgment motions. See <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002).

To survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. ----, 127 S.Ct. 1955, 1965 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment]' to relief' requires more than labels and conclusions, and a formulaic recitation of the

1 elements of a cause of action will not do." Id. at 1964-65. Taking the facts as true, a court may
2 grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of
3 the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall
4 Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir.1993).

   A. **The Court Should Grant PEI Leave to Amend Because PEI Has Corrected Prior Deficiencies in its Counterclaim**

   FADV expends a great deal of effort chastising PEI's former counsel and its failure to heed the Court's Orders when amending its previous Counterclaims. As fully discussed in its moving papers, new counsel for PEI concedes that PEI's former counsel improperly amended its Counterclaims to include claims and portions thereof dismissed by the Court with prejudice, and by failing to include claims invited by the Court. Accordingly, PEI seeks to file its [Proposed] Third Amended Counterclaim to correct such errors.[2] Documents 86-89.

   FADV cites the Grosz v. Lassen Cmty. Coll. Dist, 2008 WL 2119923 (E.D. Cal. May 20, 2008) for the proposition that denial of leave to amend is proper in situations where a court has previously granted leave to amend with ample guidance to cure deficiencies. Grosz, however, did not involve a situation like this where there was a substitution of counsel after such guidance was given and where new counsel sought leave to amend to cure such deficiencies in a timely manner. See generally Owens, 244 F.3d at 712; Clark, 896 F.Supp. at 615-616 Arista Records, 356 F.Supp.2d at 419-421. The other cases cited by FADV similarly do not address circumstances where new counsel has substituted into the case, and are thus distinguishable. Document 93, p. 7. While PEI does not seek to excuse the errors of prior counsel, it beseeches this Court to exercise its discretion to allow it to file the [Proposed] Third

---

[2] In its moving papers, PEI inadvertently omitted the fact that it also removed Paragraph 33, lines 23-27 from the Second Count of the [Proposed] Third Amended Counterclaim (as requested by FADV in its Motion to Dismiss). PEI deleted Paragraph 33, lines 23-27 to ensure that its pleading conformed with the Court's March 5, 2008, Order dismissing the Seventh Cause of Action for Fraud-False Promise II that was based on the same alleged 2006 oral agreement to run billings through PEI.

Amended Counterclaim to correct the defects articulated in its previous Orders and add claims previously contemplated by this Court.

### B. The Court Should Grant PEI Leave to Amend Because PEI Has Not Unduly Delayed in Asserting its New Claims and Prejudice Will Result if PEI is Not Allowed to File its [Proposed] Third Amended Counterclaim

FADV admits that PEI's new counsel is "not responsible for the four prior versions of PEI's counterclaim." FADV later maintains, however, that the "undue and unreasonable nature of the delay" in asserting new claims is not "mitigated by the appearance of new counsel." Document 93, pp. 5-6. FADV claims of undue delay, however, are unfounded. Since its substitution just over one month ago, PEI's new counsel has painstakingly examined the Court's previous Orders and FADV's prior objections to the pleadings in an effort to remedy its Counterclaim. PEI's [Proposed] Third Amended Counterclaim is the culmination of this effort.

FADV cites various cases for the proposition that courts generally do not look favorably upon the assertion of new legal theories when the parties have known the factual basis of those claims. Edward Lifesciences LLC v. Cook Inc. 2008 WL 913328 at *2; Chodos v. West Pub'lg Co., 292 F.3d 992, 1003 (9th Cir. 2002). Again, these cases are distinguishable because they do not address the situation presented here where there is new counsel that has expediently taken steps to remedy deficiencies in the pleadings. Moreover, courts have held that where "an amendment would do no more than clarify legal theories or make technical corrections, delay, without a showing of prejudice is not a sufficient ground for denying a motion for leave to amend." See Harrison v. Rubin, 174 F.3d 249, 252-253 (D.C. Cir. 1999).

FADV has further asserted that it has and will be prejudiced if the Court grants leave to amend because "PEI has repeatedly changed its theories of recovery" and "[t]his has prevented FADV from taking any meaningful written discovery or depositions to move this case forward." FADV also summarily states that PEI will *not* be prejudiced if the Court "ruled upon the sufficiency of the SAC." Emphasis added. As legal support, FADV again cites the Grosz case and contends that courts have found prejudice where a party has been granted numerous

5.
COUNTERCLAIMANT PRIVATE EYES' REPLY IN SUPPORT OF AMENDED MOTION FOR LEAVE TO FILE A THIRD AMENDED COUNTERCLAIM  CASE NO. C 07-02424 SC
7/18/08 (25420) #306050.1

opportunities to cure the defects in its claim but fails to do so. For the same reasons stated above, Grosz is distinguishable. FADV also cites Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir. 1980) and Johnson v. Pacific Gas Elec., 1997 WL 273854, *7. These cases are also distinguishable not only because they fail to address a situation such as this where new counsel has substituted in and undertaken all efforts to cure the defects in a timely and non-prejudicial manner, but also because the respective parties in those cases waited until the case was on *appeal* and *one month prior to trial* to seek leave to amend. See generally Id. That is not the case here, where new counsel has promptly taken efforts to cure prior defects and trial of this matter is over five months away.

The Ninth Circuit has found that there is no prejudice where the new issues raised are substantially related to the issues already in the suit, and the new claims are similar or the same. In such instances, the amendment does not greatly alter the scope of litigation. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda., 220 F.R.D. 614, 622 (C.D. Cal. 2003). Requiring a slight adjustment of a discovery plan in light of the addition of proposed counterclaims does not constitute unfair prejudice. Hip Hop Beverage, 220 F.R.D. at 622. While FADV claims that PEI "has repeatedly changed its theories of recovery" and it has been prevented from "taking meaningful discovery," PEI's new claims are similar and the new issues raised are substantially related to the issues already in this action. Accordingly, the scope of the litigation will not be substantially changed. See Document 88, ¶9, 10.

In addition, there is no prejudice to FADV because the parties will not be forced to reopen discovery. On the contrary, the parties have just commenced the discovery process. FADV has propounded two sets of Requests for Production, as well as seventeen Interrogatories. PEI has responded and it also plans to propound its own discovery by July 18, 2008. See Document 88, ¶9, 10. Since initial discovery is underway, FADV has failed to demonstrate that any delay on PEI's part to assert new claims will prejudice FADV or that any discovery already completed needs to be redone. Further, FADV has disregarded the prejudice

PEI will suffer if this Court denies leave to amend and forces the parties to proceed on the deficient Second Amended Counterclaim, which would preclude PEI's ability to assert timely and meritorious claims. Thus, this Court should grant PEI leave to file its [Proposed] Third Amended Counterclaim.

### C. PEI's Proposed Amendments are Not Futile

FADV's contentions that PEI's proposed amendments to its First, Fifth, Sixth, and Tenth Counts are futile focus on the sufficiency of the *evidence*, not the ultimate *facts* alleged to support the claims. As previously discussed, FADV's arguments are not properly the focus of a motion to dismiss pursuant to FRCP Rule 12(b)(6), but rather are appropriate, if at all, on a motion for summary judgment *after* discovery has been conducted, and thus should be wholly disregarded at this stage by the Court.

#### 1. PEI's First Count for Breach of Contract is Not Futile Because It Sufficiently States a Claim for Breach of Contract

FADV claims that PEI's First Count fails to state a claim for breach of contract because "satisfactory performance" was not a "term" of the contract. FADV further asserts that PEI has failed to adequately plead the existence of "unsatisfactory performance" on the part of FADV. Document 93, pp. 8-9. By these assertions, FADV attempts to enlarge the notice pleading requirements set forth above in FRCP Rule 8, and require PEI to offer *proof* at this stage that "satisfactory performance" was a term of the contracts at issue and that FADV performed its services in an "unsatisfactory" manner. Moreover, in its Responses to FADV's First Set of Interrogatories served June 27, 2008, Interrogatories 2, 3 and 4, PEI provided specific incidents of FADV's unsatisfactory performance over six pages. No new or repeated discovery is required on this issue. Accordingly, this Court should ignore FADV's efforts to confuse the clearly established legal requirements of notice pleadings, and grant leave to file PEI's [Proposed] Third Amended Counterclaim.

### 2. PEI Fifth Count for Intentional Interference with Prospective Economic Advantage Does Not Violate the Court's March 5, 2008, Order and Sufficiently States a Claim for Trade Libel

FADV argues that PEI has violated the Court's March 5, 2008 Order holding that: "Private Eyes may not, in amending its pleading, add new wrongful acts as possible foundations for the intentional interference claim. If Private Eyes chooses to amend the claim, it shall be limited to the claim based on trade libel." See Document 46, p. 13, lines 4:7, 53, 74. Specifically, FADV argues that PEI changed the subject of the defamatory statement from "falsely stating that PEI was incompetent to perform services for CCE and that FA could do a superior job" to "falsely stating that Sandra James was a liar." FADV contends that such change from an imputation of incompetence to one of dishonesty violated the Court's Order because PEI was limited to the allegations set forth in its First Amended Counterclaim relating to trade libel. Documents 53, 74.

FADV improperly seeks to narrow the language of the Court's March 5, 2008 Order. The Court's Order explicitly states that PEI may "not add new wrongful acts . . . it shall be limited to the claim based on trade libel." See Document 46, p. 13, lines 4:7. The Court did not further limit PEI's ability to amend its Fifth Count based on trade libel. If the Court intended to restrict PEI's ability to expand upon the false statements asserted to support its trade libel claim, it could have ruled that PEI would be limited to *the false statements previously asserted*. Since the Court did not restrict PEI's ability to *expand upon* the false statements, PEI's enlargement of FADV's false statements in PEI's Second Amended Counterclaim and [Proposed] Third Amended Counterclaim was proper.

Further, PEI does not seek, as FADV claims, to change the "alleged statement of 'incompetence' to 'dishonesty,'" rather PEI seeks to comply with the Court's previous orders and flesh out its claim of trade libel. Documents 53, 74. PEI agrees with former counsel's arguments to the extent he argued that statements imputing dishonesty and incompetence are not mutually exclusive. Document 69, pp. 6-9. As set forth in PEI's Second Amended Counterclaim and the [Proposed] Third Amended Counterclaim, Steven Flack of FADV falsely

8.

stated that Sandra James had offered to pass along to CCE "all discounts" that FADV provided to PEI for services. When Teresa Higdon told Steven Flack that PEI offered no such discount, Steven Flack stated that Sandra James "is a liar and cannot be trusted." Steven Flack's statements were false because Sandra James, on behalf of PEI, never offered to pass along all discounts to CCE. Documents 47, ¶52; 89, Exhibit A, ¶56. Further, Steven Flack's statement imputed dishonesty to PEI and called into question its ability to competently provide services to CCE.

Steven Flack's statement was particularly injurious because PEI is in the business of providing high-quality, high-integrity background checks. CCE, as well as PEI's other clients, depend upon the quality and integrity of PEI, as a Women Owned Business, and specifically Sandra James, as the woman in charge of PEI. These companies entrust their employees' confidential information to PEI, and expect that PEI, as their background checker, operate impeccably. Document 89, Exhibit A, ¶56. For Steven Flack to call Sandra James, in her capacity as President of PEI, "a liar" directly calls into doubt PEI's integrity and ability to perform the specialized services CCE sought from PEI. Id. Accordingly, Steven Flack's statement not only imputed dishonesty to PEI, but also called into question its competency to service CCE. Therefore, dishonesty and incompetence, in this situation, cannot be mutually exclusive.

FADV also attempts to improperly narrow the scope of an action for trade libel by asserting that "PEI still has not alleged that First Advantage made a statement disparaging the quality of its product or services." FADV further charges that PEI "has not cited any authority to support its position that false statements made about an individual employee can constitute trade libel." Document 93, pp. 9:20-10:2, 10:15-18. The Restatement Second of Torts Sections 623A and 626 address trade libel. Section 623A states, "[o]ne who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if (a) he intends for publications of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and

(b) he knows that the statement is false or acts in reckless disregard of its truth or falsity. Restatement (Second) of Torts § 623A.

Section 626 states that "[t]he rules on liability for the publication of an injurious falsehood stated in § 623A apply to the publication of matter disparaging the quality of another's land, chattels, or intangible things, that the publisher should recognize as likely to result in pecuniary loss to the other through the conduct of a third person in respect to the other's interests in property. Restatement (Second) of Torts § 626. Comment g to Section 623A discusses the overlap between the torts of defamation and injurious falsehood. While the Restatement acknowledges that these two torts are similar in that they both "involve the imposition of liability for injuries sustained through publication to third parties of a false statement," they differ in that defamation protects the *personal reputation* of the injured party, and injurious falsehood *protects economic interests* of the injured party against pecuniary loss. Restatement (Second) of Torts § 623A, Comment g, emphasis added. There are more stringent requirements for pleading injurious falsehood, such as falsity of the statement, fault of the defendant and proof of damage. Id. Restatement Section 623A, Comment g of further states that:

> Although the torts of defamation and injurious falsehood protect different interests, they may overlap in some fact situations . . . If the statement reflects merely upon the quality of what the plaintiff has to sell or solely on the character of his business, then it is injurious falsehood alone. Although it might be possible to imply some accusation of personal incompetence or inefficiency in nearly every imputation directed against a business or a product, the courts have insisted that something more direct than this is required for defamation. On the other hand, if the imputation fairly implied is that the plaintiff is dishonest or lacking in integrity or that he is perpetrating a fraud upon the public by selling something that he knows to be defective, the personal defamation may be found." Restatement (Second) of Torts § 623A, Comment g.

Here, PEI has only alleged a claim for trade libel; it does not seek recovery for defamation. PEI's [Proposed] Third Amended Counterclaim states sufficient facts to establish a claim for trade libel pursuant to both Section 623A and 626 of the Restatement. PEI asserts the falsity of the statements made by Steven Flack to Teresa Higdon regarding PEI's alleged failure to offer discounts to CCE that FADV passed on to PEI. PEI also establishes that in this same context, Steven Flack called Sandra James, as President of PEI "a liar and cannot be trusted,"

which is false since Sandra James never made such a promise to CCE, so in fact was not a liar and could be trusted. PEI has also asserted that Steven Flack was at fault in making such false statements since he knew the falsity of such statements and intended that his publication of the statement result in pecuniary harm to interests of PEI. Moreover, PEI sufficiently states special damages demonstrated by the amount of business PEI had from CCE prior to the false statement compared to the decreased billings it had from CCE after the time of the false statement. Document 89, Exhibit A, ¶56.

While PEI has not found any authority supporting the position that statements made about an individual employee can constitute trade libel, PEI has been unable to find any authority to the contrary. Since PEI was certified as a Women Owned Business at the specific request of CCE and since it was CCE's *first and only* sole source provider of background checks, any false statements made to CCE about Sandra James, in her capacity as PEI's President, can only be construed to pertain directly to PEI's products and services, as well as its business in general. CCE chose PEI to be its first sole source provider because of its status as a certified Women Owned Business, and specifically because of the integrity of Sandra James as PEI's President. For FADV to assert that PEI failed to offer discounts to CCE that FADV provided to PEI, imputes both dishonesty and incompetence to PEI. Moreover, FADV's false statement that Sandra James, the President and sole proprietor of PEI "is a liar and cannot be trusted" within this same context, constitutes trade libel since the false statements go to the very essence of PEI's business and why CCE chose PEI to be its sole source provider.

Another example where a claim of trade libel may be proper is where one makes a false statement about the legal services and the integrity and competency of a sole proprietor of a law firm. In such a situation, the false statements that Lawyer Jones "is a liar and cannot be trusted" damages both Lawyer Jones and the Law Offices of Lawyer Jones. Such false statements pertain not only to the services offered by the sole proprietor, but also to the integrity of that business. While the sole proprietor may bring claims for personal defamation, the Law Offices of Lawyer Jones may proceed on a trade libel claim. That is precisely what PEI seeks to do.

Finally, FADV is incorrect that the false statements, upon which a trade libel claim is based must be in writing. Section 630 of the Restatement Second of Torts states that "publication of an injurious falsehood is its communication intentionally or by a negligent act to someone other than the person whose interest is affected." Section 630, Comment b notes "the manner in which the injurious falsehood is communicated is immaterial. It is generally communicated by words written or *spoken* that assert the statement." Restatement (Second) Torts § 630, Comment b, emphasis added. Moreover, the Reporter's Note to Restatement section 626 states "[t]he term "trade libel" does not mean that the publication must be in writing." Restatement (Second) Torts § 626, Reporter's Note, citing Astro Music, Inc. v. Eastham, 564 F.2d 1236 (9th Cir. 1977). PEI agrees with former counsel's assertion that the federal cases cited by FADV in its previous Motions to Dismiss are inapposite since they misinterpret California law relating to the "publication" requirement of trade libel. Document 69, pp. 7-8.

Based on the foregoing, PEI's expansion upon the facts supporting its trade libel claim does not violate the Court's March 5, 2008 Order. In addition, PEI sufficiently states a claim for trade libel given that FADV's false statements to CCE called into serious question PEI's ability to provide services to CCE in both an honest and competent fashion. Therefore, the Court should grant PEI's Amended Motion for Leave to File its [Proposed] Third Amended Counterclaim, and allow its Fifth Count to survive.

### 3. PEI's Sixth Count for Fraud-False Promise Adequately Pleads a Claim for Fraud

FADV contends that PEI has "changed the theory of its fraud claim" and that it fails to "plead each element of fraud with the required specificity." Document 93, p. 11: 2-9. While PEI deleted portions of the Sixth Count based on the Court's prior Orders and included additional facts relating to FADV's March 2006 disclosure of PEI's confidential and proprietary information, PEI has not "changed the theory of its fraud claim." PEI's fraud claim remains premised upon FADV and its predecessor-in-interest's original promises not to disclose PEI's

confidential information in March 2002 and October 2003, as well as Hayley Hitchcock's subsequent promise never to again disclose PEI's confidential and proprietary information in June 2005.[3]

FADV again improperly attempts to hold PEI to a standard of "proof" at the pleading stage. FADV cites Conrad v. Bank of Am., 45 Cal.App.4th 133, 156 (1996) stating that PEI "must plead and *prove* in full, factually and specifically, all of the elements of the cause of action." Emphasis added. While this standard may apply at trial, at the pleading stage, PEI is merely required to specifically plead each element of its fraud claim; that is it "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Contrary to FADV's assertions, PEI has specifically pleaded each element of a fraud claim. In fact, this Court previously found that PEI had sufficiently pleaded each element of its fraud claim based on FADV's promise not to disclose PEI's confidential information, to the extent not based on trade secret. Document 46, pp. 17-24. Since the Court's ruling, PEI has amended its pleading to include FADV's additional disclosure of PEI's confidential information in 2006, and a higher damages figure (from $500,000 to approximately $1,000,000, per year for a period not less than five years). Contrary to FADV's assertions, whether or not PEI's invoicing and payment procedures are "confidential information," and the exact figure of damages are matters to be fleshed out in discovery and to ultimately be proven at trial, and do not alter the Court's prior ruling that PEI sufficiently alleged a fraud claim. FADV's March 2006, 21-Page PowerPoint Presentation alleged in paragraph 67 (White Decl., Ex.A) is direct evidence supporting this claim. Thus, since PEI has not "changed its theory" on which it bases its fraud claim, this Court should grant PEI's Amended Motion for Leave to File its [Proposed] Third Amended Counterclaim, and allow PEI's Sixth Count to stand.

---

[3] While this issue was not raised by FADV in its Opposition, PEI would like to clarify that in the process of deleting portions of the Sixth Claim in its [Proposed] Third Amended Counterclaim that violated the Court's Orders, PEI inadvertently included the word "promise" in its singular form in paragraphs 62-67, 69, and 70. Instead, "promise" in these paragraphs should read "promises."

13.
COUNTERCLAIMANT PRIVATE EYES' REPLY IN SUPPORT OF AMENDED MOTION FOR LEAVE TO FILE A THIRD AMENDED COUNTERCLAIM  CASE NO. C 07-02424 SC
7/18/08 (25420) #306050.1

### 4. PEI's Tenth Count Sufficiently Stated a Claim for Common Law Unfair Competition

FADV once more confuses the level of specificity required to plead an action for common law unfair competition. PEI is merely required to comply with FRCP Rule 8(a)(2) when pleading its unfair competition claim. Accordingly, PEI must state facts (1) that PEI invested substantial time, skill or money in developing the property; (b) that FADV appropriated and used PEI's property at little or no cost to it; (c) that FADV's appropriation and use of PEI's property was without the authorization or consent of PEI; and (d) that PEI was injured by FADV's conduct. City Solutions, Inc. v. Clear Channel Communications, Inc., 365 F.3d 835, 842 (9th Cir. 2004), citing Balboa Ins. Co. v. Trans Global Equities, 218 Cal.App3d 1327, 1342. Here, PEI has properly asserted each of the elements of a claim for common law unfair competition. Contrary to FADV's assertions, more specific facts supporting each of the elements of PEI's claim for common law unfair competition are properly elucidated during the discovery process, not during the pleading stage.

FADV further attacks the strength of PEI's alleged *legal arguments* and *evidence*, as opposed to the sufficiency of its *pleading*. Examples of these misplaced statements by FADV include: "PEI's *claims of confidentiality ring hollow*;" "PEI has not stated any facts supporting *its conclusory statement* that it used substantial time, skill or money to develop the payment and invoicing procedures;" "*PEI's claim* that its invoicing and payment procedures are confidential *strains credulity*; " "It is *logically impossible* for something to be readily known and confidential at the same time;" and that "*PEI's bold assertion* that it invested substantial time, skill and money to develop the twelve day delay between the time PEI received payment is *conclusory and unsupported*;" "PEI also *stated in a conclusory fashion* that, as a result of the disclosure of the twelve day delay in payment, CCE sought concessions from PEI which then had the effect of eliminating or reducing PEI's profit;" and "It *has not identified the concessions sought by PEI* or how *those concessions directly related to the disclosure* of the twelve day delay in payment." Emphasis added.

FADV's attacks, however, are not proper at this stage in the pleading. The strength of PEI's claim for common law unfair competition and the evidence it has to support this claim will be tested during the discovery process and at the point FADV chooses to file an *actual* motion for summary judgment pursuant to FRCP Rule 56, not a motion to dismiss pursuant to FRCP Rule 12(b)(6). Indeed, the Paragraph 92 reference to FADV's March 2006, 21-page PowerPoint Presentation (White Decl., Ex. A) fully supports this claim from a factual perspective, which is far more than required at this pleading stage. Given that PEI has sufficiently stated the factual predicate of its claim for common law unfair competition, that is, PEI has provided notice to FADV of the factual bases of this claim, this Court should grant PEI's Amended Motion for Leave to File its [Proposed] Third Amended Counterclaim, and allow PEI's Tenth Count to stand.

## V. CONCLUSION

By its motion, PEI is not requesting that the December 8, 2008 trial date be changed or that the existing schedule for discovery, disclosure of experts and motion practice be modified. There is no need caused by the requested filing of its [Proposed] third Amended Counterclaim. Thus, given counsel for PEI's recent substitution of counsel, and the policy in favor of liberally granting leave to amend, the Court should grant PEI leave to file its [Proposed] Third Amended Counterclaim correcting the deficiencies in the previous Counterclaims, and adding claims for violation of CUTSA, common law unfair competition, and factual references to the impact of PEI's WBENC certification.

Dated: July 18, 2008

FITZGERALD ABBOTT & BEARDSLEY LLP

By _____
Richard T. White
Attorneys for Defendant and Counterclaimant,
PRIVATE EYES, INC.